UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SAMAD BROTHERS, INC.,

                Plaintiff,

    -against-

BOKARA RUG CO., INC., JAN SOLEIMANI, and
GABRIEL VAKNIN,

                Defendants.

------------------------------------------------------------------------ x

ECF Case

No. 09-CV-5843 (JFK) (KNF)

# DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR LEAVE TO SERVE A FOURTH AMENDED COMPLAINT

**COWAN, LIEBOWITZ & LATMAN, P.C.**

1133 Avenue of the Americas
New York, New York 10036-6799
(212) 790-9200

Attorneys for Defendants

## Preliminary Statement

Over seven months after the Court's deadline for amendments to pleadings, and hard on the heels of serving its fourth version of the Complaint, plaintiff now moves for leave to amend yet again. By its own admission, plaintiff had most of the facts on which it bases its motion four months ago. Plaintiff's decision to wait until now to seek leave to serve a fifth version of its complaint displays a lack of diligence that dooms this motion under the strict standards of Rule 16.

## The Legal Standard

The Court, having recently adjudicated plaintiff's last motion to amend, needs little reminder on the standards on this motion. As it held in its opinion of June 30, "In the circumstance where a party moves to amend a pleading after the deadline established by a court, for making such a motion, has elapsed, Fed. R. Civ. P. 16(b) governs, see Lowry v. Eastman Kodak Co., 14 Fed. Appx. 27, 30 (2d Cir. 2001), and the party must show 'good cause' before leave to amend may be granted. Fed. R. Civ. P. 16(b)(4); see also Parker v. Columbia Pictures Industries, 204 F.3d 326, 340 (2d Cir. 2000)." Samad Bros., Inc. v. Bokara Rug Corp., 09 Civ. 5843 at p. 4 (S.D.N.Y. June 30, 2010). Parker made clear that the burden is on the movant to show good cause. The leading commentators agree that Rule 16(b) erects a "stringent standard," [Judge] C. Richey, Rule 16: A Survey and Some Considerations for the Bench and Bar, 126 F.R.D. 599, 604 (1989). "[M]otions made after the motion deadline are untimely and may be denied solely on that basis." 3 Moore's Federal Practice § 16.14[1][a] at 16-71 (3d ed. 2009).

The requirement of good cause is not a mere matter of discretionary scheduling, but a function of the requirements of Rule 16. "Pursuant to Rule 16(b), with its mandatory language ('shall not be modified'), this motion [to amend a pleading] must be denied unless defendants demonstrate good cause"). Rent-a-Center Inc. v. 47 Mamaroneck Ave. Corp., 215 F.R.D. 100, 103 (S.D.N.Y. 2003) (four-month delay) (citing Parker v. Columbia Pictures, supra) (rejecting argument that extension of discovery reset time for amendments and denying leave to amend).

Nor does the movant satisfy its burden of proving diligence by showing lack of prejudice to its adversary. Nairobi Holdings Ltd. v. Brown Bros. Harriman & Co., 2006 U.S. Dist. LEXIS 9931 at *20 (S.D.N.Y. Mar. 10, 2006) ("the absence of prejudice...does not fulfill the good cause requirement of Rule 16(b)"; Lory v. General Elec. Co., 179 F.R.D. 86, 88-89 (N.D.N.Y. 1998). "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment."

Under these standards, as discussed more fully below, plaintiff has not carried its burden to prove its diligence and good cause for serving a fifth version of its complaint.

### Statement of Facts

The relevant facts are all on the record, are undisputed, or are taken from plaintiff's motion papers.

### A. Plaintiff's Application Is Untimely.

Plaintiff commenced this action in June 2009, and has amended its complaint three times already, once by each possible procedure: once as of right, a second time on consent[1], and a third time on motion over defendants' objection[2]. At the scheduling conference on October 6, 2009, the Court adopted the parties' proposed timetable for the balance of the case, setting a deadline of December 31 for motions to amend. Unlike plaintiff's last motion for leave to amend, which was made five weeks after the Court's deadline, this motion comes almost seven months after that deadline.

### B. Plaintiff Has Not Been Diligent In Its Latest Motion For Leave To Amend.

By plaintiff's own admission, its latest motion rests largely on information it not only could have known, but actually did know, months ago.

Plaintiff concedes that the portion of its motion to add the designs "Castille" and "Dominica" are based upon information it obtained from packing lists produced by defendants on March 3, over twenty-one weeks ago. See Pl. Br. at 3. Plaintiff concedes further that the portion of its motion relating to allegations concerning the designer Michael George is based on a deposition conducted on May 4, thirteen weeks ago. Id. at 5. These latest delays come against a background in which plaintiff waited five months after serving its initial complaint before seeking any discovery at all.

---

[1] The Second Amended Complaint was filed in September 2009, before the scheduling conference, and well before the deadline to seek leave to amend. Recognizing the liberal standard of Rule 15, which was applicable in those circumstances, defendants did not oppose that amendment. Circumstances now are very different.

[2] In granting leave for most of the amendments sought by plaintiff in its Third Amended Complaint, the Court recognized plaintiff's lack of diligence in regard to one of the designs sought to be added, and denied that portion of the motion.

4

**Argument**

## PLAINTIFF HAS NOT SHOWN GOOD CAUSE TO AMEND ITS COMPLAINT A FOURTH TIME

The simple response to plaintiff's attempt to serve a fifth version of its complaint is that enough is enough. A complaint should not be a moving target in which discovery leads to endless cycles of new allegations, followed by additional discovery, followed by yet more allegations, ad infinitum. That is why courts, like the Court here, set deadlines for amendments to pleadings before the close of discovery. In denying leave to amend a pleading, the court in Rent-a-Center held that where the "motion to amend comes four months, a substantial amount of time, after the deadline in the Scheduling Order. . . this Court has *already* given [the movant] the opportunity to amend its answer once. . . [and] this Court has also extended the discovery deadline on behalf of both parties. . . it is time for this case to move forward." 215 F.R.D. at 103-104 (emphasis in original). In this matter, the motion to amend comes seven months after the deadline, plaintiff has already amended three times, and the discovery deadline has already been extended. It is indeed time for this case to move forward.

Equally significant, plaintiff clearly fails the test of diligence, relying as it does on documents produced in March and deposition testimony elicited in early May. As such, the facts are in sharp contrast to those on plaintiff's last application, when plaintiff contended that it brought its motion soon after the deadline and promptly after obtaining documents. It has done neither here.

It is no answer for plaintiff to say that it sat by with its "newly-discovered" information because its previous motion, to serve a fourth version of its complaint, was then

5

pending. Plaintiff evidently retained that information in reserve for months, feeling it could sit back without providing notice to either defendants or the Court, rather than seeking adjudication of all its proposed amendments at the same time. As a result, plaintiff has become a serial amender, saving its information as discovery progresses, and believing it is free to return to Rule 16 as many times as it likes.

Plaintiff's other proposed amendments are no more meritorious. As for the photographs plaintiff seeks to add as new exhibits in support of its previous allegations, there is no need to delay proceedings to attach them to the complaint – they are evidence, not elements of a claim that must be pleaded, and plaintiff is free to offer them at trial.

As for the "Power" and "Twilight" designs that plaintiff seeks to add as a result of its inspection of defendant's warehouse, the facts again show the pernicious nature of serial amendments, followed by additional discovery, followed by further amendments, leapfrogging each other with no end in sight. Simply learning of facts is not enough to carry the burden; it is the movant's diligence in seeking and obtaining them that is critical. Merely to state, as plaintiff does, that it learned of these two designs in an inspection long after the deadline for amendment, is insufficient to carry its burden. Rent-a-Center Inc. v. 47 Mamaroneck Ave. Corp., supra, at 103-104. At some point, this Court must draw the line.[3]

---

[3] Defendants reject any implication that plaintiff's warehouse inspection was not in compliance with the Court's order. Plaintiff was granted timely access for six inspectors on three consecutive nights, and concluded its inspection voluntarily though permitted to return for additional days. If the inspection was difficult, time-consuming, and labor-intensive, that only confirms defendants' arguments to that effect. Nevertheless, there is no reason to believe that plaintiff's demands for further inspections, or its motions for leave to amend, are at an end.

Compliance with a scheduling order, and an ultimate end to pleading amendments, are not mere technicalities. Plaintiff's successive amendments have delayed this case while the parties remained uncertain how many designs and what theories of ownership would be in dispute.[4]

### Conclusion

Plaintiff has not met its burden of proving diligence and good cause for its most recent proposed amendments. Its request to add the "Castille" and "Dominica" designs rests on documents it reviewed in March. Its request to amend allegations relating to Michael George rests on a deposition in early May. Its request to add photographs as exhibits is unnecessary. Finally, its request to add the "Power" and "Twilight" designs only highlights its lack of diligence. Plaintiff's motion to file a fifth version of its complaint should be denied in its entirety.

Dated: New York, New York
August 2, 2010

Respectfully submitted.

COWAN, LIEBOWITZ & LATMAN, P.C.

By: _____
Ronald W. Meister (RWM@cll.com)
Benjamin Sahl (BXS@cll.com)
1133 Avenue of the Americas
New York, New York 10036
212-790-9200
Attorneys for Defendants

---

[4] Plaintiff misrepresents the relevance of Bridgeport Music, Inc. v. UMG Recordings, Inc., 248 F.R.D. 408 (S.D.N.Y. 2008), where the motion to add a number of musical compositions to those already at issue was unopposed. The language plaintiff quotes related to a different issue, joining an additional defendant.