UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

SAMAD BROTHERS, INC.,

              Plaintiff,

    -against-

BOKARA RUG CO., INC., JAN SOLEIMANI, and
GABRIEL VAKNIN,

             Defendants.

------------------------------------------------------------------- x

ECF Case

No. 09-CV-5843 (JFK) (KNF)


# MEMORANDUM IN SUPPORT OF DEFENDANTS' OBJECTION TO ORDER OF MAGISTRATE JUDGE DATED JULY 29, 2010


COWAN, LIEBOWITZ & LATMAN, P.C.

1133 Avenue of the Americas
New York, New York 10036-6799
(212) 790-9200

Attorneys for Defendants

1187627.3

# CONTENTS

|    |    | Page |
|----|----|------|
| Preliminary Statement | | 1 |
| Factual and Procedural Background | | 2 |
| The Legal Standard | | 4 |
| Summary of Argument | | 5 |
| I. | IT IS UNLIKELY THE COMMUNICATIONS ARE WORK PRODUCT | 5 |
| II. | SAMAD CANNOT USE ITS COMMUNICATIONS WITH KAPOOR AS A SWORD AS WELL AS A SHIELD | 6 |
| III. | SAMAD HAS WAIVED ANY PRIVILEGE | 7 |
| IV. | DEFENDANTS HAVE SUBSTANTIAL NEED FOR THE DOCUMENTS | 9 |
| Conclusion | | 10 |

1187627.3

**MEMORANDUM IN SUPPORT OF DEFENDANTS' OBJECTION TO ORDER OF MAGISTRATE JUDGE DATED JULY 29, 2010**

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. §636, defendants submit this objection to the Magistrate Judge's July 29, 2010 Order (Docket No. 37) that allowed plaintiff to shield from discovery 48 e-mail messages between plaintiff's counsel and a non-party witness. Because no privilege is applicable to these communications, which lie at the heart of plaintiff's claim to own certain rug designs, these e-mails should be disclosed.

Preliminary Statement

This is a case in which plaintiff alleges that it owns copyrights in rug designs, and that defendants infringed them. Plaintiff's claim of ownership is entirely dependent on a series of undated documents by which the author of the designs allegedly assigned its rights to plaintiff. During the course of discovery, defendants learned that these highly suspicious documents were (1) prepared by plaintiff's attorney, (2) after the commencement of this litigation, and (3) transmitted to a witness who plaintiff persuaded to sign them. Defendants also learned that plaintiff's counsel engaged in a lengthy course of communications with the witness, a non-party whom he does not represent. When defendants sought production of those communications, plaintiff invoked the attorney work-product doctrine, claiming that they were shielded from disclosure – even though they were disclosed to a non-party, and even though plaintiff's claim relies on the very documents that plaintiff procured as a result of these communications. Moreover, when defendants sought these documents from the witness, plaintiff's counsel interposed himself between the witness and defendants, going so far as to prepare and serve on the witness's behalf objections and responses to the document

1187627.3

requests. Plaintiff's counsel concedes that he never represented the witness, and that his communications with him are not protected by attorney-client privilege.

After reviewing the documents in camera, the Magistrate Judge, in a one-sentence order but without opinion, upheld the claim of work-product protection, (Docket # 37). That conclusion is clearly erroneous, because (1) it is highly unlikely the communications contain work-product; (2) even if they did, any protection was waived by communicating the "mental impressions" to a non-party; (3) the documents cannot be shielded from disclosure after plaintiff relied upon the documents it obtained from the witness by means of those communications; and (4) defendants have a substantial need for the communications to test the bona fides of the purported documents on which plaintiff's claim rests.

## Factual and Procedural Background

The factual and procedural history of this action are set forth in the accompanying declaration of Ronald W. Meister, Esq. ("Meister Decl.")

As plaintiff in this copyright infringement case, Samad Brothers, Inc. ("Samad") has the burden to prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). As to ownership, plaintiff's theory has changed radically since the outset of its case, in which plaintiff has served no fewer than four versions of its Complaint.[1] While in its first three versions of the complaint, plaintiff contended that it was the author of the works at issue, its Third Amended Complaint, and its proposed Fourth Amended Complaint, now claim that plaintiff did not create the works, but is an assignee. (Meister

---

[1] Plaintiff's motion to amend its complaint to serve a fifth version is pending before the Magistrate Judge.

Decl., ¶ 3) That contention rests on evidence from a non-party, Vikram Kapoor, and his company, S.N. Kapoor Exports, an Indian entity that plaintiff now contends "created all the Samad Designs ... and assigned all rights therein exclusively to Samad." Third Amended Complaint, ¶ 17. Mr. Kapoor, who is apparently an owner and officer of S.N. Kapoor Exports, is the *sine qua non* of Samad's case.

Samad's amended ownership theory is entirely dependent on a series of documents purportedly executed by Kapoor that were produced by Samad in response to document requests. Everything about these documents is suspicious. Though they are dated "as of" various dates between January 28, 1998 and July 26, 2003, they are, it turns out, recent fabrications. Plaintiff has admitted in response to interrogatories that these "assignments" were prepared <u>after the commencement of this litigation</u> by "Malcolm Samad, with the assistance of counsel, Mark S. Kaufman," and then purportedly signed by Mr. Kapoor on behalf of S.N. Kapoor Exports. Meister Decl., ¶¶ 4-5.

On receipt of these suspicious documents, defendants served a document subpoena upon Vikram Kapoor, requesting "[a]ll documents concerning communications between [Kapoor] and Samad regarding the Designs," and more specifically "[a]ll documents, including but not limited to drafts, notes and memoranda, concerning the undated letter[s] from Malcolm Samad to Vikram Kapoor" on which Samad's ownership claim is based. *Id.*, ¶ 6 and Ex. 2.

Samad's counsel took an active role in managing the production of evidence by Kapoor, who is not his client. First, in response to defendant's subpoena to Mr. Kapoor, Samad's counsel served "Objections and Responses" that, while purportedly signed by

3

1187627.3

Vikram Kapoor, were "Prepared by [plaintiff's] Counsel: Kaufman & Kahn, LLP." *Id.*, ¶ 7 and Exs. 3-4. Those objections were clearly asserted for Samad's benefit, to stand in the way of production of evidence by the non-party witness.

This impression was confirmed when Samad's counsel forwarded additional documents from Mr. Kapoor, accompanied by a document entitled "Samad's Privilege Log." *Id.*, ¶ 8 and Ex. 5. The documents on that log are all e-mail communications between plaintiff's counsel and Mr. Kapoor. Plaintiff has expressly conceded that at least some of them relate directly to the purported assignments at issue. *Id.*, ¶ Ex. 5. Many of them were written not by the attorney, but by the witness, and could thus under no theory contain an attorney's work-product.

The communications at issue were responsive to both the subpoena to Kapoor and to the document requests to Samad. Neither produced them, as plaintiff's counsel asserted objections on behalf of Kapoor and work-product claims on behalf of plaintiff. It is those claims that are the subject of this objection.

### The Legal Standard

Pursuant to Rule 72(a), "the district judge in the case must consider timely objections and modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law."

The finding of a Magistrate Judge "is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Litton Industries, Inc. v. Lehman Bros.*

4

1187627.3

*Kuhn Loeb, Inc.*, 734 F. Supp. 1071, 1080 (S.D.N.Y. 1990), *quoting United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

The attorney work-product doctrine "provides qualified protection for materials prepared by or at the behest of counsel in anticipation of litigation or for trial." *In re Grand Jury Subpoena*, 510 F.3d 180, 183 (2d Cir. 2007). "The party invoking the privilege bears the heavy burden of establishing its applicability." *Id.*

## Summary of Argument

Samad could have no reasonable expectation that its lawyer's communications with a non-party, or the non-party's communications with the lawyer, would be held confidential. Moreover, Samad has disclosed, and indeed rests its case on, back-dated assignments that counsel prepared in communication with the witness. Samad may not produce the communications that were created to help its theory of authorship and ownership, but withhold the communications that harm it. Furthermore, an attorney who shares his work product with a non-party, as counsel here claims to have done, has waived any privilege that might apply to those impressions and opinions. Finally, defendants have a substantial, indeed critical, need for Samad's communications with Kapoor, materials for which no substantial equivalent exists, and which go to the heart of plaintiff's claims.

## I

## IT IS UNLIKELY THE COMMUNICATIONS ARE WORK PRODUCT

Although we cannot know the precise contents of the e-mails, because we have not seen them, plaintiff's counsel has conceded that at least some of them relate to obtaining the suspicious "assignment" documents from the witness, Kapoor. Meister Decl., Ex. 5. It

5

1187627.3

seems inconceivable that every one of these communications, or even most of them, would contain the lawyer's mental impressions. Certainly, the communications that are not from counsel, but are from the witness, Kapoor, cannot consist of the lawyer's work product.

## II

## SAMAD CANNOT USE ITS COMMUNICATIONS WITH KAPOOR AS A SWORD AS WELL AS A SHIELD

Even assuming that some of the e-mails do contain work product, under the at-issue doctrine they do not qualify for protection.

It is undisputed that the documents upon which Samad's ownership and validity claims rest were created after the filing of the Complaint, and are the product of Samad's and its counsel's communications with Kapoor. Having placed on the record those communications with Kapoor that Samad apparently believes favor its claim of ownership, Samad cannot now shield its other communications with Kapoor that may be harmful to it. "It is black-letter law that the 'at issue' waiver doctrine precludes a party from 'disclos[ing] only self-serving communications,' while bar[ring] discovery of other communications that an adversary could use to challenge the truth of the claim." *Pall Corp. v. Cuno Inc.*, 2010 U.S. Dist. LEXIS 55992 (E.D.N.Y. June 8, 2010) (quoting *HSH Nordbank AG v. Swerdlow*, 259 F.R.D. 64, 74 (S.D.N.Y. 2009)); *Allen v. West Point-Pepperell, Inc.*, 848 F. Supp. 423, 429 (S.D.N.Y. 1994) ("at issue" waiver applies "where one party injects the contents of a privileged communication into the litigation and lack of dual access would unfairly prejudice the opposing party, or where truthful resolution of the issue would require disclosure of the information."); *Bowne of N.Y. City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 485 (S.D.N.Y. 1993) ("It appears sufficient, for a waiver as to subjects discussed in the disclosed

6

1187627.3

conversations, that the privilege holder has voluntarily revealed only some of the communications on the subject and has withheld others.")

Here it would be manifestly unfair to permit Samad to base its case on its selective disclosure of communications between its counsel and Kapoor, while depriving defendants and the Court of the whole truth. *United States v. Nobles*, 422 U.S. 225, 239 (1975), *Sanofi-Synthelabo v. Apotex Inc.*, 299 F. Supp. 2d 303, 309 (S.D.N.Y. 2004) (patent case; attorney-client privilege) ("Here the unfairness results from a partial explanation, believed by [defendant] to be possibly false, for an action relating to the patent at issue when a complete explanation according to [defendant] would be relevant to the validity of the patent.")

### III

### SAMAD HAS WAIVED ANY PRIVILEGE

To whatever extent the e-mails contain work product, Samad waived any privilege by sharing it with a non-party. *Ricoh Co. v. Aeroflex Inc.*, 219 F.R.D. 66 (S.D.N.Y. 2003). *Ricoh*, like the present case, involved e-mails between a non-party and counsel. The Court there categorically denied work-product protection.

The e-mails in *Ricoh* were described on defendants' privilege log as "e-mail communication from attorney to percipient third-party witness seeking information related to defense of patent invalidity to plaintiff's allegation of patent infringement." The Court held that, whether or not the e-mails in fact contained work product, plaintiff's counsel "waived protection for these e-mails under the work product doctrine when counsel shared his

observations with a third party who was likely to be an independent witness in the case."

The Court held further that, in the closely analogous

> context of a patent litigation, where prior art will be highly relevant both to the party asserting the infringement and the party defending the suit, Defendants could not reasonably expect their communications to remain confidential. Otherwise all manner of information in the hands of disinterested third parties could be immunized from discovery; counsel for one side to a lawsuit might even have an incentive to get arguably privileged information into the hands of a significant third party so as to limit an opponent's discovery on a critical issue.

*Ricoh*, 219 F.R.D. at 71. *See also Fullerton v. Prudential Ins. Co.*, 194 F.R.D. 100, 103 (S.D.N.Y. 2000) ("Generally, the work product privilege is waived when protected materials are disclosed in a manner which is either inconsistent with maintaining secrecy against opponents or substantially increases the opportunity for a potential adversary to obtain the protected information.") (quoting *Niagara Mohawk Power Corp. v. Stone & Webster Eng. Corp.*, 125 F.R.D. 578, 587 (S.D.N.Y. 1989)).

Samad has contended that there was no waiver because the interests of Samad and Kapoor are "largely aligned." This is profoundly untrue, because Kapoor, by itself and through related entities, sold to defendants the very rugs that plaintiff contends are infringing. By signing the purported agreements drafted by Samad and its counsel, Mr. Kapoor, inadvertently or otherwise, has cast himself in the role of primary, contributory and vicarious infringer of copyrights that Kapoor supposedly created as "works made for hire" for, or assigned to, Samad, but continued to exploit thereafter. Defendants and the Court are

1187627.3

8

entitled to a full airing of all of the circumstances, including any inducements or threats by Samad, that led to Kapoor's placing himself and his company in such a position.[2]

The Court accordingly should apply *Ricoh* to find that Samad "waived protection for these emails under the work product doctrine when counsel shared his observations with a third party who was likely to be an independent witness in the case." 219 F.R.D. at 70.

## IV

## **DEFENDANTS HAVE SUBSTANTIAL NEED FOR THE DOCUMENTS**

Finally, pursuant to Rule 26(b)(3), to the extent that the e-mails could be considered work product — which defendants dispute — "they may be subject to discovery 'upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.'" *Granite Partners, L.P. v. Bear, Stearns & Co.*, 184 F.R.D. 49, 56 (S.D.N.Y. 1999). Samad's communications with Kapoor are relevant to, and potentially dispositive of, Samad's claims and Bokara's defenses in this matter.

---

[2] Before the Magistrate Judge, Samad sought support in *Plew v. Limited Brands, Inc.*, 2009 U.S. Dist. LEXIS 39715 (S.D.N.Y. April 23, 2009). *Plew*, however, does not warrant the extension of work product protection to the present circumstances. Magistrate Judge Dolinger there declined to compel disclosure of e-mail communications between employees of defendants and a non-party, reasoning that the interests of the defendant and the non-party were aligned "in avoiding a finding of infringement, and in any event their relationship is governed by a series of contractual terms ensuring confidentiality." *Id.* at *9-10. Here, Samad and Kapoor are not engaged in a relationship "governed by a series of contractual terms ensuring confidentiality." Nor, as discussed above, do they share an interest in how the Court should analyze the infringement alleged in this matter. If Samad's newly-minted "work for hire agreements" are genuine and valid, then Kapoor, who continued freely to sell the designs to third parties, including defendant Bokara, would in fact be adverse to Samad.

9

1187627.3

Nor is there any substantial equivalent to these materials, which will show how the highly suspicious documents on which plaintiff's case depends came to be created and signed. Questioning plaintiff's counsel is unlikely to be productive, even if it were to be permitted. Questioning Mr. Kapoor, even if he comes to the United States to be deposed, will be greatly handicapped if defendants cannot confront him with these communications. Indeed, Mr. Kapoor, relying on the objections interposed by plaintiff's counsel, has already declined to produce the e-mails that defendants know exist. Defendants and the Court are entitled to know the full story.

## Conclusion

Plaintiff's case rests on the assignments supposedly made by Kapoor. Defendants are entitled to probe the suspicious circumstances under which the purported assignment agreements were prepared, transmitted and executed. Samad's attempt to rely on purportedly favorable documents, while at the same time shielding unfavorable documents from disclosure by asserting objections on behalf of witness and invoking the work-product doctrine, should not be permitted. Even if the documents contained plaintiff's attorney's mental impressions – and the writings by the witness clearly do not – plaintiff waived any confidentiality by disclosing the documents to the witness. Finally, the importance of producing these critical documents outweighs any qualified protection under the work-product doctrine.

Defendants accordingly request that all the communications between Samad's attorney and Kapoor be produced.

Dated: New York, New York
August 12, 2010

Yours, etc.,

COWAN, LIEBOWITZ & LATMAN, P.C.

By: _____
Ronald W. Meister (rwm@cll.com)
Benjamin Sahl (bxs@cll.com)
1133 Avenue of the Americas
New York, NY 10036-6799
(212) 790-9255
Attorneys for Defendants

1187627.3