UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

SAMAD BROTHERS, INC.,                              :

     Plaintiff,                         :   Case No. 09 Civ. 5843
                     (JFK / KNF)
 -- against --                                  :

BOKARA RUG CO. INC., JAN SOLEIMANI, and            :
GABRIEL VAKNIN,
                     :
     Defendants.
                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x


**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' OBJECTION
TO ORDER OF MAGISTRATE JUDGE FOX DATED JULY 29, 2010**


        Dated: August 26, 2010

        KAUFMAN & KAHN, LLP
        Mark S. Kaufman
         (Email: Kaufman@kaufmankahn.com)
         Attorneys for Plaintiff
        747 Third Avenue, 32nd Floor
        New York, NY  10017
        Tel.: (212) 293-5556

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' OBJECTION TO ORDER OF MAGISTRATE JUDGE FOX DATED JULY 29, 2010**

As set forth in this Memorandum of Law, Magistrate Judge Fox correctly determined, in his Order dated July 29, 2010 (the "Order"), that the email correspondence between counsel for plaintiff Samad Brothers, Inc. ("Samad") and Vikram Kapoor of S.N. Kapoor Exports ("Kapoor") is protected by the attorney work product doctrine. Defendants' objections to the Order should be rejected. Facts supporting this memorandum are set forth in the accompanying Declaration of Mark S. Kaufman, dated August 26, 2010.

**INTRODUCTION**

The Court should not entertain defendants' Objection, as it constitutes nothing less than a "second bite at the apple." Defendants convinced the Magistrate Judge to review the documents *in camera.* Afterwards, they were disappointed with the results of his review. Further, they speculate that the review was erroneous. By definition, defendants were not privy to the judge's review. Thus, their arguments here are entirely premised on unsubstantiated facts.

Defendants' objection to the Order is entirely premised on an erroneous assumption. Defendants assume that all of the protected email correspondence between Samad's counsel and Kapoor concerns the written assignments by which Kapoor confirmed the oral assignments of rights in the rug designs at issue in this case. However, as the Magistrate Judge determined from his *in camera* inspection of the emails, such documents are protected by the work product doctrine, apparently because they do not concern the assignments.[1] Thus, Samad's claims do not

---

[1] In a letter dated July 27, 2010 to Magistrate Judge Fox (attached as Exhibit 5 to Defendants' Memo of Law), Samad noted that two of the emails relate to the assignments that defendants claim are at issue. Despite the letter, Magistrate Judge Fox declined to order the production of any of the emails.

rely on or even involve the emails that Samad has withheld.  Moreover, as the Magistrate Judge clearly determined, such communications were protected by the attorney work product doctrine.

Further, Samad has already produced emails between Kapoor and Samad, and between Kapoor and Samad's counsel, limited to those relating to assignments and licenses of the designs at issue in this lawsuit.  In this way, Bokara has obtained documents to which it has an arguably legitimate claim without requiring the production of documents protected by the attorney work product doctrine.

Moreover, they present, almost verbatim, the arguments that they made to Magistrate Judge Fox in their letter dated July 15, 2010, without citing any new case law.  See Kaufman Ex. A.  By failing to raise any new arguments, the Magistrate Judge's ruling can only be rejected if it is "clearly erroneous."

Additionally, defendants attempt to use their motion as an excuse to attack Samad's case in its entirety, rather than limiting their calumny to the emails purportedly at issue in this motion.  Defendants broadly describe, without any factual basis, a wide range of theories that have little to do with the presumed content of the emails.  For example, while defendants take pains to demonize the assignments as "highly suspicious", "suspicious" and "fabrications", their Objection does not involve any determination of the assignments' validity.

Rather than seeking to counter each mischaracterization of the case, or to demonstrate defendants' infringement of the copyrights in each of the 29 designs at issue in this case,[2] Samad limits itself herein to the task at hand.  However, such restraint should not be mistaken for acquiescence.

---

[2] The Third Amended Complaint asserts claims for infringement of 25 different designs.  The proposed Fourth Amended Complaint asserts claims for infringement of 29 designs.  The motion to amend was filed on July 17, 2010 and was fully briefed by August 9, 2010.

## **THE APPLICABLE LEGAL STANDARD**

A district court judge reviewing a pretrial order regarding non-dispositive issues may only reconsider the order "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). See Fed.R.Civ.P. 72(a), DiPilato v. 7-Eleven, Inc., 662 F.Supp.2d 333, 340 (S.D.N.Y. 2009) (affirming magistrate judge's order); Eisai Ltd. v. Dr. Reddy's Laboratories, Inc., 406 F.Supp.2d 341, 342 (S.D.N.Y.2005; Lynch, J.) (affirming ruling of Magistrate Judge Fox that documents reflecting legal advice were privileged and not subject to production).

A party seeking to overturn a magistrate judge's decision faces a heavy burden. In re Natural Gas Commodities Litigation, 232 F.R.D. 208, 211 (S.D.N.Y. 2005). Arguments that offer no new case law are insufficient to warrant *de novo* reconsideration of a magistrate judge's order. Manigualte v. C.W. Post of Long Island Univ., 659 F.Supp.2d 367, 374 (E.D.N.Y. 2009) (finding no clear error). When a party makes only conclusory or general objections, or simply reiterates his original arguments, the court reviews the report and recommendation only for clear error. Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 52 (E.D.N.Y.2008). See also Ferguson v. F.B.I., 83 F.3d 41, 43(2nd Cir. 1996) (district court's familiarity with disputed documents, after in camera review, "justifies a deferential review of its decision.")

### A.  **The Emails Constitute Attorney Work Product**

Samad's counsel shared his thoughts and impressions about this case when he communicated with Kapoor in order to obtain information necessary to develop Samad's claims, to refute defendants' defenses, and to assist Samad in responding to discovery demands. As such, the emails are quintessential work product materials, and protected from discovery.

3

The work-product doctrine is embodied in Fed.R.Civ.P. 26(b) (3), which provides that a party may ordinarily not obtain disclosure of "documents and tangible things ... prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative."  The Second Circuit has held that documents come within the "anticipation of litigation" requirement if they were prepared because of litigation. See United States v. Adlman, 134 F.3d 1194, 1202 (2nd Cir. 1998).  "The work product doctrine serves to encourage vigorous investigation of disputed claims, unfettered by fear that the products of such efforts will be compromised and fall into an adversary's hands." Feacher v. Intercontinental Hotels Group, 2007 WL 3104329, *3 (N.D.N.Y. 2007).  Where the document in question reflects the mental processes of the attorney, even a showing of "substantial need" and "undue hardship" might not be enough to set aside the presumptive immunity of the material from disclosure.  Bodega Investments LLC v. U.S., 2009 WL 1456642, *3 (S.D.N.Y. 2009).

In particular, the Court has held that e-mails exchanged in anticipation of litigation, between a party to an intellectual property infringement suit and the party's third-party supplier, were subject to work-product immunity. Plew v. Limited Brands, Inc., 2009 WL 1119414 (S.D.N.Y.) (Dollinger, J.).  In Plew, after the suit began, counsel requested that its client prepare e-mails for the specific purpose of eliciting information from the supplier that might assist in defending against a claim. The Court held that such emails fit squarely within the work product protection of Rule 26(b)(3).  Id. at *3.

In the case at hand, Bokara seeks production of all of the email correspondence between Samad's counsel and Kapoor.  However, Samad's counsel wrote each email in order to gather documents necessary to bring the claims at issue in the lawsuit, and to provide responses to Bokara's discovery.  Samad is not withholding or interfering with any of Kapoor's responses to

4

defendants' massive subpoena for documents.[3] Rather, Samad has already produced emails regarding transmittal of the written copyright assignments. Additionally, Samad has produced to defendants each of the documents obtained as the result of the withheld emails.

In connection with requesting documents from Kapoor, Samad's counsel necessarily provided his own thoughts, impressions and strategy regarding the case, in order to facilitate Kapoor's document production (and to encourage him to engage in such production). Emails from the witness are in direct response to the attorney's requests and therefore would reveal such thoughts, impressions and strategy, as well. Additionally, each email was written with the subject line indicating that they were intended to be subject to attorney work product protection. Thus, these documents fall squarely within the work product doctrine, and compelling production thereof would unfairly provide Bokara with the advantage of seeing the "mental impressions" of Samad's counsel. Further, requiring production would put a "chilling effect" on any future correspondence necessary to engage in further discovery through and from Kapoor (for example, regarding additional rug designs set forth in the proposed Fourth Amended Complaint).

### B. Corresponding with Kapoor Did Not Waive Work Product Protection

Samad did not waive the work product protection by its counsel communicating with Kapoor. Kapoor's interests, as the author and assignor of most of the rug designs that defendants

---

[3] Defendants bluntly argue, without any factual basis, that the emails would show that Samad's counsel allegedly "interfered" with Kapoor's producing responses to the defendants' subpoena to Kapoor. Actually, Kapoor was overwhelmed by and reluctant to answer a subpoena *duces tecum* contained no less than 37 separate demands, some of which were clearly overreaching (requesting, for example, a calculation of Kapoor's profits). Kapoor would not have provided any responses unless Samad's counsel communicated with him to explain the meaning of the demands. Thus, Samad's counsel assisted rather than interfered with Kapoor's producing responsive documents.

5

infringed, are aligned with Samad's interest in enforcing copyrights in such designs. As such, Kapoor has not shared, and would not be expected to share, any of such emails with defendants or defendants' counsel.

"Putting to one side the odd notion that the creation of the work-product -- that is, a set of e-mails -- waives the protection otherwise afforded to those same documents", a blanket rule requiring disclosure would misapply the waiver rule that governs work product. Plew, 2009 WL 1119414, *3. "Disclosure simply to another person who has an interest in the information but who is not reasonably viewed as a conduit to a potential adversary will not be deemed a waiver of the rule," especially where the third party's interests are aligned with the litigant's interest in demonstrating a finding of infringement. Id., citing In re Gulf Oil Litigation, 1990 WL 108352, * 4 (S.D.N.Y. 1990) (work product was not waived where information recipient "was also a friendly fact witness.") "To waive Rule 23(b)(3) immunity, the attorney or client must disclose the material either to an adversary or to someone else who is likely to reveal its contents to the client's adversary. " Id.[4]  See also Bodega Investments, 2009 WL 1456642, *4 (where disclosure of work product to litigant's accountants was not shown to have been likely to be disclosed to adversary, defendants failed to show waiver of work-product immunity).

Defendants rely on completely unsubstantiated allegations that Samad and Kapoor's interests are not aligned. For example, defendants crudely speculate that Kapoor suffered from "inducements or threats by Samad", but provide not a shred of evidence to support the same. Moreover, Kapoor would testify that Samad made no threats of any kind.

---

[4] Although defendants note that the third party witness in Plew had contractual arrangements with the party seeking to protect certain communications, the court in that case does not indicate that its decision was based solely on that factor. Rather, the Plew court noted that the interests of the witness, as defendants' supplier of the goods at issue in that case, were "aligned with those of the defendants since they are all interested, or at least potentially interested, in avoiding a finding of infringement." 2009 WL 1119414 at *3. Similarly, Kapoor is the supplier of Samad's goods, and they are "all interested" in obtaining a finding of infringement.

6

In contrast, both Samad and Kapoor indisputably want to enforce the copyrights at issue here. Further, Kapoor indisputably has not provided to defendants or their counsel any of the coveted emails. Thus, Kapoor's conduct confirms that he was not likely to reveal such communications to Samad's adversary.

Such behavior is consistent with Kapoor's interests being aligned with Samad's. Documents Bokara has produced indicate that Bokara's third-party witnesses, Michael George and a representative from Saraswati Exports of Jaipur, India, will assert that they rather than S.N. Kapoor created the rug designs which Kapoor assigned to Samad and which Samad seeks to enforce in this lawsuit. Indeed, Saraswati and S.N. Kapoor have extensively litigated (but recently settled) ownership of these designs in India.

Because Kapoor's interests are aligned with Samad's interest in enforcing such copyrights in this case, there is no waiver of attorney work product protection regarding communications between Samad's counsel and Kapoor.

C.     **The Requested Documents and Information Are Available Through Other Means**

Because defendants fail to demonstrate that the sought-after information is unavailable or subject to undue hardship, their objection should be denied. They can readily learn about the assignments, and all of the wild allegations set forth in the current objection, by deposing a Samad principal and Kapoor.

The discovering party may overcome the attorney work product rule's protection only if the discovering party makes an adequate showing of substantial need and the unavailability of alternative sources for the information absent undue hardship. U.S. v. Adlman, 134 F.3d at 1204. See also Plew, 2009 WL 1119414 at * 3 (must show a "particularized need and hardship"); Bodega Investments, 2009 WL 1456642 at * 3; Feacher, 2007 WL 3104329, at * 5 (adversary's

7

opportunity to interview witness militated against requiring production of attorney work product). Where a party fails to demonstrate why they could not depose individuals in order to obtain the alleged information, they fail to demonstrate undue hardship. In re Natural Gas Commodities Litigation, 232 F.R.D. 208, 212-13 (S.D.N.Y. 2005).

In the instant case, Bokara's argument -- that the information it seeks is not available to Bokara except through production of these emails -- is merely conclusory. However, defendants do not deny that Samad has already produced emails between Kapoor and Samad, and between Kapoor and Samad's counsel, limited to those relating to assignments and licenses of the designs at issue in this lawsuit. In this way, Bokara has obtained documents to which it has an arguably legitimate claim without requiring the production of documents protected by the attorney work product doctrine.

Moreover, to the extent that Bokara truly seeks information about the copyright assignments – rather than seeking protected communications with, and thought processes of, Samad's counsel – they can obtain the same through the deposition of Malcolm Samad and Kapoor. The parties fully intend to schedule such depositions to take place during discovery.

## CONCLUSION

As a result of the foregoing, Samad respectfully requests that defendants' objection to the Judge Fox's Order dated July 29, 2010, be denied in its entirety.

Dated: New York, New York
August 26, 2010

KAUFMAN & KAHN, LLP

_____
Mark S. Kaufman
747 Third Avenue, 32nd Floor
New York, NY 10017
(212) 293-5556
Email: kaufman@kaufmankahn.com