UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SAMAD BROTHERS, INC.                           Case No. 09 CV 5843
                                                               (JFK)(KNF)
                                                               ECF Case
        Plaintiff,

    -against-

BOKARA RUG CO., INC., JAN SOLEIMANI, AND
GABRIEL VAKNIN,

        Defendants.
------------------------------------------------------------------X

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' OBJECTION TO ORDER OF MAGISTRATE JUDGE FOX DATED JULY 29, 2010

                                         LEWIS BRISBOIS BISGAARD & SMITH, LLP
                                         *Attorneys for Defendants*
                                         77 Water Street, Suite 2100
                                         New York, New York 10005
                                         (212) 232-1300

Of Counsel

Jura C. Zibas (JZ 8970)
Joanne J. Romero (JR 0275)

4842-0172-7747.1

## PRELIMINARY STATEMENT

This reply memorandum of law, together with the accompanying Declaration of Joanne J. Romero, dated September 3, 2010 (the "Romero Decl."), is submitted in further support of Defendants' Objection to the Order of Magistrate Judge Kevin N. Fox dated July 29, 2010 (the "Order"), pursuant to Federal Rules of Civil Procedure, Rule 72(a) and 28 U.S.C. §636.

## ARGUMENT

### POINT I
### PLAINTIFF ADMITTED AT LEAST FIVE OF THE EMAILS RELATE TO ASSIGNMENTS ; ACCORDINGLY THE AT ISSUE WAIVER DOCTRINE APPLIES

Plaintiff argues that Defendants cannot substantiate their entitlement to disclosure of the email correspondence between Plaintiff's counsel and Vikram Kapoor and his company, S.N. Kapoor Exports (collectively "Kapoor") because Defendants were not privy to the Court's review of undisclosed documents. This reasoning is circular and illogical. There is no requirement that Defendants have been privy to the review of undisclosed documents in order to prevail in their efforts to obtain disclosure of such documents.

Notwithstanding the fact that Defendants were not privy to the review by Magistrate Judge Fox, there is sufficient evidence on the record showing that at least five of the emails listed on Plaintiff's privilege log, if not all, relate to the assignments claimed to be at issue at the time of the Order.[1] In fact, as acknowledged in Plaintiff's

---

[1] The qualification "at the time of the Order" is made because currently all Plaintiff's assignments are at issue, not just assignments related to allegedly infringed designs. Subsequent to the filing of Defendants' Objection, and pursuant to Magistrate Judge Fox's Order dated August 11, 2010, Plaintiff agreed to disclose and has disclosed documents concerning all assignments, not just assignments related to allegedly infringed designs. (See August 11, 2010 Order and confirmatory email, attached as Ex. A and Ex. B, respectively, to the Romero Decl.).

memorandum of law in opposition to Defendants' Objection (at footnote 1, page 1), Plaintiff's July 27, 2010 letter to Magistrate Judge Fox identifies certain emails as related to the assignments claimed to be at issue. More fully, the letter states "We believe that only those dated January 25, 2010 and June 11, 2010 relate to the assignments that defendants claim to be at issue." A review of the privilege log in the body of the July 27, 2010 letter reveals that there are three emails dated January 25, 2010, and two emails dated June 11, 2010. Accordingly, it was clearly erroneous for the Magistrate Judge to preclude disclosure of the emails identified by Plaintiff as relating to assignments claimed to be at issue at that time, particularly as communications concerning assignments were put at issue by the disclosure of some of those communications.

Plaintiff's conclusory allegation that Magistrate Judge Fox determined that the documents need not be produced because they do not concern the assignments is unsubstantiated. There was no ruling by Magistrate Judge Fox specifying the emails were unrelated to the assignments.

To the extent that Defendants are unable to pinpoint which other emails relate to assignments, it is simply because Plaintiff has failed to identify the items on its privilege log with enough detail "to enable other parties to assess the applicability of the privilege." Fed. R. Civ. P. 26 (b)(5). Bowne of New York City, Inc. v. AmBase Corp., 150 F.R.D. 465, 474 (2d Cir. 1993) (privilege log must give sufficient detail "to permit a judgment as to whether the document is at least potentially protected from disclosure"); Export-Import Bank of the United States v. Asia Pulp & Paper Co., Ltd., 232 F.R.D. 103, 111 (S.D.N.Y. 2005). In any event, because certain of the emails on the privilege log

---

To the extent the emails relate to any assignment, not just assignments identified by Plaintiff in the July letter as being at issue, disclosure is warranted.

have been identified by Plaintiff as related to the assignments claimed to be at issue at the time of the Order, and because other emails concerning assignments were disclosed, it was clear error for Magistrate Judge Fox to preclude disclosure of the balance of the emails.

While Plaintiff relies heavily on Plew v. Limited Brands, Inc., 08 Civ. 3741 (LTS)(MHD), 2009 U.S. Dist. Lexis 39715, 2009 WL 1119414 (S.D.N.Y. April 23, 2009), Plew is an unpublished decision, with no precedential value. In any event, Plew is distinguishable because the "at issue" doctrine was not implicated as communications had not been placed at issue by the disclosure of some of the communications, but not others. In this case, at issue are emails that have been cherry picked for disclosure and non-disclosure.

Because Plaintiff states in a conclusory fashion that Magistrate Judge Fox found the emails did not relate to assignments at issue, Plaintiff does not address Defendants' arguments that any work-product privilege was waived by the disclosure of some communications but not others. As Plaintiff's memorandum of law does not adequately address the "at issue" waiver doctrine, the Objection to Magistrate Judge Fox's Order on such grounds should be deemed unopposed.

## POINT II
## PLAINTIFF HAS WAIVED WORK PRODUCT PRIVILEGE BY DISCLOSING TO A NON-PARTY

Plaintiff asserts that Kapoor's emails should be protected because Kapoor's interests are aligned with Plaintiff's, as allegedly evidenced by Kapoor's involvement in litigation with Saraswati Exports of Jaipur, India concerning some of the designs at issue in this action. However, "Courts have routinely held that documents prepared by one who is not a party to the case at bar are not protected by Rule 26(b)(3), even if the non-

4818-2018-1511.1                                3

party is itself a party to a closely related lawsuit in which he will be disadvantaged if he must disclose in the instant suit." Ricoh Co. v. Aeroflex Inc., 219 F.R.D. 66, 69 (S.D.N.Y. 2003) (internal citations omitted).

Plaintiff has not demonstrated any reason to believe that Plaintiff and Kapoor's interests are aligned. While Plaintiff improperly represents that Kapoor would testify that Samad made no threats of any kind to it, Plaintiff does not dispute that Kapoor continued to freely sell the designs at issue to third parties, including Defendants, after making its alleged assignments such that it would be subject to copyright infringement as well. Plaintiff has not provided any declaration by Kapoor confirming that its interests are aligned and that it believed the communications to Plaintiff's counsel would be privileged, as clearly not all the communications were privileged and some have been produced. Given that Plaintiff's counsel was involved in the procuring of documentation from Kapoor, there is no foundation for the proposition that it was Kapoor's choice to withhold the emails; accordingly, Kapoor's conduct does not confirm that it was not likely to reveal the information to Defendants in the absence of Plaintiff's counsel's involvement.

Again, Plew v. Limited Brands, Inc., 08 Civ. 3741 (LTS)(MHD), 2009 U.S. Dist. Lexis 39715, 2009 WL 1119414, relied upon by Defendants is distinguishable because the third party supplier's interests were deemed to have been aligned with the interests of a Defendant claiming the privilege. As supplier, the third party had an interest in not being named as a co-Defendant, accordingly it was interested in helping the named party defend the claims to avoid litigation itself. In the present case, the party alleging work product privilege is Plaintiff to whom the third party has allegedly assigned rights. Accordingly, having assigned its rights, third party Kapoor has no interest in assisting

Plaintiff's claims in the present litigation as it is not a named Plaintiff, and is not seeking to enforce any rights against Defendants. In fact, <u>Plew</u> supports a finding that it is Defendants and Kapoor whose interests are aligned. As in <u>Plew</u>, in this action, the third party is a supplier to Defendants of the allegedly infringing goods and therefore has interests that are aligned with those of Defendants.

## POINT III
### DEFENDANT HAS A SUBSTANTIAL NEED FOR THE INFORMATION REQUESTED

Plaintiff misconstrues Defendants' arguments regarding substantial need as an improper attack on Plaintiff's case in chief, arguing that the Objection does not involve a determination of the assignments' validity. While the Objection does not involve a determination of the assignments' validity, the Objection involves the needed disclosure of communications relevant to the determination of whether assignments produced are legitimate and valid. The assignments' validity is an issue which Defendants' are entitled to question based on admissions that the written assignments were entered into after the commencement of this litigation and based on conflicting positions taken by Plaintiff. The assignments and their validity have been put at issue, just as communications related thereto have been put at issue by Plaintiff's selective disclosure of communications.

Again, not losing sight of the fact that Kapoor was a supplier to Defendants of rugs, including allegedly infringing rugs, there is no reason to assert a privilege between Plaintiff and Kapoor given Kapoor's relationship with Defendants. Defendants have no other way to obtain the information, are entitled to information from their own vendor and should not be prejudiced by being precluded access to information from the very vendor who both purportedly assigned copyrights to the rugs at issue and then sold them to

4818-2018-1511.1                                5

Defendants after such purported assignment. The information sought is key to the underlying issues concerning the copyright registrations.

## CONCLUSION

For all the foregoing reasons, it is respectfully requested that Defendants' Objection be granted.

Dated: New York, New York
September 3, 2010

Julia C. Zibas (JZ 8970)
Joanne J. Romero (JR 0275)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
77 Water Street, Suite 2100
New York, New York 10005
*Attorneys for Defendants*