```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SAMAD BROTHERS, INC.,
                                                    :
                    Plaintiff,
                                                    :
        -against-                                       MEMORANDUM AND ORDER
                                                    :
                                                        09 Civ. 5843 (JFK)(KNF)
BOKARA RUG CO. INC, JAN SOLEIMANI and        :
GABRIEL VAKNIN,
                                                    :
                    Defendants.                     :
------------------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## INTRODUCTION

On June 25, 2009, the plaintiff commenced this action for copyright infringement, pursuant to 17 U.S.C. §§ 101, et seq., alleging that the defendants used its rug designs without authorization. On August 13, 2009, the plaintiff filed an amended complaint. On September 11, 2009, the plaintiff filed its second amended complaint, pursuant to the assigned district judge's order and the parties' stipulation. On October 6, 2009, the assigned district judge issued a pretrial scheduling order, fixing December 31, 2009, as the deadline for amending the pleadings. On February 9, 2010, the plaintiff made a motion for leave to file its third amended complaint, after learning of additional relevant facts during discovery. On June 30, 2010, the Court granted the motion in part, finding neither undue delay by the plaintiff nor prejudice to the defendants from adding allegations of copyright infringement on fifteen additional rug designs and observing that, while the amendment increased the number of allegedly infringing rugs, the

plaintiff's copyright infringement claim remained unchanged. The Court denied the plaintiff's request to add a sixteenth rug design to the complaint, based on the plaintiff's failure to demonstrate diligence respecting that rug design. On July 1, 2010, the Court directed, *inter alia*, the defendants to: (a) certify, in writing, to the plaintiff that they have produced all documents within their possession and control that are responsive to the plaintiff's discovery demands; and (b) permit the plaintiff to enter their premises to inspect and photograph relevant rug designs, on a date, and at a time mutually convenient to the parties. On July 19, 2010, the plaintiff filed its third amended complaint. On the same day, the plaintiff filed the instant motion, "pursuant to Rule 16 of the Federal Rules of Civil Procedure requesting that the Court grant plaintiff leave to amend the Third Amended Complaint."[1] The defendants opposed the motion.

## DISCUSSION

*Parties' Contentions*

The plaintiff contends that, upon receiving third-party invoices produced by the defendants on March 3, 2010, and "based upon the identical design numbers used in the invoices and used by [the plaintiff's] manufacturer," it discovered, on March 8, 2010, that the defendants imported two additional rugs, namely "Castille" and "Dominica" designs, which allegedly infringed the plaintiff's copyright. Further, based on the deposition of Michael George, conducted on May 4, 2010, the plaintiff discovered that the deponent never had a valid copyright interest in the "Luxor" rug design and, as a result, seeks to delete any limitation on its rights to

---

[1] Although the plaintiff noticed that it moves to amend the complaint, pursuant to Rule 16 of the Federal Rules of Civil Procedure, Rule 16 governs a motion to modify a scheduling order. See Fed. R. Civ. P. 16(b). The Court considers the plaintiff's request as both: (a) a motion to modify the scheduling order, under Rule 16(b); and (b) a motion for leave to amend the complaint, under Rule 15, since a scheduling order is in place pursuant to Rule 16.

the "Luxor" rug design, alleged in the third amended complaint. The plaintiff also contends that, during the inspections of the defendants' warehouse, it discovered two additional, allegedly infringing rugs, namely "Power" and "Twilight" designs, which it now seeks to add to its complaint. Furthermore, the plaintiff seeks to include photographs of the 25 rugs, alleged to infringe the plaintiff's copyright in the third amended complaint, taken during the inspection of the defendants' warehouse. According to the plaintiff, it "filed this motion promptly after the Court issued its decision allowing [the plaintiff] to bring new claims for infringement of 15 rug designs (in addition to the 10 designs set forth in the prior, Second Amended Complaint)," and the defendants "will not be prejudiced by the proposed amendments" because, even if the amendments require additional discovery, "discovery is not completed," as "the parties have not yet exchanged the additional documents necessary to address the 15 'new' rugs set forth in the [third amended complaint]."

The defendants contend the plaintiff has not been diligent in filing this motion, because "its motion rests largely on information it not only could have known, but actually did know, months ago." According to the defendants, the plaintiff "evidently retained that information in reserve for months, feeling it could sit back without providing notice to either defendants or the Court, rather than seeking adjudication of all its proposed amendments at the same time. As a result, plaintiff has become a serial amender, saving its information as discovery progresses, and believing it is free to return to Rule 16 as many times as it likes."

***Legal Standard***

Once the time for amending the pleadings as a matter of course expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court

should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)). "The burden to explain a delay is on the party that seeks leave to amend." MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc., 157 F.3d 956, 962 (1998). The nonmovant bears the burden of showing prejudice, bad faith and futility of the amendment. See Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993); 6 CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE §1473 (3d ed. 2010).

"Although Rule 15(a) governs the amendment of pleadings, Rule 16(b) also may limit the ability of a party to amend a pleading if the deadline specified in the scheduling order for amendment of the pleadings has passed." Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 243 (2d Cir. 2007). The plaintiff's instant motion is untimely under the district judge's scheduling order. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

> Where, as here, a scheduling order governs amendments to the complaint, "the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order '[may] not be modified except upon a showing of good cause.'" Whether good cause exists turns on the "diligence of the moving party."

Holmes v. Grubman, 568 F.3d 329, 334-35 (2d Cir. 2009) (citations omitted). However, while diligence is "the primary consideration" in determining whether the moving party satisfies the "good cause" requirement of Rule 16(b), a district court "also may consider

4

other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." Kassner, 496 F.3d at 244. A "court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Committee Notes, 1983 Amendment (discussing subsection (b)); see Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000). After the moving party demonstrates diligence under Rule 16, the Rule 15 standard applies to determine whether the amendment is proper. See e.g., Hood v. Hartford Life & Accident Ins. Co., 567 F. Supp. 2d 1221, 1224 (E.D. Cal. 2008); In re Enron Corp. Sec. Derivative & ERISA Litig., 610 F. Supp. 2d 600, 653 (S.D. Tex. 2009) ("If good cause is found by the court to satisfy Rule 16, the court then looks to the standard of Federal Rule of Civil Procedure 15(a), which states that 'the court should freely give leave when justice so requires.'").

***Application of Legal Standard***

    (a)  Adding Allegations of the "Castille" and "Dominica"
         Rug Designs Infringement and Deleting Allegations
         of Limited Rights to the "Luxor" Rug Design

On March 3, 2010, the plaintiff filed a reply to the defendants' opposition to the plaintiff's motion for leave to file the third amended complaint. On that same day, the plaintiff became aware, after receiving the third-party invoices from the defendants, that two additional rug designs, "Castille" and "Dominica," allegedly infringed its copyrights. On March 22, 2010, the parties stipulated and agreed, *inter alia*, "in the interest of efficiency, and to avoid multiple depositions of the same parties and repeated searches for

responsive documents, [to defer] certain discovery pending a decision on the motion" for leave to file the third amended complaint. On March 31, 2010, the parties requested an adjournment of a Court-scheduled settlement conference, "[b]ecause of the pendency of the plaintiff's motion for leave to file a Third Amended Complaint, and the parties' related agreement, subject to the Court's approval, to extend discovery to a date after that motion is resolved." The request was granted by the Court. On April 6, 2010, the plaintiff made a request on behalf of the parties, to the assigned district judge, for an adjournment of a status conference, "[b]ecause of the pendency of plaintiff's motion for leave to amend the pleadings, and the parties' related agreement, subject to the Court's approval, to extend discovery to a date after that motion is resolved." The request was granted by the assigned district judge. On May 4, 2010, the plaintiff became aware that Michael George's purported rights to the "Luxor" rug design did not limit its rights to that design. Numerous letters by the plaintiff concerning discovery issues were received by the Court between March 3, 2010, when the plaintiff submitted its reply in connection with the motion for leave to file its third amended complaint, and June 30, 2010, when the Court decided the motion.

At no time, in any correspondence received by the Court did the plaintiff bring to the Court's attention its March 3, 2010 discovery of the allegedly infringing "Castille" and "Dominica" rug designs or its May 4, 2010 discovery of Michael George's lack of a valid copyright covering the "Luxor" rug design. Instead, the plaintiff waited until July 19, 2010, to file, simultaneously, its third amended complaint and its motion for leave to file its fourth amended complaint to: (i) add the allegations of infringement respecting the

6

additional rug designs, "Castille" and "Dominica;" and (ii) delete references of the plaintiff's alleged limitation of rights to the "Luxor" rug design from its third amended complaint. "The district court, as an exercise of its broad discretion concerning the pleadings, may consider whether to allow the already-submitted proposed amended complaint or allow submission of another one." Kassner, 496 F.3d at 244-45. The plaintiff fails to explain why it waited, not only until the Court's June 30, 2010 decision on its motion for leave to file its third amended complaint, but also until the filing of its third amended complaint, on July 19, 2010, to bring to the Court's and the defendants' attention the information it discovered in March and May 2010. Bringing promptly to the Court's attention the information the plaintiff discovered, after submitting its motion for leave to file a third amended complaint, but before the Court's decision on that motion, would have saved the parties and the Court significant time and resources. The plaintiff's decision not to act on its newly discovered information, while its motion for leave to file its third amended complaint was pending and after it had been resolved, does not demonstrate diligence. Accordingly, the Court finds that the plaintiff has not shown good cause exists for modifying the scheduling order in order to amend the complaint for the fourth time.

    (b) Adding Infringement Allegations concerning
        the "Power" and "Twilight" Rug Designs

The Court's order, dated July 1, 2010, directed the defendants to permit the plaintiff to enter their warehouse "to inspect and photograph relevant rug designs." During the inspections, conducted on July 12, 13 and 14, 2010, the plaintiff contends it

7

discovered two rug designs, "Power" and "Twilight, " not alleged previously as infringing the plaintiff's copyrights. The plaintiff's statement, that it "did not know, and could not have known, that defendants had infringed upon its ["Power"] and ["Twilight"] designs until after the motion to amend was decided and the warehouses were inspected," does not suffice to show that the plaintiff was diligent in its efforts to comply with the scheduling order and to gather information that would enable it to amend the complaint timely. The plaintiff does not explain why, by exercising due diligence, it could not have found the allegedly infringing "Power" and "Twilight" rug designs prior to inspecting the defendants' warehouse or what efforts, if any, it undertook in attempting to find the information claimed to have been discovered only during the warehouse inspections. Simply stating that additional information has become known to the plaintiff, during the inspection and photographing of the rug designs, previously identified as infringing, in the third amended complaint, does not satisfy the plaintiff's burden of showing diligence. The plaintiff has failed to demonstrate its diligence; therefore, the Court finds that modifying the scheduling order in order to permit the plaintiff to amend the complaint for the fourth time, to include the "Power" and "Twilight" rug designs, is not warranted.

    (c) Adding Photographs of the Rug Designs Alleged
        to be Infringing in the Third Amended Complaint

The plaintiff seeks to add what it purports to be "validation" of its infringement allegations, namely photographs of the rug designs identified in the third amended complaint it alleges to be infringing. The Court agrees with the defendants that the plaintiff's photographs are nothing more than " new exhibits in support of its previous allegations" and that "there is no

need to delay proceedings to attach them to the complaint–they are evidence, not elements of a claim that must be pleaded, and plaintiff is free to offer them at trial."

## CONCLUSION

For the foregoing reasons, the plaintiff's motion to modify the scheduling order, to enable it to amend the complaint for the fourth time, pursuant to Rule 16(b) and Rule 15(a) of the Federal Rules of Civil Procedure, Docket Entry No. 34, is denied.

Dated: New York, New York
       October 18, 2010

SO ORDERED:

_____
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE