UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

SAMAD BROTHERS, INC.,

           Plaintiff,

   -- against --

BOKARA RUG CO. INC., JAN SOLEIMANI, and
GABRIEL VAKNIN,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

Case No. 09 Civ. 5843
(JFK / KNF)

**DECLARATION OF
MARK S. KAUFMAN
IN SUPPORT OF
PLAINTIFF'S MOTION
TO QUASH SUBPOENA
ISSUED TO
<u>VIKRAM KAPOOR</u>**

      MARK S. KAUFMAN, an attorney duly admitted to practice law in this Court, under penalties of perjury, declares as follows:

      1.      I am counsel to plaintiff Samad Brothers, Inc. ("Samad") in the above-referenced action, and submit this Declaration in support of plaintiff's motion pursuant to Fed. R. Civ. P. Rule 45 to quash the subpoena dated October 27, 2010, issued to Vikram Kapoor.

      2.      As described in the accompanying memorandum of law, Vikram Kapoor is a non-party witness to events at issue in this lawsuit. The subpoena for documents consists of 90 separate, detailed questions; follows a subpoena for documents consisting of 45 questions, to which Kapoor already responded; seeks documents that have already been requested from and produced by plaintiff; seeks, among other things, documents that are subject to the attorney work

product doctrine (as this Court has already ruled); and seeks information that can be asked of him at his deposition, scheduled for November 23, 2010.[1]

3.      A copy of the subpoena is annexed and made Exhibit A hereto.

4.      Under the Federal Rules, the subpoena should be quashed.  Fed. R. Civ. P. Rule 45(c)(3)(A)(iv) provides that the Court "must quash or modify a subpoena" that "subjects a person to undue burden."  Moreover, the limitations on discovery in Rule 26(b)(2)(C) provide that the Court must limit the extent of discovery if it determines that "(i) the discovery sought ... can be obtained from some other source that is more convenient, less burdensome, or less expensive; [or] (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."

5.      In this instance, the 90-question subpoena is unduly burdensome.  It seeks information that can be (and has been) obtained from Samad in response to document requests already demanded by defendants, and in a less intrusive manner at Kapoor's deposition in New York City, scheduled for November 23, 2010.

**Factual Background**

6.      Defendants served Samad their First Requests for Documents and Things dated November 25, 2009; their second set of document requests dated February 4, 2010; their third set of document requests dated June 1, 2010; their fourth set of document requests dated August 27,

---

[1] Facts and documents supporting this Memorandum of Law are set forth in the accompanying Declaration of Mark S. Kaufman dated November 11, 2010 ("Kaufman") and Declaration of Vikram Kapoor dated November __, 2010.

2

2010; and their fifth set of document requests dated October 29, 2010.  Most of these document requests are redundant, and Samad has timely objected and responded thereto.[2]

7. Defendants served, by delivery to me, a subpoena for documents dated April 5, 2010, addressed to Kapoor.  (I had agreed to accept service of process for Kapoor.)

8. Kapoor is a principal of S.N. Kapoor Exports ("SNKE"), a company based in Jaipur, India.  Under Kapoor's direction, SNKE designed and transferred to Samad 23 of the 25 rug designs at issue in the Third Amended Complaint.  This first subpoena dated consisted of 45 requests, relating to the designs at issue in the Second Amended Complaint.  Kapoor objected and responded to the April 5 subpoena, and produced responsive documents.

9. Consistent with defendants' exuberant thoroughness, defendants served a second subpoena dated October 27, 2010 upon Vikram Kapoor, by service on our law offices.

10. This subpoena seeks documents concerning the additional 15 designs set forth in the Third Amended Complaint, which was allowed to be served by Memorandum and Order dated June 30, 2010 (Docket No. 30).  However, nothing in the October 27th subpoena limits the requests to exclude documents already produced in response to the April 5 subpoena, regarding the initial 10 designs set forth in the Second Amended Complaint.

A. **Because the Subpoena for Documents Seeks Documents that Are Protected by the Attorney Work Product Doctrine, Samad Has Standing to Move to Quash the Subpoena**

11. Samad has standing to bring this motion because many of the requests to Kapoor seek documents that are subject to the protections of the attorney work product doctrine. Because Kapoor and I have discussed virtually every issue addressed by the subpoena's requests

---

[2] At the Court's request, Samad would provide copies of any and all of defendants' document requests, and/or Samad's responses thereto.

3

in connection with this lawsuit, virtually every request is broad enough to require production of documents that include communications between Kapoor and me.  Such communications reveal the thinking process and strategy in which I prepared for, and engaged in, this lawsuit.

12. This Court has already determined, by Order dated July 29, 2010 (Docket No. 37), that Samad need not produce email correspondence between Samad's counsel and Vikram Kapoor.  Thus, defendants' attempt to obtain, *inter alia*, such documents from Kapoor is nothing less than an attempt to circumvent the Court's Order.

13. Samad has demonstrated that the email correspondence, which reveals its attorney's thoughts and strategies, are subject to the attorney work product doctrine, and such emails would be responsive to many of the requests made in the October 27th subpoena.  As such, Samad has standing to bring this motion.

**B.    Bokara's Second Subpoena, Dated October 27, 2010, Is Overly Burdensome**

14. The October 27th subpoena consists of 90 separate demands.

15. The subpoena seeks production of documents from both Kapoor and the corporation of which he is a principal, S.N. Kapoor Exports ("SNKE").  See Ex. A at 2, ¶ H.

16. The effective time period for this subpoena is from January 1992 through the present – a span of 18 years.  See Ex. A at 3, ¶ 8.

17. The subpoena's requests are also redundant of prior discovery. They seek virtually the same documents as set forth in, *inter alia*, defendants' 4th Set of Requests for Document and Things addressed to plaintiff Samad.

18. By way of example, only, compare the following:

| October 27th Subpoena | Defendants' 3rd Set of Document Requests |
|---|---|
| 1. All documents concerning communications between You and Samad regarding Plaintiff's Designs. | 4. To the extent not previously produced, all documents concerning Plaintiff's communications with Vikram Kapoor, including but not limited to Plaintiffs agents', representatives' and attorneys' communications with Vikram Kapoor. |
| | **Defendants' 4th Set of Document Requests** |
| 15. All documents concerning any and all agreements entered into between Plaintiff and You concerning Plaintiff's Designs, including, but not limited to, any work for hire agreements or licensing agreements which may have been superseded by any subsequent written transfers of ownership signed by You. | 4. All documents concerning work for hire agreements entered into between Plaintiff on the one hand and Vikram Kapoor [and/or] S.N. Kapoor Exports ... on the other hand, whether or not such agreements were superseded, voided, or invalidated.<br><br>24. All documents concerning any and all agreements entered into between Plaintiff on the one hand and Vikram Kapoor [and/or] S.N. Kapoor Exports … on the other hand concerning Plaintiff's Designs, including, but not limited to, any work for hire agreements or licensing agreements which may have been superseded by any subsequent written transfers of ownership signed by Vikram Kapoor [and/or] S.N. Kapoor Exports and/or Jain Carpets.<br><br>73. To the extent not previously produced, all documents concerning work for hire agreements. |
| 22. All documents concerning indemnification agreements between You and Plaintiff concerning Plaintiff's Designs. | 25. All documents concerning indemnification agreements between Plaintiff on the one hand and Vikram Kapoor [and/or] S.N. Kapoor Exports, … on the other hand. |
| 58. All documents concerning any and all settlement agreements, and/or memoranda of understanding, entered into between Plaintiff and You. | 23. All documents concerning any and all settlement agreements, and/or memoranda of understanding, entered into between Plaintiff on the one hand and Vikram Kapoor [and/or] S.N. Kapoor Exports … on the other hand. |
| 60. All documents concerning any and all licensing agreements entered into between You and Plaintiff concerning Plaintiff's Designs. | 29. All documents concerning any and all licensing agreements entered into between Plaintiff on the one hand and Vikram Kapoor [and/or] S.N. Kapoor Exports …on the other |

5

|  | hand concerning Plaintiff's Designs. |
|---|---|
| 61.  All documents concerning any and all agency agreements entered into between You and Plaintiff, including all agency agreements concerning Plaintiff's Designs. | 31.  All documents concerning any and all agency agreements entered into between Plaintiff on the one hand and Vikram Kapoor [and/or] S.N. Kapoor Exports …on the other hand concerning Plaintiff's Designs. |
| 63.  All documents concerning any and all profit sharing agreements entered between Plaintiff and You concerning Plaintiff's Designs. | 33. All documents concerning any and all profit sharing agreements entered between Plaintiff on the one hand and Vikram Kapoor [and/or] S.N. Kapoor Exports . . . on the other hand concerning Plaintiff's Designs. |

19. The foregoing are only a few of the many redundancies. Samad already responded by producing over 2,600 documents, including documents requested from or evidencing communications with Kapoor. The subpoena is therefore wasteful.

20. To make matters worse, the October 27th subpoena seeks documents that include those that Kapoor already produced in response to the April 5th subpoena, and Samad already produced in response to defendants' sequential document requests. Samad has already produced all responsive documents, not including emails subject to the attorney work product doctrine, which Kapoor provided to me and Samad.

21. The number of requests and nuanced demands of the subpoena are simply overwhelming, particularly because Kapoor is one of two principals of his company and in charge of daily operations.

22. Kapoor has stated that answering the subpoena would require his personal attention, and he estimates it would take him a week of full-time effort to find all the documents demanded in the subpoena (if they exist), at the expense of his other obligations to the company.

23. The subpoena should also be quashed because it seeks virtually limitless financial information. It improperly demands documents regarding Kapoor's sales, customers, and other confidential and proprietary information, including the following:

        29. All documents concerning Your accounting records for <u>all</u> sales to <u>all</u> customers of carpets and/or rugs bearing Plaintiff's Designs.

        30. All documents concerning Your sales reports concerning sales of rugs and/or carpets bearing Plaintiff's Designs, including but not limited to lists of <u>all</u> customers to whom carpets and/or rugs bearing Plaintiff's Designs were sold.

        34. All documents concerning Your revenues related to rugs and/or carpets bearing Plaintiff's Designs.

        35. All documents concerning Your gross profits and net profits derived by You from sales of rugs and/or carpets bearing Plaintiff's Designs.

        71. All documents concerning payment to each individual employee who created each of Plaintiff's Designs.

24.     Moreover, Kapoor is not a client of Samad's attorneys.

25.     Although Samad's counsel provided Kapoor with assistance in connection with answering the first, 45-request subpoena, defendants' attorneys stated that it was improper for Samad's attorneys to provide Kapoor with such assistance. To prevent any such additional accusations, Samad's counsel is refraining from assisting Kapoor in how to object or respond to the second, 90-request subpoena.

26.     Kapoor is a resident of India, and does not have reasonable access to an attorney who practices the law of the United States (or New York) to assist him in responding to the October 27th subpoena.

27.     The subpoena demands production of documents dating back to 1992. If Kapoor has documents that old, they would be in storage and it would be overly burdensome to review them and determine whether they are relevant to this lawsuit.

28.     The subpoena is extremely broad. For example, only, the subpoena seeks, among other things, "1. All communications regarding communications between me (including S.N.

Kapoor Export, the company of which I am a principal) and Samad regarding Plaintiff's Designs." See Ex. A at 8.

29. Upon information and belief, given the almost daily communications Kapoor has had with Samad for more than 15 years, the number of responsive documents would be tremendous.

30. The subpoena's requests are frankly confusing and so numerous that it does not seem Kapoor can possibly answer all of them to the satisfaction of defendants' lawyers.

31. Finally, Kapoor will be attending a deposition in this case in New York on November 23, 2010, where requesting information from him would be a practical alternative to his parsing through 90 requests for documents.

32. By email, I requested that defendants withdraw the subpoena, which defendants declined to do.  I also invited defendants' counsel to narrow the scope of the subpoena, but defendants' counsel did not reply.

33. As set forth above, Kapoor would be unduly burdened by attempting to respond to the second subpoena, which seeks information already produced in response to document demands to Samad; would take significant resources of the individual and small business that received the subpoena; imposes a vast, 18-year scope of discovery; and seeks virtually limitless financial, confidential and proprietary information.  The subpoena is intended to harass, and should be quashed.

## Conclusion

For the foregoing reasons, plaintiff Samad Brothers, Inc., respectfully requests that the subpoena dated October 27, 2010, from defendants to non-party witness Vikram Kapoor be quashed.

Dated: New York, New York
November 10, 2010

KAUFMAN & KAHN, LLP

Mark S. Kaufman
747 Third Avenue, 32nd Floor
New York, NY  10017
(212) 293-5556
Email:  kaufman@kaufmankahn.com