UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x

SAMAD BROTHERS, INC., : Case No. 09 Civ. 5843
: (JFK / KNF)
:
Plaintiff, :
: **DECLARATION OF**
: **VIKRAM KAPOOR IN**
-- against -- : **SUPPORT OF MOTION TO**
: **QUASH SUBPOENA**
:
BOKARA RUG CO. INC., JAN SOLEIMANI, and :
GABRIEL VAKNIN, :
:
Defendants. :
:
------------------------------------------------------- x

VIKRAM KAPOOR, under penalties of perjury of the laws of the United States of America, declares as follows:

1. I am a non-party witness to some of the events in this lawsuit, and submit this declaration in support of the motion of plaintiff Samad Brothers, Inc. ("Samad") to quash the subpoena for documents dated October 27, 2010 which defendants served upon me.

2. If for any reason Samad is not permitted to bring its motion to quash the subpoena, I respectfully submit that this be deemed my timely objection to the subpoena.

3. The subpoena for documents consists of 90 separate, detailed questions; follows a subpoena for documents consisting of 45 questions, to which I already responded; seeks documents that I understand have already been requested from and produced by plaintiff; seeks, among other things, documents that are subject to the attorney work product doctrine; and seeks information that can be asked of me at my deposition, scheduled for November 23, 2010.

4. The number of requests and nuanced demands of the subpoena are simply overwhelming. I am one of two principals of my company and in charge of daily operations; answering the subpoena would require my personal attention; and I estimate it would take me a week of full-time effort to find all the documents demanded in the subpoena (if they exist), at the expense of my other obligations to the company.

5. I am not a client of Samad's attorneys. Although they provided assistance in connection with answering the first, 45-request subpoena, I understand that defendants' attorneys stated that it was improper for Samad's attorneys to provide me with such assistance.

6. I am a resident of India, and do not have reasonable access to an attorney who practices the law of the United States (or New York) to assist me in responding to the 90 requests.

7. The subpoena demands production of documents dating back to 1992. If I have documents that old, they would be in storage and it would be overly burdensome to review them and determine whether they are relevant to this lawsuit.

8. The subpoena is extremely broad. For example, only, the subpoena seeks, among other things, "1. All communications regarding communications between me (including S.N. Kapoor Export, the company of which I am a principal) and Samad regarding Plaintiff's Designs." Given the almost daily communications I have with Samad, and have had since 1992, the number of responsive documents would be unduly burdensome.

9. The subpoena seeks, among other things, documents regarding my sales, customers, and other confidential and proprietary information.

10. The subpoena seeks, among other things, communications with Samad's counsel that I understand from Samad's counsel are subject to the attorney work product doctrine because they relate to preparing for and litigating this case.

11. The subpoena seeks, among other things, documents that I have already produced to Samad's attorneys in response to defendants' discovery demands to Samad. Upon information and belief, Samad's attorneys produced all documents that I provided to them.

12. The subpoena's requests are frankly confusing and so numerous that I feel I cannot possibly answer all of them to the satisfaction of defendants' lawyers.

13.  I will be attending a deposition in this case in New York on November 23, 2010. Requesting information from me during the deposition would be a practical alternative to my parsing through 90 requests for documents.

**WHEREFORE**, I respectfully submit that defendants' subpoena for documents, dated October 27, 2010, addressed to me c/o Kaufman & Kahn, LLP, be quashed, and that my objections to the subpoena by duly noted.

Dated: Jaipur, India

November 11, 2010

_____
Vikram Kapoor