UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| SAMAD BROTHERS, INC., | : |
| Plaintiff, | :    Case No. 09 Civ. 5843 (JFK / KNF) |
| -- against -- | : |
| BOKARA RUG CO. INC., JAN SOLEIMANI, and GABRIEL VAKNIN, | : |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
TO QUASH SUBPOENA ISSUED TO VIKRAM KAPOOR**

Dated:            November 11, 2010

             KAUFMAN & KAHN, LLP
             Mark S. Kaufman
               (Email: Kaufman@kaufmankahn.com)
               Attorneys for Plaintiff
             747 Third Avenue, 32nd Floor
             New York, NY  10017
             Tel.: (212) 293-5556

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO QUASH SUBPOENA ISSUED TO VIKRAM KAPOOR

Plaintiff Samad Brothers, Inc. ("Samad") seeks to quash a subpoena served on Vikram Kapoor, a non-party witness to events at issue in this lawsuit. The subpoena for documents consists of 90 separate, detailed questions; follows a subpoena for documents consisting of 45 questions, to which Kapoor already responded; seeks documents that have already been requested from and produced by plaintiff; seeks, among other things, documents that are subject to the attorney work product doctrine (as this Court has already ruled); and seeks information that can be asked of him at his deposition, scheduled for November 23, 2010.[1]

Under the Federal Rules, the subpoena should be quashed. Fed. R. Civ. P. Rule 45(c)(3)(A)(iv) provides that the Court "must quash or modify a subpoena" that "subjects a person to undue burden." Moreover, the limitations on discovery in Rule 26(b)(2)(C) provide that the Court must limit the extent of discovery if it determines that "(i) the discovery sought ... can be obtained from some other source that is more convenient, less burdensome, or less expensive; [or] (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."

In this instance, the 90-question subpoena is unduly burdensome. It seeks information that can be (and has been) obtained from Samad in response to document requests already demanded by defendants. Finally, defendants can obtain information in a less intrusive manner at Kapoor's deposition in New York, scheduled for November 23, 2010.

---

[1] Facts and documents supporting this Memorandum of Law are set forth in the accompanying Declaration of Mark S. Kaufman dated November 11, 2010 ("Kaufman") and Declaration of Vikram Kapoor dated November 11, 2010.

**Factual Background**

On April 5, 2010 defendants served, by delivery to Samad's counsel, a subpoena for documents addressed to Kapoor. (Samad's counsel had agreed to accept service of process for Kapoor.) Kapoor is a principal of S.N. Kapoor Exports ("SNKE"), a company based in Jaipur, India. Under Kapoor's direction, SNKE designed and transferred to Samad 23 of the 25 rug designs at issue in the Third Amended Complaint. This first subpoena, dated April 5, 2010, consisted of 45 requests, relating to the designs at issue in the Second Amended Complaint. Kapoor objected and responded to the April 5 subpoena, and produced responsive documents.

Defendants served Samad their First Requests for Documents and Things dated November 25, 2009; their second set of document requests dated February 4, 2010; their third set of document requests dated June 1, 2010; their fourth set of document requests dated August 27, 2010; and their fifth set of document requests dated October 29, 2010. Most of these document requests are redundant, and Samad has timely objected and responded to them.[2]

Consistent with defendants' exuberant thoroughness, defendants served a second subpoena dated October 27, 2010 upon Vikram Kapoor, by service on Samad's attorneys. This subpoena seeks documents concerning the additional 15 designs set forth in the Third Amended Complaint, which was allowed to be served by Memorandum and Order dated June 30, 2010 (Docket No. 30). However, nothing in the October 27th subpoena limits the requests to exclude documents already produced in response to the April 5th subpoena, regarding the initial 10 designs set forth in the Second Amended Complaint. Thus, they are redundant and seek re-production of many documents.

---

[2] At the Court's request, Samad would provide copies of any and all of defendants' document requests, and/or Samad's responses thereto.

A. **Because the Subpoena for Documents Seeks Documents that Are Protected by the Attorney Work Product Doctrine, Samad Has Standing to Move to Quash the Subpoena**

Samad has standing to bring this motion because many of the requests to Kapoor seek documents that are subject to the protections of the attorney work product doctrine. Because Kapoor and Samad's counsel have communicated about virtually every issu addressed by the subpoena request, virtually every request seeks documents that would include communications between Kapoor and Samad's counsel in which they prepared for, and engaged in, this lawsuit. This Court has already determined, by Order dated July 29, 2010 (Docket No. 37), that Samad need not produce email correspondence between Samad's counsel and Vikram Kapoor. Thus, defendants' attempt to obtain, *inter alia*, such documents from Kapoor is nothing less than an attempt to circumvent the Court's Order.

Fed. R. Civ. P. Rule 45 provides that "a person commanded to produce [documents] may ... serve ... a written objection to inspecting ... any or all of the designated materials ..." Fed. R. Civ. P. 45(c)(2)(B). However, "standing may be found when the movant asserts a 'claim of privilege,' 'has a sufficient privacy interest in the confidentiality of the records sought,' or seeks to protect 'a proprietary interest in the subpoenaed matter'." In re Rule 45 Subpoena Issued to Cablevision Systems Corp. re: IP Address 69.120.35.31., 2010 WL 2219343, *4 (E.D.N.Y. 2010) (citations omitted).

In Ungar v. Palestinian Auth., 400 F. Supp. 2d 541, 553 ( S.D.N.Y. 2005), the court found that defendant had standing to quash a subpoena issued to the defendant's attorneys, where there was an "excessive number of documents requested, the unlikelihood of obtaining relevant information, and the existence of attorney-client privilege for all documents." Thus, the subpoena on the law firm was quashed.

3

Similarly, Samad has demonstrated that the email correspondence, which reveals its attorney's thoughts and strategies, are subject to the attorney work product doctrine, and such emails would be responsive to many of the requests made in the October 27th subpoena. As such, Samad has standing to bring this motion.

**B.     Bokara's Second Subpoena, Dated October 27, 2010, Is Overly Burdensome**

The October 27th subpoena consists of 90 separate demands.  See Kaufman Ex. A.  The subpoena seeks production of documents from both Kapoor and the corporation of which he is a principal, S.N. Kapoor Exports ("SNKE").  Id. at 2.H.  The effective time period for this subpoena is from January 1992 through the present – a span of 18 years. Id. at 3, ¶ 8.

The subpoena's requests are also redundant of prior discovery. They seek virtually the same documents as set forth in, *inter alia*, defendants' 4th Set of Requests for Document and Things addressed to plaintiff Samad.  By way of example, only, compare the following:

| October 27th Subpoena | Defendants' 3rd Set of Document Requests |
|---|---|
| 1. All documents concerning communications between You and Samad regarding Plaintiff's Designs. | 4. To the extent not previously produced, all documents concerning Plaintiff's communications with Vikram Kapoor, including but not limited to Plaintiffs agents', representatives' and attorneys' communications with Vikram Kapoor. |
|  | **Defendants' 4th Set of Document Requests** |
| 15. All documents concerning any and all agreements entered into between Plaintiff and You concerning Plaintiff's Designs, including, but not limited to, any work for hire agreements or licensing agreements which may have been superseded by any subsequent written transfers of ownership signed by You. | 4. All documents concerning work for hire agreements entered into between Plaintiff on the one hand and Vikram Kapoor [and/or] S.N. Kapoor Exports . . . on the other hand, whether or not such agreements were superseded, voided, or invalidated.<br><br>24. All documents concerning any and all agreements entered into between Plaintiff on the one hand and Vikram Kapoor [and/or] S.N. Kapoor Exports … on the other hand concerning Plaintiff's Designs, including, but not limited to, any work for hire agreements or licensing agreements which may |

4

| | |
|---|---|
| | have been superseded by any subsequent written transfers of ownership signed by Vikram Kapoor [and/or] S.N. Kapoor Exports and/or Jain Carpets. <br><br> 73. To the extent not previously produced, all documents concerning work for hire agreements. |
| 22. All documents concerning indemnification agreements between You and Plaintiff concerning Plaintiff's Designs. | 25. All documents concerning indemnification agreements between Plaintiff on the one hand and Vikram Kapoor [and/or] S.N. Kapoor Exports … on the other hand. |
| 58. All documents concerning any and all settlement agreements, and/or memoranda of understanding, entered into between Plaintiff and You. | 23. All documents concerning any and all settlement agreements, and/or memoranda of understanding, entered into between Plaintiff on the one hand and Vikram Kapoor [and/or] S.N. Kapoor Exports … on the other hand. |
| 60. All documents concerning any and all licensing agreements entered into between You and Plaintiff concerning Plaintiff's Designs. | 29. All documents concerning any and all licensing agreements entered into between Plaintiff on the one hand and Vikram Kapoor [and/or] S.N. Kapoor Exports …on the other hand concerning Plaintiff's Designs. |
| 61. All documents concerning any and all agency agreements entered into between You and Plaintiff, including all agency agreements concerning Plaintiff's Designs. | 31. All documents concerning any and all agency agreements entered into between Plaintiff on the one hand and Vikram Kapoor [and/or] S.N. Kapoor Exports …on the other hand concerning Plaintiff's Designs. |
| 63. All documents concerning any and all profit sharing agreements entered between Plaintiff and You concerning Plaintiff's Designs. | 33. All documents concerning any and all profit sharing agreements entered between Plaintiff on the one hand and Vikram Kapoor [and/or] S.N. Kapoor Exports . . . on the other hand concerning Plaintiff's Designs. |

These are only a few of the many redundancies. Samad already responded by producing over 2,600 documents, including documents requested from or evidencing communications with Kapoor. The subpoena is therefore wasteful.

To make matters worse, the October 27th subpoena seeks documents that include those that Kapoor already produced in response to the April 5th subpoena. Samad's attorneys produced all documents that Kapoor provided to them. Kapoor ¶ 11, Kaufman ¶ 20.

5

Documents responsive to virtually all the requests would include communications with Samad's counsel created in preparation for and during this lawsuit, which are protected by the attorney work product doctrine.

In his accompanying declaration, Kapoor objects to the subpoena.  <u>See</u> Kapoor at ¶ 2.  <u>See also</u> Fed. R. Civ. P. Rule 45(c)(2)(B) (recipient of subpoena may object thereto).  The number of requests and nuanced demands of the subpoena are simply overwhelming, particularly because Kapoor is one of two principals of his company and in charge of daily operations.  Answering the subpoena would require his personal attention, and he estimates it would take him a week of full-time effort to find all the documents demanded in the subpoena (if they exist), at the expense of his other obligations to the company.  Kapoor ¶ 4.

The subpoena should also be guarded because it seeks virtually limitless financial information, including by way of example, only, the following:

> 29.  All documents concerning Your accounting records for <u>all</u> sales to <u>all</u> customers of carpets and/or rugs bearing Plaintiff's Designs.
>
> 34.  All documents concerning Your revenues related to rugs and/or carpets bearing Plaintiff's Designs.
>
> 35.  All documents concerning Your gross profits and net profits derived by You from sales of rugs and/or carpets bearing Plaintiff's Designs.
>
> 71.  All documents concerning payment to each individual employee who created each of Plaintiff's Designs.

Moreover, Kapoor is not a client of Samad's attorneys.  Although Samad's counsel provided Kapoor with assistance in connection with answering the first, 45-request subpoena, defendants' attorneys stated that it was improper for Samad's attorneys to provide Kapoor with such assistance.  To prevent any such additional accusations, Samad's counsel is refraining from assisting Kapoor in how to object or respond to this second, 90-request subpoena.

Kapoor is a resident of India, and does not have reasonable access to an attorney who practices the law of the United States (or New York) to assist him in responding to the October 27th subpoena.

The subpoena demands production of documents dating back to 1992. If Kapoor has documents that old, they would be in storage and it would be overly burdensome to review them and determine whether they are relevant to this lawsuit. Kapoor ¶¶ 6-7.

The subpoena is extremely broad. For example, only, the subpoena seeks, among other things, "1. All communications regarding communications between me (including S.N. Kapoor Export, the company of which I am a principal) and Samad regarding Plaintiff's Designs." See Kaufman Ex. A at 8. Given the almost daily communications Kapoor has had with Samad over more than 15 years, the number of responsive documents would be tremendous. Kapoor ¶ 8.

As set forth above, the subpoena improperly seeks documents regarding Kapoor's sales, customers, and other confidential and proprietary information.

The subpoena's requests are frankly confusing and so numerous that Kapoor feels he cannot possibly answer all of them to the satisfaction of defendants' lawyers. Kapoor ¶ 12. Finally, Kapoor will be attending a deposition in this case in New York on November 23, 2010, where requesting information from him would be a practical alternative to his parsing through 90 redundant requests for documents.

Samad's counsel requested that defendants withdraw the subpoena, which defendants declined to do. Samad's counsel also invited defendants' counsel to narrow the scope of the subpoena, but defendants' counsel did not reply.

Courts have noted that "discovery is not boundless, and a court may place limits on discovery demands that are 'unreasonably cumulative or duplicative,' or in cases 'where the

7

burden or expense of the proposed discovery outweighs its likely benefit ....'"  <u>Kingsway Financial Services, Inc. v. Pricewaterhouse-Coopers LLP</u>, 2008 WL 4452134 (S.D.N.Y.), citing Fed.R.Civ .P. 26(b)(2)(C)(i)-(iii).   The determination of whether a subpoena is unduly burdensome turns, in part, on the need for the documents.  <u>Id</u>.  Whether a subpoena imposes an "undue burden" depends on factors including relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described, and the burden imposed.  <u>In re Biovail Corporation Securities Litigation</u>, 247 F.R.D. 72, 74 (S.D.N.Y. 2007) (virtually limitless financial and other information that plaintiff sought was unnecessary and irrelevant, and "the burden these demands place on the subpoenaed non-parties and diversion of their staff to provide it far outweighs any probative value of the information.")  In addition, the status of a witness as a non-party to the underlying litigation "entitles [the witness] to consideration regarding expense and inconvenience."   <u>Concord Boat Corp. v. Brunswick Corp.,</u> 169 F.R.D. 44, 50 (S.D.N.Y.1996).

     As set forth above, Kapoor would be unduly burdened by attempting to respond to the second subpoena, which seeks information already produced in response to document demands to Samad; would take significant resources of the individual and small business that received the subpoena; imposes a vast, 18-year scope of discovery; and seeks virtually limitless financial, confidential and proprietary information.  The subpoena is intended to harass, and should be quashed.  Further, because Samad and Kapoor have already provided documents in response to virtually the same demands, defendants cannot demonstrate the need for such additional discovery.

## **Conclusion**

For the foregoing reasons, plaintiff Samad Brothers, Inc., respectfully requests that the subpoena dated October 27, 2010, from defendants to non-party witness Vikram Kapoor be quashed.

Dated: New York, New York
November 11, 2010

KAUFMAN & KAHN, LLP

_____
Mark S. Kaufman
747 Third Avenue, 32nd Floor
New York, NY  10017
(212) 293-5556
Email:  kaufman@kaufmankahn.com