UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
SAMAD BROTHERS, INC.,                         )   09 CV 5843 (JFK)(KNF)
                 Plaintiffs,   )
                                                                             )
                  - v -                                                  )   **DECLARATION**
                                                                            )
BOKARA RUG CO., INC., JAN SOLEIMANI, AND     )
GABRIEL VAKNIN,                              )
                                                                             )
                 Defendant.                                )
---------------------------------------------------------------- X

       **JOANNE J. ROMERO, ESQ.**, an attorney duly admitted to practice law in the courts of this State and this Federal District, declares pursuant to 28 U.S.C. § 1746, under penalties of perjury, that the following is true and accurate to the best of my knowledge and belief:

       1.    I am an associate with the law firm of Lewis Brisbois Bisgaard & Smith, LLP, attorneys for the Defendants herein. I submit this Declaration in opposition to Plaintiff's motion to quash Defendants' October 27, 2010 subpoena to Vikram Kapoor. Annexed hereto as Exhibit A is a true and correct copy of the October 27, 2010 subpoena.

       2.    This is a copyright infringement case in which Plaintiff claims to own certain carpet designs. Plaintiff's theory of ownership has changed significantly since it brought this case, as plaintiff has amended its complaint three times and is still seeking to amend it a fourth time. In the first three versions of its complaint (ECF Docket Nos. 1, 4 and 9), plaintiff contended that it was the author of the designs at issue. Its Third Amended Complaint (Docket No. 33), and its proposed Fourth Amended Complaint (Docket No. 35, Exh. 3), now claim that Vikram Kapoor is the author, and plaintiff is an exclusive assignee of Vikram Kapoor.

4832-7983-6424.1

3. As further background, Plaintiff filed the original complaint in this action against Bokara Rug Co., Inc. on June 25, 2009 alleging infringement by Bokara of the copyrights in nine rug designs allegedly owned by Plaintiff. (ECF Docket No. 1). Plaintiff filed an amended complaint as of right on August 13, 2009, to allege infringement of a tenth design. (ECF Docket No. 4). Pursuant to a Stipulated Consent and Order dated September 8, 2009, on September 9, 2009, Samad served the Second Amended Complaint, which added the individual defendants, Gabriel Vaknin and Jan Soleimani, to this action. (ECF Docket No. 9). Plaintiff filed a third amended complaint on July 19, 2010 amending the complaint to add **fifteen** additional designs, **thirteen** of which were allegedly created by Vikram Kapoor. (Docket No. 33). Exclusive copyright ownership rights were allegedly assigned to Plaintiff by Kapoor. Third Amended Complaint, Docket No. 33, ¶ 17.

4. That contention rests on a series of documents purporting to be assignments from Vikram Kapoor, and his company, S.N. Kapoor Exports, an Indian entity, to Plaintiff. Though the agreements are dated "as of" various dates between January 28, 1998 and July 26, 2003, they are, it turns out, recent fabrications. Plaintiff has admitted in response to interrogatories that these "assignments" were prepared <u>after the commencement of this litigation</u> by "Malcolm Samad, with the assistance of counsel, Mark S. Kaufman," and then purportedly signed by Mr. Kapoor on behalf of S.N. Kapoor Exports. A true and correct copy of the relevant portion of Plaintiff's responses to interrogatories is attached as Exhibit B hereto.

5. Following receipt of these documents, defendants served a document subpoena upon Mr. Kapoor on April 5, 2010. A true and correct copy of the April 5, 2010 subpoena is attached as Exhibit C hereto. The document requests therein related

4832-7983-6424.1

to only those ten designs which were the subject matter of the Second Amended Complaint by virtue of having been served prior to the filing of the Third Amended Complaint.

6. Because Plaintiff amended the complaint to include an additional <u>thirteen</u> designs allegedly created by Vikram Kapoor, Defendants subsequently issued the October 27, 2010 subpoena to Vikram Kapoor which encompassed all twenty-three designs allegedly created by Vikram Kapoor now at issue.

7. Plaintiff has recently acknowledged that certain of the designs at issue are based on rug designs that are in the public domain and has produced documents indicating that it will either amend the registrations or has amended the registrations to reflect the public domain sources. For example, Plaintiff produced CA Form, dated September 24, 2010, amplifying the registration for the design called Bermuda, to note it is a derivative work based on public domain material. A true and correct copy of the document, bates stamped SAM 1875-1876, is attached hereto as Exhibit D. Accordingly, the October 27, 2010 subpoena also encompasses issues related to such amendments and public domain sources.

8. As described in defendants' accompanying memorandum of law, the subpoena which Plaintiff is moving to quash seeks: (1) evidence critical to the determination of authorship, originality, copyright validity, copyright ownership, and transfer of copyright ownership of the designs at issue in this lawsuit; (2) evidence concerning sales by Kapoor to third parties in the United States and India of the designs at issue despite having purportedly assigned all rights to Plaintiff, a fact which could prove: (a) there was a non-exclusive assignment rather than a transfer of copyright ownership rights as alleged by Plaintiff; (b) a dispute exists between Kapoor and

Plaintiff as to copyright ownership of the designs at issue thereby negating any claimed assignment and invalidating the copyright registrations which wrongly name Plaintiff as author (first under a work for hire theory, which is unsupportable, and now based on an assignment by written transfer);  (3) evidence concerning Kapoor's affiliations and/or control of third party distributors which sold allegedly infringing rugs to Defendants; and (4) evidence regarding the basis of amendments to the copyright registrations at issue in this case.  The documents requested would prove invaluable to the Court and to the jury in resolving factual disputes in this case and Plaintiff has not satisfied the burden of demonstrating that it has standing to quash the subpoena or that the subpoena represents any undue burden to Vikram Kapoor.

9. With respect to the time period of the Subpoena beginning 1992, the 1992 date is narrowly tailored to account for the fact that at least one of the designs at issue, Zarya, may have been created by Michael George as early as 1995 during a partnership Mr. George had with Vikram Kapoor that allegedly began as early as 1994.  Based on the fact that there are relevant dealings beginning as early as 1994, a two year window in the event earlier dealings come to light did not seem unreasonable.  Annexed to this Declaration as Exhibit E hereto is a true and correct copy of an email from Michael George to Mark Kaufman.

10. With respect to the claim that the October 27, 2010 subpoena seeks documents that are work product privileged and that the request seeks to circumvent the July 29, 2010 Order of Magistrate Judge Kevin Nathaniel Fox holding these communications are privileged and not subject to disclosure, we note the July 29, 2010 Order was limited to email messages listed in Plaintiff's July 27, 2010 privilege log.

Annexed to this Declaration as Exhibits F and G hereto are true and correct copies of the July 29, 2010 Order and the July 27, 2010 privilege log, respectively.

11. Despite Plaintiff's claims that it has produced all documents responsive to requests listed in Defendants' subpoena and/or is an alternative source for the documents requested, Plaintiff has objected to several document requests issued to Plaintiff which were also the subject of the October 27, 2010 subpoena to Vikram Kapoor. Plaintiff has objected on the basis that the documents are in the possession of Vikram Kapoor. For example, Defendants' Fourth Set of Document Requests sought the book by Susie Day given to Vikram Kapoor by Michael George. (See Request No. 13). Plaintiff objected that this request sought documents already produced by, or purportedly in the possession, custody or control of, third parties. The book by Susie Day has not been produced. Accordingly, the objection lies solely on the basis that it is in the possession, custody or control of, third parties, namely Vikram Kapoor. Annexed to this Declaration as Exhibit H hereto is a true and correct copy of relevant portions of Plaintiff's Responses to Defendants' Fourth Set of Requests for Documents and Things.

12. Similarly, Plaintiff alleges it has produced over 2,600 documents that are responsive to the Vikram Kapoor subpoena. However, these documents are responsive to four sets of document requests directed to Plaintiff, not Vikram Kapoor, and which do not, for the most part, encompass issues concerning Vikram Kapoor. In fact, Plaintiff has identified only eight requests presented to Vikram Kapoor which it feels are similar to 9 requests made to Plaintiff. However, Plaintiff has failed to demonstrate that it has adequately responded to the "duplicate" requests. For example, one of the "duplicate" requests to Plaintiff is identified by Plaintiff as being contained in the third set of document requests, request no. 4. The October 27 request seeks "all documents

4832-7983-6424.1

concerning communications between You and Samad regarding Plaintiff's Designs." Plaintiff responded to the "duplicate" document request in the third set of requests for documents as follows:

> Plaintiff objects to this request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are subject to the attorney work product doctrine (as set forth in a privilege log already provided). Subject to and without waiving any of its objections, Plaintiff responds that it has provided responsive documents regarding Plaintiff's Designs, limited as agreed on January 14, 2010, to purchase orders sufficient to identify manufacturers and excluding routine shipping documents.

This response is not a complete response to the request issued to Vikram Kapoor because the request to Vikram Kapoor is not limited to purchase orders sufficient to identify manufacturers and excluding routine shipping documents. Also, Plaintiff's response, dated July 9, 2010, was dated ten days prior to the date the Third Amended Complaint was filed. Accordingly, Plaintiff's response was limited to only those ten designs at issue in the Second Amended Complaint. Moreover, the July 9, 2010 response precedes the October 27, 2010 Subpoena by over three months. The privilege log produced by Plaintiff does not include any emails after July 22, 2010. Accordingly, there are more than three months of emails unaccounted for on any privilege log. Accordingly, Plaintiff has not met its burden on this motion of showing that the request is duplicate and that its prior response fully responds to the October 27, 2010 subpoena request. Annexed to this Declaration as Exhibit I hereto is a true and correct copy of Plaintiff's Responses to Defendants' Third Set of Requests for Documents and Things.

    13.    I declare under penalty of perjury that the foregoing is true and correct. Executed on November 18, 2010.

_____
Joanne J. Romero

4832-7983-6424.1