UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

SAMAD BROTHERS, INC.                                    Case No. 09 CV 5843
                                                        (JFK)(KNF)
                                                        ECF Case

                              Plaintiff,

              -against-

BOKARA RUG CO., INC., JAN SOLEIMANI, AND
GABRIEL VAKNIN,

                              Defendants.

------------------------------------------------------------------------ X

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION TO QUASH THE
SUBPOENA


                              LEWIS BRISBOIS BISGAARD & SMITH LLP

                              77 Water Street, Suite 2100
                              New York, New York 10005
                              (212) 232-1300

                              Attorneys for Defendants

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ........................................................................................ 1

FACTUAL BACKGROUND ........................................................................................... 2

ARGUMENT ................................................................................................................. 3

I.  Plaintiff Does Not Have Standing To Move to Quash the Subpoena .......................... 3

II.  The Court Should Enforce The Subpoena as Plaintiff Has Failed to
    Demonstrate That Kapoor Will Bear "Undue Burden" ............................................ 6

       A.      The Information Sought Is Relevant .............................................. 6

       B.      Defendants Need The Requested Documents .............................. 10

       C.      The Document Requests And The Time Period Covered Are
            Narrow ........................................................................................... 13

       D.      Plaintiff Has Failed To Demonstrate Any Burden ........................... 13

       E.      The Court Should Enforce The Subpoena ...................................... 14

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Bridgeport Music, Inc.*, 2007 U.S. Dist. LEXIS 91957
(S.D.N.Y. Dec. 17, 2007) ..................................................................................... 6, 8, 9, 14

*Davidson Pipe Co. v. Laventhol and Horwath*, 120 F.R.D. 455 (S.D.N.Y. 1988).............. 9

*In re County of Orange*, 208 B.R. 117 (S.D.N.Y. 1997).................................................... 10

*Feist Publications, Inc. v. Rural Telegraph Serv. Co.*, 499 U.S. 340 (1991)..................... 2

*Goodyear Tire & Rubber Co. v. Kirk's Tire & Automobile Servicecenter of Haverstraw, Inc.*, No. 02 Civ. 0504, 2003 U.S. Dist. LEXIS 15917 (S.D.N.Y. Sep 10, 2003)............................................................................................................................. 4

*Jones v. Hirschfeld*, 219 F.R.D. 71 (S.D.N.Y. 2003) ................................................... 6, 10

*Nova Products, Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238 (S.D.N.Y. 2004) ..................... 4

*Ricoh Co. v. Aeroflex Inc.*, 219 F.R.D. 66 (S.D.N.Y. 2003) .............................................. 4

*Riddell Sports, Inc. v. Brooks*, 158 F.R.D. 555 (S.D.N.Y. 1994), *quoting Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978) ............................................... 7

*Ungar v. Palestinian Authority*, 400 F. Supp. 2d 541 (S.D.N.Y. 2005) ............................ 5

### FEDERAL STATUTES

Fed. R. Civ. P. 26................................................................................................................. 7

Fed. R. Civ. P. 45................................................................................................................. 7

## PRELIMINARY STATEMENT

Defendants submit this memorandum of law in opposition to Plaintiff's motion to quash Defendants' October 27, 2010 subpoena served upon Vikram Kapoor by delivery to Plaintiff's counsel.[1]

The October 27, 2010 subpoena seeks: (1) evidence critical to the determination of authorship, originality, copyright validity, copyright ownership, and transfer of copyright ownership of the designs at issue in this lawsuit; (2) evidence concerning sales by Kapoor to third parties in the United States and India of the designs at issue despite having purportedly assigned all rights to Plaintiff, a fact which could prove: (a) there was a non-exclusive assignment rather than a transfer of copyright ownership rights as alleged by Plaintiff;  (b) a dispute exists between Kapoor and Plaintiff as to copyright ownership of the designs at issue thereby negating any claimed assignment and invalidating the copyright registrations which wrongly name Plaintiff as author (first under a work for hire theory, which is unsupportable, and now based on an assignment by written transfer);  (3) evidence concerning Kapoor's affiliations and/or control of third party distributors which sold allegedly infringing rugs to Defendants; and (4) evidence regarding the basis of amendments to the copyright registrations at issue in this case. (See Romero Decl. at ¶ 8; see also October Subpoena attached as Exhibit A to Romero Decl.). The documents requested would prove invaluable to the Court and to the jury in resolving factual disputes in this case.  Thus, defendants respectfully request that the Court enforce the subpoena.

---

[1] Such service is based on an existing agreement among the parties that Plaintiff's counsel would accept service on behalf of Vikram Kapoor.  As acknowledged in Plaintiff's memorandum of law, Plaintiff's counsel had accepted a prior subpoena on behalf of Vikram Kapoor and prepared the responses and objections thereto.

## FACTUAL BACKGROUND

As plaintiff in this copyright infringement case, Plaintiff has the burden to prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). As to ownership, plaintiff's theory has changed radically since the outset of its case, in which Plaintiff has served no fewer than four versions of its Complaint. Plaintiff filed the original complaint in this action against Bokara Rug Co., Inc. on June 25, 2009. The original complaint alleged infringement by Bokara of the copyrights in nine rug designs allegedly owned by Plaintiff. Plaintiff filed an amended complaint as of right on August 13, 2009, to allege infringement of a tenth design. Pursuant to a Stipulated Consent and Order dated September 8, 2009, on September 9, 2009, Samad served the Second Amended Complaint, which added the individual defendants, Gabriel Vaknin and Jan Soleimani, to this action. Plaintiff filed a third amended complaint on July 19, 2010 amending the complaint to add fifteen additional designs, thirteen of which were allegedly created by Vikram Kapoor.

While in its first three versions of the complaint, Plaintiff contended that it was the author of the works at issue, its Third Amended Complaint now claims that Plaintiff did not create the works, but is an assignee. That contention rests on evidence from Vikram Kapoor, and his company, S.N. Kapoor Exports, an Indian entity that Plaintiff now contends "created all the Samad Designs . . . and assigned all rights therein exclusively to Samad." Third Amended Complaint, ¶ 17. Mr. Kapoor, who is apparently an owner and officer of S.N. Kapoor Exports, is the *sine qua non* of Samad's case.

Samad's amended ownership theory is entirely dependent on a series of documents purportedly executed by Kapoor that were produced by Samad as purported

assignments of copyright ownership. Though they are dated "as of" various dates between January 28, 1998 and July 26, 2003, they are, it turns out, recent fabrications. Plaintiff has admitted in response to interrogatories that these "assignments" were prepared after the commencement of this litigation by "Malcolm Samad, with the assistance of counsel, Mark S. Kaufman," and then purportedly signed by Mr. Kapoor on behalf of S.N. Kapoor Exports.

Although Defendants had previously served, by delivery to Plaintiff's counsel, a subpoena upon Vikram Kapoor on April 5, 2010 requesting various documents, the document requests therein related to only those ten designs which were the subject matter of the Second Amended Complaint by virtue of having been served prior to the filing of the Third Amended Complaint. Because Plaintiff amended the complaint to include an additional thirteen designs allegedly created by Vikram Kapoor, Defendants subsequently issued the October 27, 2010 subpoena to Vikram Kapoor which encompassed all twenty-three designs allegedly created by Vikram Kapoor now at issue.

## ARGUMENT

### I. Plaintiff Does Not Have Standing To Move to Quash the Subpoena

Plaintiff baldly claims that it has standing to bring the motion to quash the subpoena served by Defendants because many of the documents sought are subject to the attorney work product doctrine given "Kapoor and Plaintiff's counsel have communicated about virtually every issue addressed by the subpoena request. . ." (see Pl's Mem. p.3).

A party ordinarily lacks standing to quash a subpoena directed at a nonparty unless the party is seeking to protect a personal privilege or right.

4828-6564-6856.1                                    3

Nova Prods., Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 241 (S.D.N.Y. 2004) (emphasis added). Plaintiff is asserting privilege based on the work product doctrine. In order for Defendants to assert privilege under the attorney work product doctrine, they must be able to show that the documents were prepared (1) "in anticipation of litigation" (2) by a party or its representative and (3) not in the ordinary course of business. Fed. R. Civ. P. 26(b)(3); Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicecenter of Haverstraw, Inc., No. 02 Civ. 0504, 2003 U.S. Dist. LEXIS 15917, *12 (S.D.N.Y. Sep 10, 2003). A movant must be able to satisfy all three criteria. Ricoh Co. v. Aeroflex Inc., 219 F.R.D. 66, 68 (S.D.N.Y. 2003).

Plaintiff cannot meet the burden of showing that the subpoena seeks privileged documents. The conclusory assertion that Kapoor and Plaintiff's counsel have had discussions concerning all the issues in the subpoena does not render the documents sought or the general issues privileged. It is merely the discussions alleged by Plaintiff that would arguably be privileged, but Plaintiff would have the burden of demonstrating such privilege exists.

There is only one document request in the subpoena that specifically requests communications between Kapoor and Samad, and that is the first document request. Accordingly, any claim of privilege would be limited to the first document request. However, the subpoena contemplates that documents may be claimed to be privileged and simply requires that a privilege log be provided. As such, even the first document request would be satisfied by a privilege log. Given that only one document request calls for the type of documents identified by Plaintiff as privileged, this is hardly sufficient to confer standing upon Plaintiff to quash the entire subpoena wherein the bulk of the requests do not seek communications, much less privileged communications.

4828-6564-6856.1                                    4

Plaintiff claims that Defendants are somehow attempting to circumvent the July 29, 2010 Order concerning work product privilege by service of the subpoena. However, the only Kapoor documents ever identified by Plaintiff as being privileged are forty-eight specific emails listed on a July 27, 2010 privilege log. The July 29, 2010 Order did not rule that all email correspondence between Samad's counsel and Vikram Kapoor is protected by the work product doctrine, only that the specific emails listed in the privilege log and reviewed by Magistrate Judge Kevin N. Fox *in camera* were privileged. Accordingly, Plaintiff cannot use the July 29, 2010 Order as a blanket shield to prevent production of all communications between Plaintiff and Vikram Kapoor, much less all documents requested by Defendants. Notably, with respect to those 48 emails subject to July 27, 2010 Order, the subpoena could be modified to exclude those emails subject to any subsequent modification by the District Court Judge of the July 27, 2010 Order.

Plaintiff cited Ungar v. Palestinian Auth., 400 F. Supp. 2d 541, 553 (S.D.N.Y. 2005) to support the proposition that Plaintiff's claim of privilege is sufficient to quash the subpoena. However, this case is distinguishable from the facts of Ungar in that the attorney-client privilege cited in Ungar evidently existed for all documents requested as the subpoena was issued to non-party White & Case, movant's legal counsel. This is not a case in which a subpoena was issued to Plaintiff's counsel, the subpoena in this case is issued to Vikram Kapoor, who is not Plaintiff's attorney and is a non-party. Moreover, as discussed above, only one document request can be interpreted as seeking privileged communications, as such this factor also renders the case at bar distinguishable from Ungar wherein all the document requests sought privileged documents.

4828-6564-6856.1

5

Based on the foregoing, Plaintiff does not have standing to quash this subpoena. The subpoena does not seek the production of privileged communications as it contemplates the provision of a privilege log. Moreover, Plaintiff has failed to show that all communications contemplated by the subpoena would be privileged, much less that any document requests other than the first document request can be interpreted as encompassing any privileged communications.

## II. The Court Should Enforce The Subpoena as Plaintiff Has Failed to Demonstrate That Kapoor Will Bear "Undue Burden"

Despite its protests, Plaintiff has failed to demonstrate that Kapoor would bear any undue burden or expense if it were compelled to comply with the Subpoena served upon it. "An evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party. Whether a subpoena imposes an "undue burden" depends upon 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" Bridgeport Music, Inc. v. UMG Recordings, Inc., 05 Civ. 6430 (VM)(JCF), 2007 U.S. Dist. LEXIS 91957, 4-5 (S.D.N.Y. Dec. 17, 2007). "The burden of persuasion in a motion to quash a subpoena and for a protective order is borne by the movant." Jones v. Hirschfeld, 219 F.R.D. 71, 74-75 (S.D.N.Y. 2003). For the reasons that follow, the Court should find that "the value of the information" to defendants that is requested is very great while "the burden to the subpoenaed party" is very limited.

### A. The Information Sought Is Relevant

"[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules." Advisory Committee Notes ("Notes") to 1970

Amendment to Rule 45.[2] Relevance ""has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."" Riddell Sports, Inc. v. Brooks, 158 F.R.D. 555, 561 (S.D.N.Y. 1994), *quoting* Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). ""[T]he court must be careful not to deprive a party of discovery that is reasonably necessary to afford a fair opportunity to develop and prepare the case." Notes to 1983 Amendment to Rule 26. .

### (1) Relevance To Assignment and/or License

Plaintiff claims that Kapoor created the Designs and assigned copyright ownership in the Designs to Plaintiff via oral agreements entered into over fiver years before a retroactive written assignment was created for purposes of this litigation. Plaintiff has produced purported written assignments by Vikram Kapoor that encompass 23 out of the 25 designs at issue and is now claiming that its copyright registrations and copyright ownership are based on these assignments. Moreover, it is undisputed that Kapoor has sold the designs at issue to parties in the United States, a fact which suggests that: (1) a license existed between Kapoor and Plaintiff wherein Vikram Kapoor granted Plaintiff a non-exclusive license to sell the designs (as opposed to an assignment of copyright ownership), (2) *assuming arguendo* claims of assignment are valid, Plaintiff granted Vikram Kapoor a license to sell the designs in the United States and India, and that sales to Defendants were pursuant to such license, or (3) a dispute exists between Kapoor and Plaintiff as to copyright ownership of the designs at issue,

---

[2] Rule 45(c) "is not intended to diminish rights conferred by Rules 26-37 or any other authority." Notes to 1991 Amendment. These Rules permit discovery of any non-privileged information "that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents [and] the identity and location of persons who know of any discoverable matter." Rule 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

thereby negating any claimed assignment and invalidating the copyright registrations which wrongly name Plaintiff as author (first under a work for hire theory, which is unsupportable, and now based on an assignment by written transfer). Given that the assignments are the gravamen of Plaintiff's claims of copyright ownership and this entire case, documents sought related thereto are relevant and critical to Defendants' defense of this action. See, Bridgeport Music, Inc., 2007 U.S. Dist. LEXIS 91957, 7-8 (finding that materials sought in subpoena issued to non-party counsel were relevant where it was undisputed that the gravamen of this case concerned the interpretation an underlying agreement).

### (2) Relevance To Creation

While Plaintiff's copyright ownership claims are premised on the assertion that Vikram Kapoor was the creator of the designs at issue and thereafter assigned ownership rights to such designs to Plaintiff, there is dispute as to who actually created the designs and who owns the designs. A non-party, Michael George claims to have created some of the designs, including, among others, Zarya, in 1995. Moreover, Kapoor is involved in litigation with Saraswati Global Ltd. and/or Saraswati Exports (collectively "Saraswati") in India over who owns certain of the designs at issue and documents were produced claiming designs were created by additional non-parties. Accordingly, documents requested of Kapoor concerning creation are relevant to the issue of whether Kapoor actually created the designs and thus had any ownership rights to assign.

### (3) Relevance To Originality

Plaintiff has recently acknowledged that certain of the designs at issue are based on rug designs that are in the public domain and has produced documents indicating

that it will either amend the registrations or has amended the registrations to reflect the public domain sources. See Romero Decl., Exhibit D. Accordingly, documents requesting public domain materials or pre-existing designs upon which the designs created by Vikram Kapoor were based, as well as documents requesting evidence of any original contributions made to the public domain or pre-existing designs is relevant to the issue of originality and copyright validity as Plaintiff failed to advise the Copyright Office of the pre-existing and/or public domain sources at the time of the registration applications. The issue of originality will also be relevant to the issue of copyright infringement.

### (4) Relevance To Impeachment

The documents requested are likely to provide valuable impeachment evidence for use by plaintiff and defendants alike. Discovery for impeachment is "always relevant." Bridgeport Music, Inc., 2007 U.S. Dist. LEXIS 91957, 8, quoting Davidson Pipe Co. v. Laventhol and Horwath, 120 F.R.D. 455, 461 (S.D.N.Y. 1988). As noted above, Kapoor claims to have assigned all copyrights to Plaintiff, yet Kapoor has continued selling the designs in India and the United States. Many of these sales by Vikram Kapoor to Defendants are now alleged to be infringing sales. These actions contradict any evidence that Kapoor entered into oral assignments of the designs years prior to having executed written agreements in 2009 based on any such assignments. Moreover, the public domain materials and pre-existing design documents would serve to impeach Kapoor's credibility as to the originality of the designs. Likewise, document requests concerning agreements between Plaintiff and Kapoor regarding sharing of damages recovery are also relevant to impeaching Kapoor's credibility.

9

## B. Defendants Need The Requested Documents

The "need of [defendants] for the documents" cannot be overstated. Defendants are defending against claims alleging willful copyright infringement of 25 Designs, many of which were allegedly created over 8 years ago. After the passage of so much time, as memories fail, documentary evidence to the Court and the jury as they seek to resolve factual disputes in this case is critical. Defendants are not aware of any alternative source for the documents requested and Plaintiff has not seriously contended that any other source exists – thus, defendants have a substantial need for the documentary evidence.

While Plaintiff alleges documents have already been produced, Kapoor has not shown that all the documents sought are duplicates of the documents within plaintiff's or defendant's possession. Defendants submit that speculation does not satisfy the burden on this motion. See Jones v. Hirschfeld, 219 F.R.D. at 74-75 (S.D.N.Y. 2003) ("The burden of persuasion in a motion to quash a subpoena and for a protective order is borne by the movant"); In re County of Orange, 208 B.R. 117, 121 (S.D.N.Y. 1997) (Gallet, J.) ("The mere assertion that a subpoena is burdensome, without evidence to prove the claim, cannot form the basis for an 'undue burden' finding"). In short, although there are some documents previously produced by Kapoor within defendants' possession, there remain very considerable gaps in defendants' evidence. This is particularly true as the first subpoena to which Kapoor issued responsive documents addressed only those claims in the Second Amended Complaint. The Third Amended Complaint alleges infringement of an additional thirteen designs allegedly created by Kapoor. Moreover, as acknowledged by Plaintiff, there are many requests in addition to those encompassed in the original subpoena. Accordingly, Plaintiff cannot claim that

4828-6564-6856.1                                    10

Kapoor's prior production was sufficiently comprehensive to cover all the designs now at issue or all the requests now made. The Subpoena served upon Kapoor will fill those evidentiary gaps.

While Plaintiff alleges it has produced over 2,600 documents, these 2,600 pages of documents do not all relate to Vikram Kapoor as they are responsive to four sets of document requests directed to Plaintiff, not Vikram Kapoor. Plaintiff has identified only eight requests presented to Vikram Kapoor which it feels are similar to 9 requests made to Plaintiff. However, Plaintiff has failed to demonstrate that it has adequately responded to the "duplicate" requests. For example, one of the "duplicate" requests to Plaintiff is identified by Plaintiff as being contained in the third set of document requests. The October 27 request seeks "all documents concerning communications between You and Samad regarding Plaintiff's Designs." Plaintiff responded to the "duplicate" document request as follows:

Plaintiff objects to this request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are subject to the attorney work product doctrine (as set forth in a privilege log already provided). Subject to and without waiving any of its objections, Plaintiff responds that it has provided responsive documents regarding Plaintiff's Designs, limited as agreed on January 14, 2010, to purchase orders sufficient to identify manufacturers and excluding routine shipping documents.

First, the request to Vikram Kapoor is not limited to purchase orders sufficient to identify manufacturers and excluding routine shipping documents. Second, Plaintiff's response, dated July 9, 2010, was dated ten days prior to the date the Third Amended Complaint was filed. Accordingly, Plaintiff's response was limited to only those ten designs at issue in the Second Amended Complaint. Moreover, the July 9, 2010 response precedes the October 27, 2010 Subpoena by over three months. The privilege log produced by Plaintiff does not include any emails after July 22, 2010.

11

Accordingly, there are more than three months of emails unaccounted for on any privilege log. Accordingly, Plaintiff has not met its burden on this motion of showing that the request is duplicate and that its prior response fully responds to the October 27, 2010 subpoena request. See Romero Decl. ¶12 and Ex. I.

In fact, Plaintiff has objected to several documents requests on the basis that the documents are in the possession of Vikram Kapoor. For example, Defendants' Fourth Set of Document Requests sought the book by Susie Day given to Vikram Kapoor by Michael George. See Romero Decl. ¶11 and Ex. H (Request No. 13). Plaintiff objected that this request sought documents already produced by, or purportedly in the possession, custody or control of, third parties. Given that Defendants have not received a copy of this book which contains relevant public domain material upon which at least one of the designs was based, the objection was based on possession, custody or control of third parties (namely Vikram Kapoor to whom the book was given by Michael George). Accordingly, Plaintiff cannot legitimately claim that it is a viable source of the documents requested of Vikram Kapoor.

In any event, Vikram Kapoor may have records in its possession, custody and/or control that are not in Plaintiff's possession, custody and/or control. Plaintiff has not provided any reason to believe that it would necessarily have all the same records that Vikram Kapoor has.

Plaintiff has the burden on this motion and has failed to identify which documents it has produced that are responsive documentation. In fact, the depositions of Plaintiff's officers indicate that there is much documentation that Plaintiff has claimed is in the possession of Vikram Kapoor.

12

## C. The Document Requests And The Time Period Covered Are Narrow

Plaintiff complains that the time period is overbroad because it begins in 1992. However, it does not explain why this period is overbroad and merely speculates that Vikram Kapoor may not even have documents dating back to 1992, and that if there are any they are in archives which would be expensive to obtain.

The 1992 date is narrowly tailored to account for the fact that at least one of the designs at issue, Zarya, may have been created by Michael George as early as 1995 during a partnership Mr. George had with Vikram Kapoor that allegedly began as early as 1994. (See, Romero Decl. at ¶ 9). Based on the fact that there are relevant dealings beginning as early as 1994, a two year window in the event earlier dealings come to light did not seem unreasonable.

Moreover, each document request is specifically limited to only documents concerning the Plaintiff's Designs, or is even more narrowly tailored. While Plaintiff requested that Defendants narrow the subpoena to only four document requests subject to confirmation that Plaintiff had produced all relevant documents to the other requests. Plaintiff has not provided any such confirmation and did not agree to produce responsive documents it had in its possession, custody, and/or control.

## D. Plaintiff Has Failed To Demonstrate Any Burden

Defendants submit that the foregoing factors weigh heavily in favor of compelling Kapoor to comply with the Subpoena. Plaintiff has failed to adequately identify any expense or other burden that should change this result. The only burden would be the cost of reproducing any documents within its possession, custody or control that are responsive to the Subpoena. Plaintiff has not addressed that issue at all (and any such cost is likely to be minimal in any event). While Plaintiff references undue burden upon

Kapoor by conclusorily asserting the subpoena seeks limitless financial, confidential and proprietary information, Plaintiff has not demonstrated that the document requests seek limitless information or that the need for such information does not outweigh any burden upon Kapoor.

## E. The Court Should Enforce The Subpoena

Accordingly, when the Court "weigh[s] the burden to the subpoenaed party against the value of the information to the serving party," defendants respectfully submit that the Court should find that the value of the information sought far outweighs any burden to the subpoenaed party. See Bridgeport Music, 2007 U.S. Dist. LEXIS 91957, at *10. All of the cases cited by Plaintiff in which subpoenas were quashed are distinguishable. Thus, the Court should enforce the Subpoena. Defendants can agree to share the expense of compliance. Id., at *11 (recognizing that "discovery should not simply be denied on the ground that the person or entity from whom it is sought is not a party to the action[.] A better approach is for the court to take steps to relieve a non-party of the burden of compliance"). In the alternative, should the Court find the subpoena to be overbroad, we respectfully request that the subpoena be modified rather than quashed.

Dated: New York, New York
November 18, 2010

Jura C. Zibas (JZ 8970)
Joanne J. Romero (JR 0275)
LEWIS BRISBOIS BISGAARD & SMITH LLP
77 Water Street, 21st Floor
New York, New York 10005
*Attorneys for Defendants*