# KAUFMAN & KAHN, LLP



November 18, 2010

BY FAX

Hon. Kevin N. Fox, U.S.M.J.
U.S. District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

**MEMO ENDORSED**

Re:  Samad Brothers, Inc. v. Bokara Rug Co., Inc., et al.
(S.D.N.Y. Case No. 09 Civ. 5843 (JFK / KNJ)

Dear Judge Fox:

We are counsel to plaintiff Samad Brothers, Inc. This is in response to defendants' 41-page fax, dated November 17, 2010, to the Court. As an initial matter, Your Honor's rules indicate that "no document longer than 10 pages may be faxed without prior authorization", and defendants' letter did not indicate any such authorization. We respectfully suggest that defendants' letter should be rejected on that basis, alone.

As defendants all but concede, responses to defendants' requests to admit are not due until December 2, 2010 – that is, after the November 30, 2010 discovery deadline – so that Samad should not be required to respond thereto. First, defendants sent the requests by FedEx, an overnight service, rather than "mail", as defendants write. Somewhat inartfully, defendants are correct: Fed. R. Civ. P. 5(b)(2)(C) allows for service by mail, "in which event service is complete upon mailing"; Local Rule 5.3 provides that overnight service similarly is complete upon deposit into the custody of the overnight delivery service. That local rule also indicates that overnight service shall be deemed service by mail for purposes of Fed. R. Civ. P. 6(d).

However, Fed. R. Civ. P. 6(d) provides as follows: "When a party may or must act within a specified time after service and service is made under Rule 5(b)2(C)... *3 days are added after the period would otherwise expire under 6(a).*" In this case, Samad's time to respond to the requests to admit would be 30 days from October 29, 2010 (the date when defendants' counsel apparently put the package into the custody of FedEx), plus 3 days – that is, Monday, November 29, 2010, plus three days, equals Thursday, December 2, 2010.[1]

---

[1] Defendants apparently knew how to serve in a timely fashion: they served their 5th Set of Document Requests by hand delivery on Friday, October 29, 2010, but did not include the requests to admit with such delivery. Further, as demonstrated by the FedEx tracking information attached to their November 17 letter, regardless of the "Saturday Delivery" service defendants requested, the requests were not actually delivered until Monday, November 1, 2010.

747 THIRD AVENUE, 32ND FLOOR • NEW YORK, NEW YORK 10017
PHONE: 212-293-5556 • FAX: 212-355-5009 • KAUFMAN@KAUFMANKAHN.COM

November 18, 2010
--Page 2--

As a result of the foregoing, defendants' requests to admit were served too late, and plaintiff should not be required to respond thereto. We look forward to the Court's ruling on this matter at its earliest convenience.

Respectfully submitted,

Mark S. Kaufman

cc. (by email):
   Joanne Romero, Esq.
   Jura Zibas, Esq.

---

11/18/10

The defendants contend the Requests to Admit were served by overnight delivery service and electronically, on October 29, 2010. The plaintiff has not denied receiving the Requests to Admit both ways. Pursuant to Fed. R. Civ. P. 5(b)(2)(E), service via electronic means is allowed, if the person to whom the electronic transmission is sent has consented, in writing, to that method of service. In such a circumstance, service is complete upon transmission. The parties have not advised the Court whether the plaintiff agreed to electronic service, as provided for by the above-noted rule. If the plaintiff agreed to that method of service, the Requests to Admit were served on October 29, 2010, upon transmission and must be responded to within 30 days of service. If the plaintiff did not agree to electronic service, and service was effected solely by means of an overnight delivery service, the plaintiff is still obligated to respond to the Requests to Admit, because service was complete when the Requests to Admit were placed in the custody of the overnight delivery service. Here again, the responses are due within 30 days of service. Thirty days from October 29, 2010 is November 28, 2010. That day is a Sunday; accordingly, November 29, 2010, becomes the operative date. See Fed. R. Civ. P. 6(a)(1)(C). November 29, 2010, is prior to November 30, 2010, the date on which pretrial discovery ends. However, because the defendants' elected to effect service electronically and by overnight delivery service, Fed. R. Civ. P. 6(d) adds three days to the period by which the plaintiff must respond to the Requests to Admit. Three days beyond November 29, 2010, is December 2, 2010, which two days after November 30, 2010, the date on which pretrial discovery ends. Consequently, the plaintiff need not respond to the defendants' Requests to Admit, unless, as the defendants' have asked, the Court extends the time for the parties to complete pretrial discovery activities. Having enlarged the time for pretrial discovery previously, the Court declines to do so again. In summary, the plaintiff need not respond to the defendants' Requests to Admit.

SO ORDERED:
(Kevin Nathaniel Fox), U.S.M.J.