**LEWIS BRISBOIS BISGAARD & SMITH LLP**

77 Water Street, Suite 2100
New York, NY 10005
Telephone: 212.232.1300
Fax: 212.232.1399

www.lbbslaw.com

**MEMO ENDORSED**

RECEIVED
NOV 23 2010
CHAMBERS OF
KEVIN NATHANIEL FOX
U.S. MAGISTRATE JUDGE

JOANNE J. ROMERO
DIRECT DIAL: 212.232.1331
E-MAIL: romero@lbbslaw.com

November 23, 2010

File No.
50027-1352

11/23/10

11/23/10

On September 2010, the parties requested 60 additional days from September 30, 2010, to November 30, 2010, to "complete discovery." The request was granted. Therefore, all discovery, of whatever nature, had to be initiated so as to be completed on or before November 30, 2010. Accordingly, the parties may not engage in expert discovery after November 30, 2010.

SO ORDERED:

/s/ Kevin Nathaniel Fox
KEVIN NATHANIEL FOX, U.S.M.J.

**VIA FACSIMILE**

Honorable Kevin Nathaniel Fox
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 540
New York, NY 10007

Re:  Samad Brothers, Inc. v. Bokara Rug Co., Inc., No. 09 Civ. 5843 (JFK/KNF),
United States District Court, Southern District of New York

Dear Judge Fox:

We represent Defendants in the above referenced matter. We write at this time to seek clarification as to whether the parties may engage in Expert Discovery after November 30, 2010 pursuant to the timing of FRCP Rule 26(a)(2)(C)(i). Defendants are not seeking an extension of the current discovery schedule which closes on November 30, 2010 and Plaintiff has not consented to an extension of the discovery schedule. This case is currently scheduled for a status conference before Judge John F. Keenan on December 8, 2010.

Pursuant to FRCP Rule 26(a)(2)(C), a party must make expert disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:

(i) at least 90 days before the date set for trial or for the case to be ready for trial; or

(ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), within 30 days after the other party's disclosure.

ATLANTA • BEAUMONT • CHARLESTON • CHICAGO • FORT LAUDERDALE • HOUSTON • LAFAYETTE • LAS VEGAS • LOS ANGELES • NEW ORLEANS
NEW YORK • NEWARK • ORANGE COUNTY • PHOENIX • SACRAMENTO • SAN BERNARDINO • SAN DIEGO • SAN FRANCISCO • TAMPA • TUCSON

4829-9973-8632.1

Honorable Kevin Nathaniel Fox
November 23, 2010
Page 2


As the September 29, 2010 Order does not specifically address expert discovery, we are not clear as to whether the November 30, 2010 deadline applies to expert disclosures, or whether FRCP Rule 26(a)(2)(C)(i) applies, or, in the alternative, whether Your Honor will allow the parties to engage in expert discovery after November 30, 2010 pursuant to FRCP Rule 26(a)(2)(C)(i).

The need for an expert on the issue of originality has recently become abundantly clear given that documents produced by Plaintiff that Plaintiff created in late September 2010 acknowledge public domain sources not previously identified in the copyright registrations at issue. Despite now acknowledging the existence of these public domain origins, Plaintiff has advised that it does not have the public domain sources in its possession, custody and or control. Efforts to obtain these sources from non-party Vikram Kapoor are currently the basis of Plaintiff's motion to quash the subpoena issued to Vikram Kapoor. Accordingly, these factors have created the need to potentially retain an expert who can: (1) identify public domain sources about which the Defendants are learning from discovery and their own independent research, and (2) testify as to the public domain nature and resulting lack of originality of the designs. An expert would prove useful to the Court and/or the Jury in determining issues of originality and copyright validity.

Thank you for your assistance in this matter.

Very truly yours,

Joanne J. Romero for
LEWIS BRISBOIS BISGAARD & SMITH LLP

Cc: Mark Kaufman via facsimile