UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| SAMAD BROTHERS, INC., | : | |
| Plaintiff, | : | Case No. 09 Civ. 5843 (JFK / KNF) |
| -- against -- | : | |
| BOKARA RUG CO. INC., JAN SOLEIMANI, and GABRIEL VAKNIN, | : | |
| | : | |
| Defendants. | | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
PLAINTIFF'S MOTION
<u>TO QUASH SUBPOENA ISSUED TO VIKRAM KAPOOR</u>**


Dated: November 26, 2010

KAUFMAN & KAHN, LLP
Mark S. Kaufman
   (Email: Kaufman@kaufmankahn.com)
   Attorneys for Plaintiff
747 Third Avenue, 32nd Floor
New York, NY  10017
Tel.: (212) 293-5556

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO QUASH SUBPOENA ISSUED TO VIKRAM KAPOOR**

Plaintiff Samad Brothers, Inc. ("Samad") seeks to quash a subpoena served on Vikram Kapoor, a non-party witness to events at issue in this lawsuit. Nothing in the opposition papers refutes that the subpoena for documents consists of 90 separate, detailed questions; that Kapoor would be burdened by having to dedicate up to a week of his time to respond to the subpoena; that the subpoena seeks documents that have already been requested from and produced by plaintiff, and seeks information that was in fact asked of Kapoor at his deposition on November 23, 2010.[1] Thus, the subpoena is unduly burdensome, in violation of F. R. Civ. P. 45(c)(3)(A)(iv), because it seeks discovery that "can be obtained from some other source that is more convenient, less burdensome, or less expensive" and because defendants have "had ample opportunity to obtain the information by discovery in the action." F. R. Civ. P. 26(b)(2)(C). Moreover, the subpoena is duplicative: it asks virtually the same requests asked of Samad, and seeks production of the same documents Kapoor already provided to Samad, which Samad produced to defendants.

At his deposition, Kapoor was asked and addressed each of the factual matters raised by defendants' opposition brief: (1) he authenticated each of the assignments effective as of an earlier date, and that he signed them in 2009 and 2010; (2) he stated that he had sold small quantities of some of the rugs at issue in this lawsuit to third parties, but re-affirmed that (a) he had assigned rights in all such designs to Samad rather than entered into a non-exclusive license, as defendants now contend and that (b) he and Samad are not disputing the validity of such assignments; (3) he identified phone numbers and fax numbers that purportedly indicate

---

[1] Facts and documents supporting this Memorandum of Law are set forth in the accompanying Declaration of Mark S. Kaufman dated November 26, 2010 ("Kaufman 11/26/10").

Kapoor's affiliation or control of third party distributors; and (4) confirmed the basis for amendments to the copyright registrations in this case (regarding the rights being transferred by assignment; the dates the works were completed; and whether they were derivative works). To the extent he could not respond to such questions, he said he would refer to his records.

Thus, defendants have had the opportunity to obtain information in a less burdensome fashion, at Kapoor's November 23rd deposition. The 90-question "blunderbuss" subpoena for documents should be quashed, to avoid requiring the duplicative production of documents that Samad and Kapoor have already provided.

Indeed, defendants' desire to harass Kapoor was demonstrated at the deposition. After Kapoor had travelled from India to New York solely in response to a subpoena issued in this case, defendants served Kapoor -- during the deposition -- with a summons and complaint. That is, defendants commenced a new lawsuit against Kapoor and S.N. Kapoor Exports in New York State court while Kapoor was complying with an order of this Court. The patent impropriety of such "ambush" tactics is consistent with the burdensome subpoena for documents at issue herein.

## Factual Background

Defendants are not entitled to limitless demands upon a third party witness in the name of discovery. Kapoor confirmed at his deposition that assignments of the designs at issue are not fabrications but confirmations of oral assignments he made prior to the lawsuit.[2]

Defendants have selectively produced only a few of the hundreds of document requests they served on Samad.[3] The redundancy of these requests is not limited to the small sample

---

[2] Although defendants write that all of the designs that are infringed as set forth in the Third Amended Complaint involve assignment from Kapoor, they ignore that Jain Carpet created and assigned to Samad two of the 25 designs at issue. Notably, Defendants have not served any additional subpoenas for documents on Jain.

[3] Through prior counsel, defendants' 1st set of document requests dated November 25, 2009 consisted of 46 requests; their 2nd set dated February 24, 2010 consisted of 35 more; and their 3rd

2

Samad provided in its moving brief. Virtually every request to Kapoor has already been asked of Samad (or of Kapoor); Samad has requested such documents from Kapoor and produced them, or Kapoor has responded to the first, 45-question subpoena, and produced them.

As acknowledged in the motion papers, a total of five (5) requests to Samad sought documents purportedly in the possession of Kapoor, but Kapoor confirmed at his deposition what Samad had already written: he does not have the books that Michael George purportedly asserts were given to Kapoor. Thus, that small percentage of the overly burdensome subpoena provides no justification for imposing 85 more categories of document requests on this third party witness, particularly where defendants made no effort to limit their requests to documents Kapoor did not already (a) produce in response to the first subpoena, or (b) provide to Samad to assist in responding to the numerous and duplicative document requests served on Samad.

### A.   Samad Has Standing to Move to Quash the Subpoena

Samad does not suggest that all of the documents sought by defendants are subject to the attorney work product doctrine. Rather, the document requests would include the production of documents set forth in Samad's privilege log dated July 27, 2010 (as amended and supplemented on November 18, 2010), because Samad's counsel has emailed to Kapoor counsel's thinking and strategy in connection with prosecuting the claims in this case. The claims of which Samad's counsel corresponded with Kapoor involve virtually every category of documents demanded by defendants.

Defendants tacitly concede that the attorney work product doctrine *is* a personal privilege that would justify granting Samad standing to bring this motion. Despite such concession, they

---

set dated June 1, 2010, tapered down to 8 requests. With new counsel, defendants made in their 4th set of document requests *83* more requests; and in their 5th set, another 55 requests, most of which are redundant of the prior requests.

3

argue that Samad "cannot" meet the burden of showing that any documents are protected by such doctrine. However, this Court – having reviewed emails *in camera* -- has confirmed that such emails are protected. The Federal Rules provide that "the Court must protect against disclosure of the mental impressions, conclusions, opinions or legal theories of a party's attorney…" F. R. Civ. P. 26(b)(3)(B). To the extent that defendants assert that their document requests "simply require[ ] that a privilege log be provided," they beg the question: Samad might not have standing to provide a privilege log for Kapoor to produce in response to the subpoena. Similarly, Kapoor might not have standing to assert Samad's attorney work product protection. Rather than engaging in such doubtful inquiries, Samad now uses its standing to quash the subpoena.

The demands in Ungar v. Palestinian Auth., 400 F. Supp. 2d 541, 553 (S.D.N.Y. 2005), are materially consistent with those in this case. Defendants cite no reason why attorney work product materials should be less protected than those subject to the attorney-client privilege. Regardless of that difference without a distinction, unless the subpoena is quashed, the recipient is ill-suited to assert the party's protection against disclosure of documents. Thus, the party to the lawsuit – here, Samad -- has standing to move to quash. Further, even if *arguendo* Samad lacked standing, Kapoor has objected on his own behalf to the subpoena as set forth in the Kapoor declaration accompanying the moving brief.

B.     **The Subpoena Indisputably Is Overly Burdensome**

Defendants concede that the effective time period for this subpoena is from January 1992 through the present – a span of 18 years. They assert that it is not clear whether Kapoor has responsive documents that are that old – but they do not address the fact that Kapoor would have to review any and all such documents, including any and all communications with Samad over the last 15 years, to ascertain whether such communications include responsive documents. Moreover, they base such demand entirely on Michael George's unsworn correspondence. As

4

already noted in connection with other motions, Mr. George's purported claims of ownership were entirely undermined by his own testimony, in which he admitted that he never put pen to paper or fingers to keyboard to create a design; cannot recall a single suggestion he made to create a design; did not direct or supervise artists at Kapoor's company; and was not even in India when any of the designs that he supposedly "created" were completed.  Thus, the extraordinary range of 1992 to the present, based on Michael George's assertion that he supposedly "created" a design during that period, is specious.

Defendants do not deny that the subpoena's requests are redundant of prior discovery, but instead seek to limit such redundancies to those illustrated in the moving brief.  Reluctantly, Samad herewith provides the most recent, 3rd, 4th and 5th Sets of document requests to illustrate the other redundancies.  See Kaufman 11/26/10, ¶¶ 6-7, and Ex. A, B.  The Court can readily see that defendants seek to obtain the same materials that Samad has already provided in response to virtually the same questions.

Defendants concede that the October 27th subpoena seeks documents that include those that Kapoor already produced in response to defendants' April 5th subpoena to Kapoor.  Further, they have no basis to challenge the fact Samad's attorneys produced all documents that Kapoor provided to them.

Defendants do not seriously contest that the number of requests and nuanced demands of the subpoena are overwhelming; that answering the subpoena would require Kapoor's personal attention, including a week of full-time effort to find all the documents demanded in the subpoena (if they exist), at the expense of his other obligations to the company.  Rather, they baldly assert that any such expenses, imposed on a non-party, are irrelevant.

5

As set forth in the moving brief, the subpoena improperly seeks documents regarding Kapoor's sales, customers, and other confidential and proprietary information.  Defendants do not dispute the same.  Kapoor is not a party to any confidentiality stipulation, and does not enjoy its protections.

At the end of defendants' brief, they ask the Court to "modify" the subpoena rather than quash it.  Apparently, defendants acknowledge that the subpoena's scope is overly broad and unduly burdensome, but provide no guidelines as to what would make it reasonable in scope.  In fact, as set forth in the moving declaration, Samad's counsel invited defendants' counsel to narrow the scope of the subpoena, but defendants' counsel did not reply.  Defendants should not be rewarded by the Court's engaging in the reasonable tailoring that defendants should have done themselves.

Defendants do not address, let alone refute, cases holding that where documents are available through other, less burdensome means, a subpoena is subject to being quashed.  See Kingsway Financial Services, Inc. v. Pricewaterhouse-Coopers LLP, 2008 WL 4452134 (S.D.N.Y.), citing Fed.R.Civ.P. 26(b)(2)(C)(i)-(iii).

Defendants do not convincingly refute that the subpoena is intended to harass, and should be quashed.  Further, because Samad and Kapoor have already provided documents in response to virtually the same demands, and Kapoor has already testified as to the matters requested in the subpoena for documents, defendants cannot demonstrate the need for such additional discovery.

## Conclusion

For the foregoing reasons, plaintiff Samad Brothers, Inc., respectfully requests that the subpoena dated October 27, 2010, from defendants to non-party witness Vikram Kapoor be quashed.

Dated: New York, New York
November 26, 2010

KAUFMAN & KAHN, LLP

/Mark S. Kaufman/_____
Mark S. Kaufman
747 Third Avenue, 32nd Floor
New York, NY  10017
(212) 293-5556
Email:  kaufman@kaufmankahn.com