UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SAMAD BROTHERS, INC.,

            Plaintiff,

    -- against --

BOKARA RUG CO. INC., JAN SOLEIMANI, and
GABRIEL VAKNIN,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. 09 Civ. 5843
(JFK / KNF)

**REPLY DECLARATION OF MARK S. KAUFMAN IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO QUASH SUBPOENA ISSUED TO <u>VIKRAM KAPOOR</u>**

MARK S. KAUFMAN, an attorney duly admitted to practice law in this Court, under penalties of perjury, declares as follows:

1. I am counsel to plaintiff Samad Brothers, Inc. ("Samad") in the above-referenced action, and submit this Reply Declaration in further support of plaintiff's motion pursuant to Fed. R. Civ. P. Rule 45 to quash the subpoena dated October 27, 2010, issued to Vikram Kapoor.

2. Nothing in the opposition papers refutes that the subpoena for documents consists of 90 separate, detailed questions; that Kapoor would be burdened by having to dedicate up to a week of his time to respond to the subpoena; that the subpoena seeks documents that have already been requested from and produced by plaintiff, and seeks information that was in fact asked of Kapoor at his deposition on November 23, 2010.

3. Thus, the subpoena is unduly burdensome, in violation of F. R. Civ. P. 45(c)(3)(A)(iv), because it seeks discovery that "can be obtained from some other source that is more convenient, less burdensome, or less expensive" and because defendants have "had ample opportunity to obtain the information by discovery in the action." F. R. Civ. P. 26(b)(2)(C).

    4.      Moreover, the subpoena is duplicative: it asks virtually the same requests asked of Samad, and seeks production of the same documents Kapoor already provided to Samad, which Samad produced to defendants.

    5.      Defendants do not deny that the subpoena's requests are redundant of prior discovery, but instead seek to limit such redundancies to those illustrated in the moving brief. Reluctantly, Samad herewith provides the most recent, 3rd, 4th and 5th Sets of document requests to illustrate the other redundancies.

    6.      Annexed and made Exhibit A hereto is a true and correct copy of defendants' 3rd Set of Requests for Production of Documents and Things dated June 1, 2010.  See request nos. 4-8.

    7.      Annexed and made Exhibit B hereto is a true and correct copy of defendants' 4th Set of Requests for Production of Documents and Things dated August 27, 2010.  See request nos. 1, 2, 4, 7-10, 15, 23-25, 27, 29-43, 46-48, 52-63, and 79-81.

    8.      The Court can readily see that defendants seek to obtain the same materials that they have already demanded from Samad and to which Samad has provided responses.

    9.      At his deposition on November 23, 2010, Kapoor was asked and addressed each of the factual matters raised by defendants' opposition brief:  (1) he authenticated each of the assignments effective as of an earlier date, and that he signed them in 2009 and 2010; (2) he stated that he had sold small quantities of some of the rugs at issue in this lawsuit to third parties, but re-affirmed that (a) he had assigned rights in all such designs to Samad rather than entered into a non-exclusive license, as defendants now contend and that (b) he and Samad are not disputing the validity of such assignments; (3) he identified phone numbers and fax numbers that purportedly indicate Kapoor's affiliation or control of third party distributors; and (4) confirmed

the basis for amendments to the copyright registrations in this case (regarding the rights being transferred by assignment; the dates the works were completed; and whether they were derivative works).

10. To the extent he could not respond to such questions, Kapoor said he would refer to his records and report back to defendants.

11. Thus, defendants have had the opportunity to obtain information in a less burdensome fashion, at Kapoor's November 23rd deposition. The 90-question "blunderbuss" subpoena for documents should be quashed, to avoid requiring the duplicative production of documents that Samad and Kapoor have already provided.

12. Defendants' desire to harass Kapoor was demonstrated at the deposition. After Kapoor had travelled from India to New York solely in response to a subpoena issued in this case, defendants served Kapoor -- during the deposition -- with a summons and complaint. That is, defendants commenced a new lawsuit against Kapoor and S.N. Kapoor Exports in New York State court while Kapoor was complying with an order of this Court.

13. The patent impropriety of such "ambush" tactics is consistent with the burdensome subpoena for documents at issue herein.

14. As acknowledged in the motion papers, no more than five (5) requests to Samad sought documents purportedly in the possession of Kapoor, but Kapoor confirmed at his deposition what Samad had already written: he does not have the books that Michael George purportedly asserts were given to Kapoor.

15. Thus, that small percentage of the overly burdensome subpoena provides no justification for imposing 85 more categories of document requests on this third party witness, particularly where defendants made no effort to limit their requests to documents Kapoor did not

already (a) produce in response to the first subpoena, or (b) provide to Samad to assist in responding to the numerous and duplicative document requests served on Samad.

**The Subpoena Indisputably Is Overly Burdensome**

16. Defendants concede that the effective time period for this subpoena is from January 1992 through the present – a span of 18 years. They assert that it is not clear whether Kapoor has responsive documents that are that old – but they do not address the fact that Kapoor would have to review any and all such documents, including any and all communications with Samad over the last 15 years, to ascertain whether such communications include responsive documents.

17. Moreover, they base such demand entirely on Michael George's unsworn correspondence. As set forth in his deposition transcript (cited in connection with other motions), Mr. George's purported claims of ownership were entirely undermined by his own testimony, in which he admitted that he never put pen to paper or fingers to keyboard to create a design; cannot recall a single suggestion he made to create a design; did not direct or supervise artists at Kapoor's company; and was not even in India when any of the designs that he supposedly "created" were completed.

18. Thus, the extraordinary range of 1992 to the present, based on Michael George's assertion that he supposedly "created" a design during that period, is specious.

19. Defendants concede that the October 27th subpoena seeks documents that include those that Kapoor already produced in response to defendants' April 5th subpoena to Kapoor.

20. Further, defendants have no basis to challenge the fact this law firm produced all documents that Kapoor provided to us.

4

21. As set forth in the moving brief, the subpoena improperly seeks documents regarding Kapoor's sales, customers, and other confidential and proprietary information. Defendants do not dispute the same.

22. Kapoor is not a party to any confidentiality stipulation, and does not enjoy its protections.

23. At the end of defendants' brief, they ask the Court to "modify" the subpoena rather than quash it. Apparently, defendants acknowledge that the subpoena's scope is overly broad and unduly burdensome, but provide no guidelines as to what would make it reasonable in scope.

24. In fact, as set forth in the moving declaration, I invited defendants' counsel to narrow the scope of the subpoena, but defendants' counsel indisputably did not reply.

25. Defendants should not be rewarded by the Court's engaging in the reasonable tailoring that defendants should have done themselves.

26. Defendants do not convincingly refute that the subpoena is intended to harass, and should be quashed. Further, because Samad and Kapoor have already provided documents in response to virtually the same demands, and Kapoor has already testified as to the matters requested in the subpoena for documents, defendants cannot demonstrate the need for such additional discovery.

## **Conclusion**

For the foregoing reasons, plaintiff Samad Brothers, Inc., respectfully requests that the subpoena dated October 27, 2010, from defendants to non-party witness Vikram Kapoor be quashed.

Dated: New York, New York
November 26, 2010

                                        KAUFMAN & KAHN, LLP

                                        /Mark S. Kaufman/
                                        Mark S. Kaufman
                                        747 Third Avenue, 32nd Floor
                                        New York, NY  10017
                                        (212) 293-5556
                                        Email:  kaufman@kaufmankahn.com