```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SAMAD BROTHERS, INC.,
                                                  :
                    Plaintiff,
                                                  :
         -against-                                     MEMORANDUM AND ORDER
                                                  :
                                                         09 Civ. 5843 (JFK)(KNF)
                                                  :
BOKARA RUG CO. INC, JAN SOLEIMANI and  :
GABRIEL VAKNIN,
                                                  :
                    Defendants.                   :
------------------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## BACKGROUND

Before the Court, in this copyright infringement action, is the plaintiff's motion, made on November 11, 2010, pursuant to Fed. R. Civ. P. 45, to quash the "SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION," dated October 27, 2010, issued by the defendants to a non-party witness, Vikram Kapoor ("Kapoor"). The plaintiff contends it has standing to make the motion to quash the subpoena, because the subpoena seeks "documents that are subject to the protections of the attorney work product doctrine," and "virtually every request seeks documents that would include communications between Kapoor and Samad's counsel in which they prepared for, and engaged in, this lawsuit." According to the plaintiff, the Court "already determined, by Order dated July 29, 2010 (Docket No. 37), that Samad need not produce email correspondence between Samad's counsel and Vikram Kapoor," and "such emails would be responsive to many of the requests made in the October 27th subpoena. As such, Samad has

standing to bring this motion." The plaintiff maintains that "the 90-question subpoena is unduly burdensome," because "Kapoor would be unduly burdened by attempting to respond to the [instant] subpoena, which seeks information already produced in response to document demands to Samad; would take significant resources of the individual and small business that received the subpoena; imposes a vast, 18-year scope of discovery; and seeks virtually limitless financial, confidential and proprietary information." As a consequence, the plaintiff contends the defendants' October 27, 2010 subpoena "should be quashed," pursuant to Fed. R. Civ. 45(c)(3)(A)(iv).

The defendants opposed the motion, contending the plaintiff lacks standing because its "conclusory allegations that Kappor and Plaintiff's counsel have had discussions concerning all the issues in the subpoena does not render the documents sought or the general issues privileged." According to the defendants, the Court's July 29, 2010 order "did not rule out that all email correspondence between Samad's counsel and Vikram Kapoor is protected by the work product doctrine, only that the specific emails listed in the privilege log and reviewed by [the Court] *in camera* were privileged." The defendants argue that the plaintiff "has failed to adequately identify any expense or other burden that should [prevent compliance with the subpoena]. The only burden would be the cost of reproducing any documents within its possession, custody and control that are responsive to the Subpoena. Plaintiff has not addressed that issue at all (and any such cost is likely to be minimal in any event)." Moreover, as: (i) the documents sought are relevant to the defendants; (ii) no alternative source exists from which to obtain the documents; and (iii) the time period covered by the subpoena is "narrowly tailored," these factors "outweigh any burden upon Kapoor."

## DISCUSSION

*Legal Standard*

Rule 45 of the Federal Rules of Civil Procedures, governing subpoenas, provides: "A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding party to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(D). "A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection," and that "objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(c)(2)(B). "The failure to serve written objections to a subpoena within the time specified by Rule 45(c)(2)(B) typically constitutes a waiver of such objections," unless the party commanded to produce documents can show that its failure was occasioned by "unusual circumstances" and "good cause" for the failure exists. Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 48 (S.D.N.Y. 1996). Rule 45 also provides: "On timely motion, the issuing court must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A).

"In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness." Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975). Where a party moves to quash a non-party witness subpoena, the claim of privilege or right must be personal to the movant, not to the non-party witness on whom the subpoena was served. See Nova Products, Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 241 (S.D.N.Y. 2004) ("[A] party ordinarily lacks standing to quash a subpoena directed at a nonparty unless the party is seeking to protect a personal privilege or right."); 9A CHARLES ALAN WRIGHT

3

& ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2459 (3rd ed. 2008) ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought."). "[T]he party invoking a privilege bears the burden of establishing its applicability," and that "burden is a heavy one, because privileges are neither 'lightly created nor expansively construed.'" In re Grand Jury Subpoenas Dated March 19, 2002 and August 2, 2002, 318 F.3d 379, 384 (2d Cir. 2003) (quoting United States v. Nixon, 418 U.S. 683, 710, 94 S. Ct. 3090, 3108 (1974)). The proponent of the privilege may not "assert blanket or categorical claims of privilege," but must show "that the privilege applies to each communication for which it is asserted." In re Veiga, __ F. Supp. 2d __, 2010 WL 4340564, at *4 (D.D.C. Nov. 3, 2010) (citation omitted).

"[T]he general policy against invading the privacy of an attorney's course of preparation," Hickman v. Taylor, 329 U.S. 495, 512, 67 S. Ct. 385, 394 (1947), known as the attorney-work-product doctrine and articulated in Rule 26 of the Federal Rules of Civil Procedure, provides: "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative," unless "(i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A). Thus, "[t]he attorney work product doctrine provides qualified protection for materials prepared by or at the behest of counsel in anticipation of litigation or for trial." In re Grand Jury Subpoena Dated July 6, 2005, 510 F.3d 180, 183 (2d Cir. 2007) (citation and quotation marks omitted). "The attorney-work-product doctrine generally does not shield from discovery documents that were

4

not prepared by the attorneys themselves or their agents, in the course of or in anticipation of litigation." In re Grand Jury Subpoenas Dated October 22, 1991, and November 1, 1991, 959 F.2d 1158, 1166 (2d Cir. 1992). "To be entitled to protection for opinion work product," which "reveals the 'mental impressions, conclusions, opinions, or legal theories of an attorney or other representative,'" the party asserting the attorney-work-product doctrine protection "must show 'a real, rather than speculative, concern' that the work product will reveal counsel's thought processes 'in relation to pending or anticipated litigation.'" In re Grand Jury Subpoena Dated July 6, 2005, 510 F.3d at 183-84 (citations omitted). The work-product doctrine protection is not absolute and may be waived. See United States v. Nobles, 422 U.S. 225, 239, 95 S. Ct. 2160, 2170 (1975).

*Application of Legal Standard*

Here, the plaintiff asserted it has standing to challenge the non-party witness subpoena on the ground of the attorney-work-product doctrine. Since the plaintiff claims personal protection, for opinion work-product prepared by or for the plaintiff's attorney, the plaintiff has standing to challenge the non-party witness subpoena based on that ground. However, to sustain its challenge based on the claim of personal protection, i.e. the attorney-work-product doctrine, the plaintiff must do more than invoke the protection. The plaintiff's mere assertion that "[d]ocuments responsive to virtually all the requests would include communications with Samad's counsel created in preparation for and during this lawsuit, which are protected by the attorney work product doctrine," is not sufficient to sustain the movant's burden on the motion to quash a non-party witness subpoena, based on the movant's personal right or privilege. See In re Grand Jury Subpoena Dated July 6, 2005, 510 F.3d at 184 ("Since Appellant's arguments and the affirmation are merely conclusory or ipse dixit assertions, he did not carry his heavy burden of

5

demonstrating the applicability of the privilege.") (citation, alteration and quotation marks omitted).  Other than referring to the documents already protected from disclosure by the Court's July 29, 2010 order, the plaintiff failed to identify or describe, with reasonable particularity, any document or specify sufficient facts with respect to any document requested via the subpoena from which the Court could conclude that the attorney-work-product doctrine applies.  Moreover, the plaintiff did not submit any documents for the Court's in camera review that could substantiate its attorney-work-product doctrine claim in its motion to quash the non-party witness subpoena.

Although the plaintiff asserted personal protection, based on the attorney-work-product doctrine, its entire argument, in support of the motion to quash the subpoena served on Kapoor, revolves around the claim that the subpoena is "overly burdensome" to Kapoor.  The plaintiff does not assert that the subpoena imposes any burden on itself.  Rather, despite the plaintiff's contentions that: (i) "Kapoor is not a client of Samad's attorneys;" and (ii) "Samad's counsel is refraining from assisting Kapoor in how to object or respond to this second 90-request subpoena," the plaintiff's counsel, actually, challenges the subpoena, on Kapoor's behalf, on the ground of the alleged burden it imposes on Kapoor.  The plaintiff's memorandum of law states, inter alia, that "[i]n his accompanying declaration, Kapoor objects to the subpoena," and claims that: (a) "[a]nswering the subpoena would require [Kapoor's] personal attention, and he estimates it would take him a week of full-time effort to find all documents demanded in the subpoena (if they exist), at the expense of his other obligations to the company;" (b) "[t]he subpoena should also be guarded because it seeks virtually limitless financial information;" (c) since the subpoena "demands production of documents dating back to 1992," if such documents exist, they "would be in storage and it would be burdensome to review them and determine whether they are relevant

6

to this lawsuit;" (d) "the subpoena is extremely broad" because "the number of responsive documents would be tremendous;" (e) "the subpoena improperly seeks documents regarding Kapoor's sales, customers, and other confidential and proprietary information;" (f) "[t]he subpoena's requests are frankly confusing and so numerous that Kapoor feels he cannot possibly answer all of them to the satisfaction of defendants' lawyers;" and (g) "[t]he subpoena is intended to harass, and should be quashed." In support of the motion, the plaintiff's counsel submitted his declaration, which replicates, almost verbatim, the arguments in the plaintiff's memorandum of law, and Kapoor's declaration, which also includes, almost verbatim, arguments from the plaintiff's memorandum of law. Additionally, Kapoor states in his declaration, inter alia: "If for any reason Samad is not permitted to bring its motion to quash the subpoena, I respectfully submit that this be deemed my timely objection to the subpoena." At the end of his declaration, Kapoor requests "that defendants' subpoena for documents, dated October 27, 2010, addressed to me . . . be quashed, and that my objections to the subpoena by [sic] duly noted."

Kapoor's declaration is an improper vehicle through which to seek to quash a subpoena. "A request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). Kapoor is not a party to this action, has not appeared in this action and has not made a motion to quash the subpoena. Moreover, Kapoor must serve any written objection to the subpoena on the defendants, not the Court, within the time prescribed by Fed. R. Civ. P. 45(c)(B), which, it appears, he failed to do. Furthermore, Kapoor cannot claim protection from the subpoena for himself through the plaintiff's motion to quash the non-party witness subpoena. Accordingly, the Court cannot entertain Kapoor's request for relief, contained in his declaration in support of the plaintiff's motion.

Similarly, the plaintiff cannot do indirectly what it cannot do directly, namely, challenge the subpoena served on non-party witness Kapoor based on Kapoor's interest in being free from undue burden. See Langford, 513 F.2d at 1126. The plaintiff's standing is grounded on its claim of personal privilege, derived from the attorney-work-product doctrine, not on the non-party's claim that the subpoena is overly burdensome. To the extent the plaintiff asserted the attorney-work-product doctrine protection, it failed to sustain the burden imposed on it of establishing the doctrine's applicability.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion to quash the non-party witness subpoena, Docket Entry No. 60, is denied.

Dated: New York, New York
November 30, 2010

SO ORDERED:

_/s/ Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE