UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SAMAD BROTHERS, INC.

                Plaintiff,

   -against-

BOKARA RUG CO., INC., JAN SOLEIMANI, AND
GABRIEL VAKNIN,

                Defendants.
------------------------------------------------------------------- X

Case No. 09 CV 5843
(JFK)(KNF)
ECF Case

## MEMORANDUM OF LAW IN SUPPORT TO
## DEFENDANTS' MOTION TO COMPEL

LEWIS BRISBOIS BISGAARD & SMITH LLP

77 Water Street, Suite 2100
New York, New York 10005
(212) 232-1300

Attorneys for Defendants

## TABLE OF CONTENTS

                                                                            **Page**

PRELIMINARY STATEMENT ...................................................................................................1

FACTUAL BACKGROUND..........................................................................................................2

ARGUMENT...................................................................................................................................8

I. Defendants' Document Requests are Relevant to the Claims at Issue in this Action ................8

II. Defendants' Document Requests are Reasonably Tailored to the Claims and
    Defenses at Issue in this Action ...............................................................................................13

CONCLUSION..............................................................................................................................14

# TABLE OF AUTHORITIES

## Federal Cases

Page

*Bowne of New York City, Inc. v. AmBase Corp.,* 150 F.R.D. 465 (2d Cir. 1993)......................12

*Bridgeport Music, Inc.,* 2007 U.S. Dist. LEXIS 91957 quoting *Davidson Pipe Co. v. Laventhol and Horwath,* 120 F.R.D. 455 (S.D.N.Y. 1988) ..................................................12

*Export-Import Bank of the United States v. Asia Pulp & Paper Co., Ltd.,* 232 F.R.D. 103 (S.D.N.Y. 2005) ........................................................................................................................13

*Feist Publications, Inc. v. Rural Telegraph Serv. Co.,* 499 U.S. 340 (1991)...............................2

*Morse/Diesel, Inc. v. Fidelity & Deposit Co.,* 122 F.R.D. 447 (S.D.N.Y. 1988) .......................8

*National Congress for Puerto Rican Rights v. City of New York,* 194 F.R.D. 88, Federal Rule of Civil Procedure 26(b)(1) ..........................................................................8

*Ricoh Co. v. Aeroflex Inc.,* 219 F.R.D. 66 (S.D.N.Y. 2003).................................................13, 14

*ABC Rug & Carpet Cleaning Service, Inc. v. ABC Rug Cleaners, Inc.,* 2009 WL. 105503 (S.D.N.Y. Jan. 14, 2009).........................................................................................................8

*In re Worldcom, Inc.,* 2008 WL. 427896 (S.D.N.Y. Feb. 14, 2008).........................................14

## Federal Statutes

Fed. R. Civ. P. 37 ..........................................................................................................................1

Fed. R. Civ. P. 26(b)(1).................................................................................................................8

Fed. R. Civ. P. 26(b)(5).................................................................................................................12

**PRELIMINARY STATEMENT**

Defendants BOKARA RUG CO., INC., JAN SOLEIMANI, AND GABRIEL VAKNIN, pursuant to Federal Rules of Civil Procedure and Local Rule 37, hereby submit this memorandum of law, together with the accompanying Declaration of Joanne J. Romero dated December 7, 2010 ("Romero Decl." or "Romero Declaration"), in support of their motion to compel the production of documents from Plaintiff Samad Brothers, Inc.

Defendants seek judicial intervention to compel Plaintiff to produce documents to the following requests which were raised in correspondence to the Court dated November 24, 2010:

(1) Statements of income provided by Michael George to S.N. Kapoor and subsequently to Plaintiff;

(2) All documents concerning payment by Plaintiff to Kapoor in connection with assignments and/or transfers of copyrights of Plaintiff's Designs;

(3) All documents concerning Plaintiff's knowledge of any pre-existing or public domain work incorporated into any of Plaintiff's Designs and/or upon which Plaintiff's Designs are based;

(4) For each of Plaintiff's Designs based upon or incorporating Public Domain material identified in Plaintiff's Form CAs, all documents concerning when Plaintiff first became aware that such design was based on or incorporated public domain material;

(5) All documents concerning Plaintiff's accounting records for <u>all</u> sales to <u>all</u> customers of carpets and/or rugs bearing Plaintiff's Designs;

(6) All documents concerning customs records of Plaintiff concerning Plaintiff's designs within the last five years;

(7) Documents concerning the action styled <u>Samad Brothers, Inc. v. Jaipur Rugs, Inc. and Robert Kirby</u>, Case No. 05-1999(FSH) in the United States District Court for the District of New Jersey (the "Jaipur Action"), including original copies of Exhibit G to the complaint dated April 14, 2005 and filed by Plaintiff in the Jaipur Action, all proof of payments to Samad received in the Jaipur Action, and all documents concerning goods bearing or allegedly bearing Plaintiff's Designs which were produced in the Jaipur Action; and

(8) correspondence between Bimal Dugar of Jain Carpets and Mark Kaufman withheld as privileged despite having waived any claim to privilege.

## FACTUAL BACKGROUND

As plaintiff in this copyright infringement case, Plaintiff has the burden to prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). As to ownership, plaintiff's theory has changed radically since the outset of its case, in which Plaintiff has served no fewer than four versions of its Complaint. Plaintiff filed the original complaint in this action against Bokara Rug Co., Inc. on June 25, 2009. The original complaint alleged infringement by Bokara of the copyrights in nine rug designs allegedly owned by Plaintiff. Plaintiff filed an amended complaint as of right on August 13, 2009, to allege infringement of a tenth design. Pursuant to a Stipulated Consent and Order dated September 8, 2009, on September 9, 2009, Samad served the Second Amended Complaint, which added the individual defendants, Gabriel Vaknin and Jan Soleimani, to this action. Plaintiff filed a third amended complaint on July 19, 2010 amending the complaint to add **fifteen** additional designs, **thirteen** of which were allegedly created by Vikram Kapoor and **two** of which were allegedly created by Jain Carpets. The designs allegedly owned and registered by Plaintiff are listed in the Romero Declaration for reference.

While in its first three versions of the complaint Plaintiff contended that it was the author of the works at issue, its Third Amended Complaint now claims with the exception of one design, Luxor, which was authored by Michael George, a non-party, that Plaintiff did not create any of the designs, but is an assignee of: (1) Vikram Kapoor, and/or his company, S.N. Kapoor Exports, an Indian entity that Plaintiff now contends created 22 of the designs at issue in this lawsuit and assigned all rights therein exclusively to Samad (Third Amended Complaint, ¶ 17); and (2) Jain Carpets, an Indian entity that Plaintiff now contends created two of the designs at issue in this lawsuit and assigned all rights therein exclusively to Samad (Third Amended

Complaint, ¶ 18). Despite Plaintiff's claims, non-party, Michael George has ownership claims to more than one design, including, without limitation, Zarya (see Romero Decl.) and Luxor (see Third Amended Complaint, ¶ 14).

The identity of entities claiming authorship is not the only point of inconsistency in Plaintiff's claims. Plaintiff has recently acknowledged that certain of the designs at issue are based on rug designs that are in the public domain and has produced documents indicating that it will either amend the registrations or has amended the registrations to reflect the public domain sources. (See Romero Decl.).

In order to defend against Plaintiff's inconsistent claims, Defendants propounded the following document requests to which Plaintiff's final responses on November 29, 2010 or December 2, 2010 are delineated below:

### A. Plaintiff's Fourth Set of Document Requests

**1. Document Request No. 27:** Statements of income provided by Michael George to S.N. Kapoor and subsequently to Plaintiff.

Plaintiff's December 2, 2010 response stated: "In addition to all of its other objections, Samad objects to this request on the grounds that it is vague and unintelligible. To the extent that this request seeks statements indicating income that Michael George paid to S.N. Kapoor or to plaintiff, Plaintiff does not have any responsive documents in its possession, custody or control."

**2. Document Request No. 40:** All documents concerning payment by Plaintiff to Kapoor in connection with assignments and/or transfers of copyrights of Plaintiff's Designs.

Plaintiff's December 2, 2010 response stated: Plaintiff does not have any responsive documents in its possession, custody or control, other than payments for purchases of rugs bearing such designs. Additionally, as Malcolm Samad testified, Samad provided other good

and valuable consideration for assignments of copyrights. Mr. Kapoor may have been asked about the same at his deposition.

**3. Document Request No. 55:** All documents concerning Plaintiff's knowledge of any pre-existing or public domain work incorporated into any of Plaintiff's Designs and/or upon which Plaintiff's Designs are based.

Plaintiff's December 2, 2010 response stated: "Because defendants now assert that any isolated exception to the attorney work product doctrine would constitute a "waiver" of all attorney work product protection. . . Samad stands by its objections to this document request. Subject to and without waiving any of its objections, plaintiff responds as follows: (a) Plaintiff has already provided all responsive documents in its possession, custody or control regarding the Thatcher, Jewel and Heritage designs. (b) as for the remaining 22 designs at issue in the Third Amended Complaint, subject to and without waiving the attorney work product doctrine, plaintiff will produce additional responsive documents (if any) in its possession, custody or control."

**4. Document Request No. 56:** For each of Plaintiff's Designs based upon or incorporating Public Domain material identified in Plaintiff's Form CAs, all documents concerning when Plaintiff first became aware that such design was based on or incorporated public domain material.

Plaintiff responded "see Response No. 55."

**5. Document Request No. 64:** All documents concerning Plaintiff's accounting records for all sales to all customers of carpets and/or rugs bearing Plaintiff's Designs.

Plaintiff's response stated: "Plaintiff objects to this request on the grounds that it is overly broad and unduly burdensome, is intended to harass, and seeks information that is

commercial and proprietary and not likely to result in the production of evidence admissible at trial."

**6. Document Request No. 66:** All documents concerning customs records of Plaintiff concerning Plaintiff's designs within the last five years.

Plaintiff's response states: "See Response to No. 64."

### B. Defendants' Fifth Set of Requests for the Production of Documents

In addition, Defendants requested production of documents concerning the action styled Samad Brothers, Inc. v. Jaipur Rugs, Inc. and Robert Kirby, Case No. 05-1999(FSH) in the United States District Court for the District of New Jersey (the "Jaipur Action"). The Jaipur Action involved at least one of the designs at issue in this lawsuit and documents related thereto are relevant to the present action.

Plaintiff's December 2, 2010 response stated that Bokara defendants have not served any document requests for documents from the Jaipur litigation. However, Defendants' Fifth Set of Requests for Documents specifically requested:

**1. Document Request No. 19:** Original copies of Exhibit G to the complaint dated April 14, 2005 and filed by Plaintiff in the action Samad Brothers, Inc. v. Jaipur Rugs, Inc. and Robert Kirby, Case No. 05-1999(FSH) in the United States District Court for the District of New Jersey (the "Jaipur Action").

In its November 29, 2010 responses to Defendants' Fifth Set of Documents Requests, Plaintiff responded it would produce a copy of Exhibit G to said complaint. To date Defendants' have not received Exhibit G to said complaint.

**2. Document Request No. 20:** All proof of payments to Samad received in the Jaipur Action.

4847-2130-7400.1                           5

In its November 29, 2010 responses to Defendants' Fifth Set of Documents Requests, Plaintiff objected to this request on the grounds that it seeks information and documents irrelevant and not likely to result in admissible evidence.

**3. Document Request No. 53:** All documents concerning goods bearing or allegedly bearing Plaintiff's Designs which were produced in the Jaipur Action.

In its November 29, 2010 responses to Defendants' Fifth Set of Documents Requests, Plaintiff responded "Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information and documents irrelevant and not likely to result in admissible evidence. Subject to and without waiving any of its objections, plaintiff responds that it will provide responsive documents." We have not received responsive documents to date.

### C. Communications between Bimal Dugar and Plaintiff

Lastly, Defendants seek an order compelling Plaintiff to produce emails between Bimal Dugar and Mark Kaufman which have been withheld. Although Plaintiff has not provided specific information to identify the document requests to which these communications may be responsive, there were several document requests made by Defendants in the Fourth and Fifth sets of document requests to which these communications may be responsive. Those requests sought information concerning assignment, work for hire, settlement, agency, indemnification, licensing, distribution, manufacturing, profit sharing, and/or sales agreements between Jain Carpets and Plaintiff, including agreements concerning this Action. (See Romero Decl.). Defendants also requested information concerning the designs claimed to have been assigned by Jain Carpets, royalty payments. Accordingly, to the extent the communications between Bimal Dugar and Plaintiff's counsel respond to any of the categories of documents previously requested, Defendants are seeking their production. (See Romero Decl.).

## ARGUMENT

### I.  Defendants' Document Requests are Relevant to the Claims at Issue in this Action

"In federal actions, discovery should be broad, and all relevant materials which are reasonably calculated to lead to the discovery of admissible evidence should be discoverable." *National Congress for Puerto Rican Rights v. City of New York,* 194 F.R.D. 88, 92 (S.D.N.Y. 2000) (quotations omitted) (citations omitted). Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  The term "reasonably calculated, as used in FRCP Rule 26, means any possibility that the information sought may be relevant." *Morse/Diesel, Inc. v. Fidelity & Deposit Co.,* 122 F.R.D. 447, 449 (S.D.N.Y. 1988) (quotations omitted) (citations omitted).

Even a cursory review of Defendants requests for production shows that the documents Defendants seek meet this standard. Further, Plaintiff has the burden of demonstrating that responding to Plaintiff's requests for production would be unduly burdensome. *See ABC Rug & Carpet Cleaning Service, Inc. v. ABC Rug Cleaners, Inc.,* 2009 WL 105503, at *5 (S.D.N.Y. Jan. 14, 2009) (rejecting defendants' argument it would be "unduly burdensome" to respond to plaintiffs' document request where defendants failed to demonstrate that compliance with the request "would result in burden or expense significant enough for relevant information central to the issue of Plaintiffs' asserted damages to be precluded from discovery").

Defendants are entitled to the requests as delineated below because they seek non-privileged information that is relevant to the subject matter involved and that can be reasonably obtained by Plaintiff.

### A. Income Statements Provided by Michael George to S.N. Kapoor and/or Plaintiff

Income statements provided by Michael George to S.N. Kapoor may be relevant to creation and ownership of designs claimed to have been created by Michael George and that are at issue in this lawsuit to the extent they demonstrate authorship and payments for the creation of such designs. Such statements would also be relevant to the business practices between Michael George and Vikram Kapoor and the issue of joint ownership of designs at issue. Plaintiff has improperly limited its response to statements indicating income paid by Michael George. Plaintiff should be compelled to produce any documents concerning statements of income received by Michael George. As per the deposition of Michael George, these statements of income received by Michael George were provided to Vikram Kapoor and, upon information and belief, are in Plaintiff's possession, custody and/or control. See Romero Decl.

### B. Payments by Plaintiff to Kapoor

Documents concerning payment by Plaintiff to Kapoor in connection with assignments and/or transfers of copyrights of Plaintiff's Designs are relevant to the issue of validity of the assignments and/or transfers of copyrights. Plaintiff claims that Kapoor created 23 of the designs and assigned copyright ownership in them to Plaintiff via oral agreements entered into more than five years before a retroactive written assignment was created for purposes of this litigation. Plaintiff has produced purported written assignments by Vikram Kapoor that encompass 23 out of the 25 designs at issue and is now claiming that its copyright registrations and copyright ownership are based on these assignments. Given that the assignments are the gravamen of Plaintiff's claims of copyright ownership and this entire case, documents sought concerning payments related thereto are relevant and critical to Defendants' defense of this action.

Plaintiff has failed to advise whether its production to date concerning this request is complete (i.e. confirmation it has produced all documents concerning the payments for purchases of rugs bearding such designs and the "other good and valuable consideration for assignments of copyrights"). To the extent its production is not complete, it should be compelled to produce all responsive documents not produced to date.

### C. Plaintiff's Knowledge of Pre-existing or Public Domain Work

Document Request no. 55 of Defendants' Fourth Set of Requests for documents sought: Documents concerning Plaintiff's knowledge of any pre-existing or public domain work incorporated into any of Plaintiff's Designs and/or upon which Plaintiff's Designs are based. Such documents are relevant to the validity of the copyright registrations and any intent to deceive the Copyright Office. Plaintiff has recently acknowledged that certain of the designs at issue are based on rug designs that are in the public domain and has produced documents indicating that it will either amend the registrations or has amended the registrations to reflect the public domain sources. See Romero Decl. Accordingly, documents requesting public domain materials or pre-existing designs upon which the designs created by Vikram Kapoor were based, as well as documents requesting evidence of any original contributions made to the public domain or pre-existing designs is relevant to the issue of originality and copyright validity as Plaintiff failed to advise the Copyright Office of the pre-existing and/or public domain sources at the time of the registration applications. The issue of originality will also be relevant to the issue of copyright infringement.

Although Plaintiff advised it would produce responsive documents as to 22 remaining designs, Plaintiff has not provided documentation for all of the remaining 22 designs and, upon information and belief, has not identified any document responsive to this request in any privilege log. If any documents responsive to this request are the subject of a privilege log,

Plaintiff has not provided the specific information to identify which items on its privilege log are responsive. Because Plaintiff is claiming copyright ownership and valid registration of the 25 designs at issue in this lawsuit, all documents concerning Plaintiff's knowledge of any pre-existing or public domain work incorporated into any of Plaintiff's Designs and/or upon which Plaintiff's Designs are based have been placed at issue and cannot be protected by the work product doctrine.

### D. Documents Concerning When Plaintiff First Became Aware of Public Domain Work

Document Request no. 56 of Defendants' Fourth Set of Requests for documents sought: For each of Plaintiff's Designs based upon or incorporating Public Domain material identified in Plaintiff's Form CAs, all documents concerning when Plaintiff first became aware that such design was based on or incorporated public domain material.

Similarly, as with Request No. 55, documents concerning when Plaintiff first became aware of public domain sources identified in amendments to its copyright registrations would be relevant to the issue of copyright validity and any intent to deceive the copyright office. Although Plaintiff advised it would produce responsive documents as to 22 remaining designs, Plaintiff has not provided documentation for all of the remaining 22 designs and, upon information and belief, has not identified any document responsive to this request in any privilege log. If any documents responsive to this request are the subject of a privilege log, Plaintiff has not provided the specific information to identify which items on its privilege log are responsive.

### E. Documents Concerning Plaintiff's Accounting Records for All Sales to All Customers

Without limitation, documents concerning Plaintiff's accounting records for all sales to all customers of carpets and/or rugs bearing Plaintiff's Designs may yield information relevant to

the first sale doctrine. This doctrine allows the purchaser to transfer (*i.e.,* sell or give away) a particular lawfully made copy of the copyrighted work without permission once it has been obtained. This means that the copyright holder's rights to control the change of ownership of a particular copy ends once that copy is sold, as long as no additional copies are made.

### F. Documents Concerning Customs Records

All documents concerning customs records of Plaintiff concerning Plaintiff's designs within the last five years may also be relevant to determine whether Plaintiff has purchased rugs bearing the designs from other manufacturers who may claim ownership of the designs or has sold to others that may have been licensed by Plaintiff to sell the rugs.

### G. Exhibit G to Jaipur Complaint

Defendants sought original copies of Exhibit G to the complaint dated April 14, 2005 and filed by Plaintiff in the action <u>Samad Brothers, Inc. v. Jaipur Rugs, Inc. and Robert Kirby</u>, Case No. 05-1999(FSH) in the United States District Court for the District of New Jersey (the "Jaipur Action").

According to the complaint in the Jaipur Action, Exhibit G represents copies of the lower left-hand quadrant of the Thatcher design allegedly owned by Samad and the Jaipur Rug alleged to have infringed Thatcher, enlarged to the same size as the public domain source, a Kerman design, and the three rugs are marked with numbers to show where Thatcher made changes to the Kerman design and where Jaipur copied the same changes from Samad. This Exhibit is relevant to the claim of copyright infringement of the Thatcher rug also at issue in this lawsuit.

### H. Proof of Payments To Samad From Jaipur

Documents concerning proof of payments from Jaipur in connection with the Jaipur Action are relevant to the issue of whether Plaintiff is seeking a double recovery for sale of items for which it has already recovered damages in a prior lawsuit.

### I. Documents Produced in Jaipur Action

Defendants requested all documents concerning goods bearing or allegedly bearing Plaintiff's Designs which were produced in the Jaipur Action.

These documents are relevant to the claims by Plaintiff concerning the Thatcher rug at issue in this lawsuit, particularly as Defendants may be customers of Jaipur affiliates and/or the parent company which were released from claims in an earlier action against Jaipur.

### J. Communications between Bimal Dugar and Plaintiff

Correspondence between Bimal Dugar and Mark Kaufman listed on Plaintiff's privilege logs would be relevant to the issues of authorship, originality, creation, and public domain origins of the Heritage and Jewel designs claimed to have been assigned by Jain Carpets as well as to the validity of any assignments claimed therein. At the very least, the documents requested are likely to provide valuable impeachment evidence for use by defendants. Discovery for impeachment is "always relevant." *Bridgeport Music, Inc.*, 2007 U.S. Dist. LEXIS 91957, 8, quoting *Davidson Pipe Co. v. Laventhol and Horwath*, 120 F.R.D. 455, 461 (S.D.N.Y. 1988). This is particularly true as JAIN 50 indicates the Jewel design was created two years before the effective date of the Jewel work for hire/assignment agreement produced by Plaintiff and would suggest that any rugs distributed between 1998 and 2000 did not infringe upon any claimed ownership rights of Plaintiff.

While Plaintiff claims the communications with Bimal Dugar are privileged, Plaintiff has failed to identify the items on its privilege log with enough detail "to enable other parties to assess the applicability of the privilege." Fed. R. Civ. P. 26 (b)(5). *Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474 (2d Cir. 1993) (privilege log must give sufficient detail "to permit a judgment as to whether the document is at least potentially protected from disclosure"); *Export-Import Bank of the United States v. Asia Pulp & Paper Co., Ltd.*, 232

F.R.D. 103, 111 (S.D.N.Y. 2005). In any event, because one of the communications bates stamped JAIN 49-50, previously withheld and subsequently produced provided relevant and important information concerning the creation dates, authors, and first invoices for the Jewel and Heritage designs – all of which is relevant to copyright ownership, assignment, and copyright validity - it is clear that these documents were improperly withheld under the work product doctrine as all of the matters therein have been placed at issue in this lawsuit. Moreover, to the extent any of the other emails relate to these matters, those emails concern communications that have been placed at issue by Plaintiff's selective disclosure of Bimal Dugar communications. In any event, Plaintiff has the burden of proving the communications are privileged.

"Courts have routinely held that documents prepared by one who is not a party to the case at bar are not protected by Rule 26(b)(3), even if the non-party is itself a party to a closely related lawsuit in which he will be disadvantaged if he must disclose in the instant suit." *Ricoh Co. v. Aeroflex Inc.*, 219 F.R.D. 66, 69 (S.D.N.Y. 2003) (internal citations omitted).

To the extent any of the withheld communications relate to assignments, they are particularly relevant and must be produced. The assignments' validity is an issue which Defendants' are entitled to question based on admissions that the written assignments were entered into after the commencement of this litigation and based on conflicting positions taken by Plaintiff. The assignments and their validity have been put at issue, just as communications related thereto have been put at issue by Plaintiff's selective disclosure of communications.

## II. Defendants' Document Requests are Reasonably Tailored to the Claims and Defenses at Issue in this Action

All of the foregoing requests are narrowly tailored and seek the production of documents relevant to the claims and defenses at issue in this litigation, particularly as most are limited to only those documents concerning the designs at issue in this lawsuit. The Court "will only limit the discovery of relevant information when it determines that 'the burden or expense of the

proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.'" *Id.* (quoting Fed. R. Civ. P. 26(b)(2)(C)(iii)). Second Circuit law makes clear that the discovery obligations Plaintiff seeks to avoid are typical of the inconveniences associated with discovery in any litigation, and do not impose an undue burden upon Plaintiff. *See In re Worldcom, Inc.*, 2008 WL 427896, at *5 (S.D.N.Y. Feb. 14, 2008) (requiring production of documents and noting that "the mere fact that discovery may involve large volumes of documents or may be burdensome does not, by itself, excuse compliance with discovery requests").

The need of defendants for the documents cannot be overstated. Defendants are defending against claims alleging willful copyright infringement of 25 Designs, many of which were allegedly created over 8 years ago. After the passage of so much time, as memories fail, documentary evidence to the Court and the jury as they seek to resolve factual disputes in this case is critical. Defendants are not aware of any alternative source for the documents requested and Plaintiff has not seriously contended that any other source exists – thus, defendants have a substantial need for the documentary evidence.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this motion to compel Plaintiff to produce all responsive documents to the document requests discussed herein.

Dated: New York, New York
December 7, 2010

Jura C. Zibas (JZ 8970)
Joanne J. Romero (JR 0275)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
77 Water Street, 21st Floor
New York, New York 10005
*Attorneys for Defendants*

4847-2130-7400.1                    14