UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
SAMAD BROTHERS, INC.,                              ) 09 CV 5843 (JFK)(KNF)
                     Plaintiffs,             )
                                                         )
           - v -                                        )            **DECLARATION**
                                                         )
BOKARA RUG CO., INC., JAN SOLEIMANI, AND  )
GABRIEL VAKNIN,                                    )
                                                         )
                    Defendant.               )
------------------------------------------------------------------- X

       **JOANNE J. ROMERO, ESQ.**, an attorney duly admitted to practice law in the courts of this State and this Federal District, declares pursuant to 28 U.S.C. § 1746, under penalties of perjury, that the following is true and accurate to the best of my knowledge and belief:

       1.     I am an associate with the law firm of Lewis Brisbois Bisgaard & Smith, LLP, attorneys for the Defendants herein. I submit this Declaration in support of Defendants' motion to compel the production of documents.

       2.     This is a copyright infringement case in which Plaintiff claims to own certain carpet designs. Plaintiff's theory of ownership has changed significantly since it brought this case, as plaintiff has amended its complaint three times and is still seeking to amend it a fourth time. In the first three versions of its complaint (ECF Docket Nos. 1, 4 and 9), plaintiff contended that it was the author of the designs at issue. Its Third Amended Complaint (Docket No. 33), and its proposed Fourth Amended Complaint (Docket No. 35, Exh. 3), now claim that Vikram Kapoor, S.N. Kapoor and/or Jain Carpets are the authors, and plaintiff is an exclusive assignee of Vikram Kapoor, S.N. Kapoor and/or Jain Carpets.

3.      As further background, Plaintiff filed the original complaint in this action against Bokara Rug Co., Inc. on June 25, 2009 alleging infringement by Bokara of the copyrights in nine rug designs allegedly owned by Plaintiff. (ECF Docket No. 1). Plaintiff filed an amended complaint as of right on August 13, 2009, to allege infringement of a tenth design. (ECF Docket No. 4). Pursuant to a Stipulated Consent and Order dated September 8, 2009, on September 9, 2009, Samad served the Second Amended Complaint, which added the individual defendants, Gabriel Vaknin and Jan Soleimani, to this action. (ECF Docket No. 9). Plaintiff filed a third amended complaint on July 19, 2010 amending the complaint to add **fifteen** additional designs, thirteen of which were allegedly created by Vikram Kapoor and two of which were created by Jain Carpets. (Docket No. 33). Exclusive copyright ownership rights were allegedly assigned to Plaintiff. Third Amended Complaint, Docket No. 33, ¶¶ 17 and 18. In addition, the Third Amended Complaint recognized that Michael George is the author of one of the designs, Luxor (see Third Amended Complaint, ¶ 14). Notably, Michael George claims to have created additional designs.

4.      Annexed to this Declaration as Exhibit A hereto is a true and correct copy of an email from Michael George to Mark Kaufman evidencing Mr. George's claim that he created the Zarya Design.

5.      The designs listed in the Third Amended Complaint are:

| Exhibit to Third Amended Complaint | Samad Design Name | Registration Number |
|---|---|---|
| A | Thatcher | VAu531-781 |
| B | WONDER | VAu420-123 |
| C | ZARYA | VA 1-667-985 |
| D | LUXOR | VAu487-302 |
| E | ARUBA | VAu573-793 |
| F | BERMUDA | VAu573-792 |
| G | CADIZ | VA 1-237-179 |

| H | GRANADA | VA 1-237-177 |
|---|---|---|
| I | SEVILLE | VA 1-237-176 |
| J | Intentionally omitted | |
| K | UNITY | VAu487-300 |
| L | Grosvenor | VA-1-284-701 |
| M | WALDORF | VA-1-284-702 |
| N | Excitement | VA1 237-123 |
| O | HAPPINESS | VA1-237-119 |
| P | HONESTY | VAu 573-812 |
| Q | HONOUR | VAu 573-804 |
| R | KINDNESS | VA1 237-118 |
| S | LEGACY | VAu 573-805 |
| T | LIFE | VAu 573-816 |
| U | LUST | VA1 237-117 |
| V | PURITY | VAu 573-811 |
| W | PURPOSE | VAu 573-809 |
| X | SOUL | VAu 573-817 |
| Y | HERITAGE | VAu 531-798 |
| Z | JEWEL | VAu 487-312 |

6. Plaintiff has recently acknowledged that certain of the designs at issue are based on rug designs that are in the public domain and has produced documents indicating that it will either amend the registrations or has amended the registrations to reflect the public domain sources. For example, Plaintiff produced CA Form, dated September 24, 2010 and bates stamped SAM 1875-1876, amplifying the registration for the design called Bermuda, to note it is a derivative work based on public domain material. Accordingly, the documents requests served upon Plaintiff by Defendants encompass issues related to public domain sources listed on the copyright registration amendments.

7. A true and correct copy of the document, bates stamped SAM 1875-1876, is attached hereto as Exhibit B.

8. Annexed to this Declaration as Exhibit C hereto is a true and correct copy of Defendants' Fourth Set of Requests for Documents and Plaintiff's Responses thereto.

4822-8749-7736.1

9. Annexed to this Declaration as Exhibit D hereto is a true and correct copy Defendants' Fifth Set of Requests for Documents and Plaintiff's Responses thereto.

10. Annexed to this Declaration as Exhibit E hereto is a true and correct copy of the Defendants' meet and confer correspondence dated October 27, 2010 seeking to resolve the discovery dispute without court intervention.

11. Annexed to this Declaration as Exhibit F hereto is a true and correct copy of the Defendants' November 4, 2010 response to the meet and confer correspondence dated October 27, 2010.

12. Annexed to this Declaration as Exhibit G hereto is a true and correct copy of the November 9, 2010 email request by Jura Zibas to Mark Kaufman for a meet and confer seeking to resolve all discovery disputes between the parties without court intervention and representing Defendants' good faith attempt to confer as to all discovery disputes.

13. Annexed to this Declaration as Exhibit H hereto is a true and correct copy of the November 9, 2010 email response by Mark Kaufman to Jura Zibas declining her request for a meet and confer.

14. Annexed to this Declaration as Exhibit I hereto is a true and correct copy of the Defendants' meet and confer correspondence dated November 19, 2010 requesting a conference to discuss the discovery deficiencies and representing Defendants' good faith attempt to confer.

15. Annexed to this Declaration as Exhibit J hereto is a true and correct copy of the November 22, 2010 correspondence received from Plaintiff's counsel in response to the November 19, 2010 meet and confer letter requesting a conference.

16. Annexed to this Declaration as Exhibit K hereto is a true and correct copy of the Defendants' correspondence dated November 24, 2010 requesting the Court's assistance in

4822-8749-7736.1

resolving the discovery disputes and identifying the remaining deficiencies in Plaintiff's November 22, 2010 correspondence.

17. Annexed to this Declaration as Exhibit L hereto is a true and correct copy of the Plaintiff's correspondence dated December 2, 2010 letter continuing to object to the production of certain documents.

18. As described in defendants' accompanying memorandum of law, the document requests seek evidence critical to the determination of authorship, originality, copyright validity, copyright ownership, and transfer of copyright ownership of the designs at issue in this lawsuit as well as to whether sales to Defendants were non-infringing. In particular, the document requests seek:

(a) Statements of income provided by Michael George to S.N. Kapoor and subsequently to Plaintiff;

(b) All documents concerning payment by Plaintiff to Kapoor in connection with assignments and/or transfers of copyrights of Plaintiff's Designs;

(c) All documents concerning Plaintiff's knowledge of any pre-existing or public domain work incorporated into any of Plaintiff's Designs and/or upon which Plaintiff's Designs are based;

(d) For each of Plaintiff's Designs based upon or incorporating Public Domain material identified in Plaintiff's Form CAs, all documents concerning when Plaintiff first became aware that such design was based on or incorporated public domain material;

(e) All documents concerning Plaintiff's accounting records for all sales to all customers of carpets and/or rugs bearing Plaintiff's Designs;

(f) All documents concerning customs records of Plaintiff concerning Plaintiff's designs within the last five years;

(g) Documents concerning the action styled Samad Brothers, Inc. v. Jaipur Rugs, Inc. and Robert Kirby, Case No. 05-1999(FSH) in the United States District Court for the District of New Jersey (the "Jaipur Action"), including original copies of Exhibit G to the complaint dated April 14, 2005 and filed by Plaintiff in the Jaipur Action, all proof of payments to Samad received in the Jaipur Action, and all documents concerning goods

bearing or allegedly bearing Plaintiff's Designs which were produced in the Jaipur Action; and

(h) correspondence between Bimal Dugar of Jain Carpets and Mark Kaufman withheld as privileged despite Plaintiff having waived any claim to privilege by putting the matters to which those communications relate at issue.

19. As further discussed in the accompanying memorandum of law, Plaintiff has objected to producing documents to the foregoing requests or has failed to produce documents it has advised it would produce.

20. Specifically, with respect to h, annexed to this Declaration as Exhibit M hereto are true and correct copies of Plaintiff's privilege log relevant to the Bimal Dugar communications. Plaintiff's privilege logs do not provide sufficient information to identify to which documents requests the withheld communications may be responsive. However, Defendants have previously requested in its Fourth Set of Document Requests:

- All documents concerning work for hire agreements, settlement agreements, and/or memoranda of understanding, entered into between Plaintiff and Jain Carpets.
- All documents concerning any and all agreements entered into between Plaintiff and Jain Carpets concerning Plaintiff's Designs, including, but not limited to, any work for hire agreements or licensing agreements which may have been superseded by any subsequent written transfers of ownership signed by Jain Carpets.
- All documents concerning indemnification agreements between Plaintiff and Jain Carpets.
- All documents concerning any and all licensing agreements entered into between Plaintiff and Jain Carpets concerning Plaintiff's Designs.
- All documents concerning any and all agency agreements entered into between Plaintiff and Jain Carpets.
- All documents concerning any and all agency agreements entered into between Plaintiff and Jain Carpets concerning Plaintiff's Designs.
- All documents concerning any and all distribution, manufacturing and/or sales agreements entered between Plaintiff and Jain Carpets concerning Plaintiff's Designs.
- All documents concerning any and all profit sharing agreements entered between Plaintiff and Jain Carpets concerning Plaintiff's Designs.
- All documents concerning any and all royalty payments by Jain Carpets to

Plaintiff concerning Plaintiff's Designs.
- All documents concerning any and all royalty payments by Plaintiff to Jain Carpets concerning Plaintiff's Designs.
- All documents to support any allegation that each transfer of ownership made by Jain Carpets to Plaintiff concerning Plaintiff's Designs was made prior to the creation of any written assignment, written instrument of conveyance, written note of transfer, written memorandum of transfer, signed by Jain Carpets.
- All documents confirming that each assignment made by Jain Carpets to Plaintiff concerning Plaintiff's Designs was made prior to a written transfer of copyrights.
- All documents concerning oral assignment made by Jain Carpets concerning Plaintiff's Designs.
- All documents concerning breach of any agreement concerning the transfer of copyrights to Plaintiff by Jain Carpets.
- All documents concerning payment by Plaintiff to Jain Carpets in connection with assignments and/or transfers of copyrights of Plaintiff's Designs.
- All documents concerning any disputes between Plaintiff and Jain Carpets concerning the sale, distribution, manufacture, copying, and/or reproduction of Plaintiff's Designs by Jain Carpets.
- All documents concerning any permission and/or authority, whether direct, indirect, implied or explicit, granted to Jain Carpets to use, sell, distribute, manufacture, copy, reproduce, or make derivative works of Plaintiff's Designs.
- All documents concerning agreements between Jain Carpets and Plaintiff on the other hand concerning this Action.
- All documents concerning any threatened claims by Plaintiff against Jain Carpets.
- All documents concerning cease and desist letters to Jain Carpets concerning Plaintiff's Designs.
- All documents showing when Plaintiff first became aware of any infringing sale, manufacture, and/or distribution by Jain Carpets of rugs and/or carpets bearing Plaintiff's Designs to third parties.
- All documents showing when Plaintiff first became aware of any infringing sale, manufacture, and/or distribution by Jain Carpets of rugs and/or carpets bearing Plaintiff's Designs to Defendants.

Moreover, all of Defendants' discovery requests combined have sought information concerning details about the creation of the designs at issue. Accordingly, to the extent any of the withheld documents relate to the aforementioned items or specifically relate to the Heritage and Jewel designs, they should be produced.

21. Plaintiff recently produced JAIN 49 and JAIN 50 which were previously withheld on the basis of work product privilege. These documents are responsive to prior requests for

4822-8749-7736.1

information and do not appear to be properly supported by any claim to work product privilege. Annexed to this Declaration as Exhibit N hereto is a true and correct copy of JAIN 49 and JAIN 50.

22.  With respect to the claim that the document requests seek documents that are work product privileged, the privilege logs do not sufficiently identify the documents subject to the privilege and Plaintiff has not met the burden of proving the documents are privileged.

23.  I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 7, 2010.

_Joanne J. Romero_

4822-8749-7736.1