```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/13/2010
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
SAMAD BROTHERS, INC.,          :
                               :
                Plaintiff,     :    No. 09 Civ. 5843 (JFK)
                               :
     -against-                 :    **MEMORANDUM OPINION**
                               :    **AND ORDER**
BOKARA RUG CO., INC., et al.,  :
                               :
                Defendants.    :
------------------------------X

**JOHN F. KEENAN, United States District Judge:**

    Before the Court is Bokara Rug Co., Inc., Jan Soleimani, and Gabriel Vaknin's (collectively "Defendants") Objection to the Magistrate Judge's July 29, 2010 Order ("Order") applying work product protection to certain emails sought in discovery from Plaintiff Samad Brothers ("Plaintiff" or "Samad"). For the reasons that follow, Defendants' Objection to the July 29, 2010 Order is sustained, and the Court orders that the disputed emails be produced.

### I.  BACKGROUND

    Samad is in the business of importing and selling rugs. (Third Am. Compl. ¶ 5.)[1] Although Plaintiff's theory of the case has evolved over time, Samad now alleges that Defendants are infringing on twenty-five copyrighted rug designs originally

---

[1] In June 2009, Samad sued Defendants for copyright infringement, alleging Defendants sold rugs with Samad's designs. Samad has amended the complaint three times. The Third Amended Complaint, filed on July 8, 2010, is the operative complaint.

1

created by Vikram Kapoor of S.N. Kapoor Exports, who assigned all rights therein exclusively to Samad.  (Id. ¶¶ 13, 16-17, 71.)

During discovery, Plaintiff produced documents purportedly memorializing Mr. Kapoor's assignment of interest in the disputed rug designs to Samad.  (See Decl. of Ronald W. Meister in Supp. of Objection to Magistrate Judge's Order ("Meister Decl.") ¶¶ 5-6.)  However, these documents were created by Samad with the assistance of counsel, Mark S. Kaufman, after commencing the instant lawsuit.  (Id. Ex. 1.)  Upon learning that the documents were not contemporaneous with the alleged assignment, on April 5, 2010, Defendants served a subpoena on Mr. Kapoor requesting all documents concerning the letters between Mr. Kapoor and Samad on which Plaintiff's ownership claim is based.  (Id. Ex 2.)  It is undisputed that Samad's counsel, Mr. Kaufman, took an active role in assisting Mr. Kapoor in producing documents responsive to the subpoena.[2]  Mr. Kaufman served on Defendants, on Mr. Kapoor's behalf, objections and responses to Defendants' subpoena.  Mr. Kapoor signed that document and below his signature it states: "Prepared by

---

[2]  Mr. Kaufman states that he communicated with Mr. Kapoor "in order to gather documents necessary to bring the claims at issue in the lawsuit, and to provide responses to Bokara's discovery." (Decl. of Mark S. Kaufman in Opp'n to Defs.' Objection to Order of Magistrate Judge Fox Dated July 29, 2010 ¶ 17.)

2

Counsel: Kaufman & Kahn, LLP." (Id. Ex. 4.) However, Mr. Kaufman is not Mr. Kapoor's attorney. (Id. Ex. 3.)

Also, Defendants sought copies of the communications between Kapoor and Samad from Plaintiff. In total, between October 14, 2009 and July 22, 2010, Mr. Kaufman exchanged forty-eight emails with Mr. Kapoor. (See id. Ex. 5.) In response to Defendants' document request seeking these emails, Mr. Kaufman asserted attorney work product protection. (See July 27, 2010 Privilege Log, Meister Decl. Ex. 5.) The Magistrate Judge reviewed in camera the forty-eight emails listed on Plaintiff's July 27, 2010 privilege log to evaluate the work product protection claim. In a one-sentence order dated July 29, 2010, without an accompanying opinion, the Magistrate Judge held that Plaintiff need not disclose the disputed email communications to Defendants.

## II.  DISCUSSION

### A.  Standard of Review

This Court reviews the Magistrate Judge's non-dispositive, discovery ruling pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. Under Rule 72(a), a court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on

3

the entire record is left with the definite and firm conviction that a mistake has been committed." Nikkal Indus., Ltd. v. Salton, Inc., 689 F. Supp. 187, 189 (S.D.N.Y. 1988) (citation omitted). This is a highly deferential standard, and "[t]he party seeking to overturn a magistrate judge's decision thus carries a heavy burden." U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc., No. 04 Civ. 6189, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007). The Court notes, however, that application of this deferential standard is somewhat more difficult in this case, as the Magistrate Judge provided no explanation for his ruling.

**B.   The Attorney Work Product Doctrine**

The attorney work product doctrine "provides qualified protection for materials prepared by or at the behest of counsel in anticipation of litigation or for trial." In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002, 318 F.3d 379, 383 (2d Cir. 2003); see Fed. R. Civ. P. 26(b)(3). The U.S. Court of Appeals for the Second Circuit has clarified that "documents should be deemed prepared 'in anticipation of litigation,' and thus within the scope of [Rule 26], if 'in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'" United States v. Adlman, 134 F.3d 1194, 1202 (2d Cir. 2003) (quoting 8 Charles

4

Alan Wright, Arthur R. Miller & Richard L. Marcus, <u>Federal Practice & Procedure</u> § 2024, at 343 (1994)). Although a document may qualify for work product protection, the privilege is qualified in that attorney work product may be discoverable upon a showing that the party seeking discovery "has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii).

The limits of the work product doctrine are defined by "common sense and the practicalities of litigation." <u>In re Steinhardt Partners, L.P.</u>, 9 F.3d 230, 235 (2d Cir. 1993). For example, work product immunity is waived "when protected materials are disclosed in a manner which is either inconsistent with maintaining secrecy against opponents or substantially increases the opportunity for a potential adversary to obtain the protected information." <u>Fullerton v. Prudential Ins. Co.</u>, 194 F.R.D. 100, 103 (S.D.N.Y. 2000) (quoting <u>Niagara Mohawk Power Corp. v. Stone & Webster Eng. Corp.</u>, 125 F.R.D. 578, 590 (S.D.N.Y. 1989)); <u>see</u> <u>Plew v. Limited Brands, Inc.</u>, No. 08 Civ. 3741, 2009 WL 1119414, at *3 (S.D.N.Y. Apr. 23, 2009) (Dollinger, Mag. J.) (work product protection may be waived "by disclosure to non-adversaries in circumstances that make it likely that erstwhile protected materials will be revealed to an adversary").

In objecting to the Magistrate Judge's Order, Defendants argue that: (1) the communications between Mr. Kaufman and Mr. Kapoor are not attorney work product; (2) sharing work product with a non-party constituted a waiver; (3) because of Plaintiff's allegations the relationship between Mr. Kaufman and Mr. Kapoor is discoverable; and (4) they have substantial need for the documents.

### 1. The Email Communications Are Not Work Product

After independently reviewing the disputed emails <u>in camera</u>, the Court finds that these communications are not attorney work product. At the beginning of their correspondence, Mr. Kaufman instructed Mr. Kapoor to communicate with him alone, and not with Samad. According to Mr. Kaufman, this would allow their exchanges to fall within the work product protection. Accordingly, Mr. Kaufman designated each email as "Attorney Work Product." However, that designation alone cannot provide automatic protection to the documents. Otherwise, any party could designate a document as work product to prevent its production. <u>Cf.</u> <u>In re Grand Jury Subpoena Dated Jan. 4, 1984</u>, 750 F.2d 223, 224-25 (2d Cir. 1984) (holding that the burden on a party claiming protection of a privilege is "not discharged by mere conclusory or ipse dixit assertions" (internal citation omitted)).

6

Mr. Kaufman states that he corresponded with Mr. Kapoor to establish Plaintiff's claims and assist Mr. Kapoor in responding to Defendants' document requests. However, the Court is concerned with the content of the emails, not the mere fact that Mr. Kaufman provided assistance in his capacity as Plaintiff's counsel. Indeed, there is very little in Mr. Kaufman's correspondence with Mr. Kapoor that could be characterized as "mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). Mr. Kaufman's emails to Mr. Kapoor discuss documents and information in Mr. Kapoor's possession that were created before the litigation began, and are responsive to Defendants' document requests. The emails, almost entirely, solicit facts and supporting documents from Mr. Kapoor and request that Mr. Kapoor turn over documents that would in turn be produced to Defendants. The communications with Mr. Kapoor are not strategic in nature and do not reflect his own attorney work product. In sum, these emails are outside the scope of the attorney work product doctrine.

    **2. Communications with a Non-Party**

To the extent the disputed emails contain any attorney mental impressions or litigation strategy, the work product protection was waived by disclosing them to Mr. Kapoor, who is a third party witness. Ricoh Co. Ltd. v. Aeroflex Inc., 219

7

F.R.D. 66 (S.D.N.Y. 2003), is instructive on this point. In that patent infringement case, defense counsel claimed work product protection over emails he sent to a third party witness "in furtherance of an investigation of an affirmative defense in the present law suit." Id. at 70. The Ricoh court held that a defense counsel waived any claim of work product protection by sharing his observations with a third party independent witness, particularly because the third party did not share a common interest with defendants such that they "could reasonably expect that information revealed to [the non-party] would not be disclosed to their adversary." Id.

Similarly, Mr. Kaufman argues that his email communications with Mr. Kapoor were in furtherance of investigating Samad's claims. Here, nothing in the record suggests that Samad and Mr. Kapoor share a common interest such that Mr. Kaufman should have expected their communications to remain confidential. Rather, Defendants argue that Mr. Kapoor is not only the creator of the designs, but that he also has a business relationship with Defendants as their rug supplier. The Third Amended Complaint injected Mr. Kapoor into this case as a significant witness. (Third Am. Compl. ¶ 17.) Mr. Kaufman assisted Mr. Kapoor in deciding which documents were responsive to Defendants' subpoena and assisted in drafting objections. Mr. Kaufman was aware of Mr. Kapoor's importance in this litigation. There is little

indication that his actions toward Mr. Kapoor were committed to the principle of maintaining secrecy against adversarial opponents. See Ricoh, 219 F.R.D. at 70; Fullerton, 194 F.R.D. at 103. Therefore, Mr. Kaufman waived any attorney-work product protection over the disputed emails.

### 3. Counsel's Relationship with Mr. Kapoor

Moreover, the fact that Mr. Kaufman wished to keep his communications with Mr. Kapoor confidential is not dispositive. Mr. Kapoor's objections and responses to Defendants' document requests state inexplicably that they were prepared by Mr. Kaufman as counsel. Yet, as of the writing of this Opinion, Mr. Kaufman is not Mr. Kapoor's counsel. Mr. Kaufman's actions suggest an attorney-client relationship where one did not properly exist. Throughout this litigation, Mr. Kaufman made it clear that he does not represent Mr. Kapoor. On June 11, 2010, in an email to defense counsel he stated that he was not Mr. Kapoor's attorney. Mr. Kaufman even indicated this to Mr. Kapoor in several of the disputed emails.

In Ricoh, defendants argued that the work product doctrine should apply because counsel made it clear to the non-party that their communications would be confidential. 219 F.R.D. at 70. The court dismissed this argument. It held that "in the context of a patent litigation, where prior art will be highly relevant both to the party asserting the infringement and the party

defending the suit," the defendants could not have expected their communications with the non-party to be confidential. Id. at 71. Here, the facts are similar. Mr. Kapoor's relationship with the parties is highly relevant to each of their claims. As discussed above, Mr. Kapoor created the designs, allegedly assigned the ownership rights to Samad, and allegedly supplied the rugs to Defendants. In light of these overlapping relationships, Plaintiff could not reasonably assume that information revealed to Mr. Kapoor would not be shared with Defendants. Therefore, the emails listed on the July 27, 2010, privilege log are to be produced to Defendants.[3]

### 4. Substantial Need

The Court finds that that the disputed emails are not attorney work product and, even if they were, waiver has occurred. Therefore, the Court need not reach the question of Defendants' need for the documents and alternative means of obtaining them.

### III. CONCLUSION

For the foregoing reasons, the Court finds that the Magistrate's July 29th Order is clearly erroneous. Defendants' Objection is therefore SUSTAINED. Plaintiff is directed to

---

[3] The last entry on the privilege log, dated July 22, 2010, is an email unrelated to this case, and need not be produced.

10

disclose, in accordance with this Opinion, the documents on the July 29, 2010 Privilege Log.

The Clerk of Court is directed to close the motion at docket number 41.

SO ORDERED.

Dated:   New York, New York
         December 13, 2010

                                         _____
                                         JOHN F. KEENAN
                                         United States District Judge