```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  12/13/2010
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------X
SAMAD BROTHERS, INC.,              :
                                   :
                Plaintiff,         :
                                   :    No. 09 Civ. 5843 (JFK)
     -against-                     :
                                   :    **MEMORANDUM OPINION**
BOKARA RUG CO., INC., et al.,      :    **AND ORDER**
                                   :
                Defendants.        :
-----------------------------------X

**JOHN F. KEENAN, United States District Judge:**

Before the Court is Plaintiff Samad Brothers, Inc.'s ("Samad" or "Plaintiff") Objection to the Magistrate Judge's October 18, 2010 Memorandum and Order denying Plaintiff's motion for leave to amend the Third Amended Complaint. Samad Bros., Inc. v. Bokara Rug Co. Inc., No. 09 Civ. 5843 (JFK) (KNF), 2010 WL 4457196 (S.D.N.Y. Oct. 18, 2010).  For the reasons set forth below, Plaintiff's Objection to the October 18, 2010 Order is overruled and the Magistrate Judge's decision is affirmed.

### I.  BACKGROUND

This is a copyright infringement action involving rug designs.  On June 25, 2009, Samad filed its initial complaint. On August 13, 2009, Samad filed the Amended Complaint as of right, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.  On September 11, 2009, Samad filed the Second Amended Complaint with Defendant Bokara Rug's consent.  On October 6, 2009, this Court entered a scheduling order setting a

1

deadline of December 31, 2009 for amendments to the pleadings. On February 9, 2010, Samad moved for leave to file the Third Amended Complaint. On June 30, 2010, the Magistrate Judge granted the motion in part, allowing Samad to add allegations of copyright infringement for fifteen additional rug designs. Samad Bros., Inc. v. Bokara Rug Co., Inc., No. 09 Civ. 5843 (JFK) (KNF), 2010 WL 2835754 (S.D.N.Y. June 30, 2010). On July 19, 2010, Samad filed the Third Amended Complaint and at the same time filed a motion for leave to amend the Third Amended Complaint.

On October 18, 2010, Magistrate Judge Fox denied Plaintiff's motion to amend the Third Amended Complaint. In a well-reasoned opinion, the Magistrate Judge held that Samad had not demonstrated a showing of good cause in moving to amend the complaint a fourth time. Samad Bros., 2010 WL 4457196, at *3.

## II.  DISCUSSION

### A.  Standard of Review

Rule 72(a) of the Federal Rules of Civil Procedure applies to a district court's review of a magistrate judge's non-dispositive pretrial order. The reviewing court must "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the

2

entire record is left with the definite and firm conviction that a mistake has been committed." Nikkal Indus., Ltd. v. Salton, Inc., 689 F. Supp. 187, 189 (S.D.N.Y. 1988) (quotation omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." MacNamara v. City of New York, 249 F.R.D. 70, 77 (S.D.N.Y. 2008) (internal citations and quotations omitted). This is a highly deferential standard, and "[t]he party seeking to overturn a magistrate judge's decision thus carries a heavy burden." U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc., No. 04 Civ. 6189, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007) (citation omitted).

Rule 15(a)(2), which governs amendment of pleadings after the time for amendment as of right expires, provides that the "court should freely give leave when justice so requires." However, where a scheduling order sets a deadline for amendments to the complaint, as it does here, the lenient Rule 15(a)(2) standard must be balanced against Rule 16(b)'s requirement that the court's scheduling order "shall not be modified except upon a showing of good cause." Holmes v. Grubman, 568 F.3d 329, 334-35 (2d Cir. 2009) (quotation omitted); Grochowski v. Phoenix Const., 318 F.3d 80, 86 (2d Cir. 2003). A showing of "good cause" depends upon the "diligence of the moving party." Holmes, 568 F.3d at 335.

### B.   Not Clearly Erroneous or Contrary to Law

There is no argument that the Magistrate Judge misapplied any of the Federal Rules of Civil Procedure. Instead, Plaintiffs argue that the Magistrate erred in denying the motion to amend because they acted diligently to discover four additional infringing rug designs and moved to amend quickly after this discovery.

Here, the Court's scheduling order fixed December 31, 2009, as the deadline for the amendment of pleadings. Plaintiff's motion to amend the Second Amended Complaint was filed a little over a month after the deadline expired. In that instance, the Magistrate Judge determined that Plaintiff had acted diligently to amend the pleadings pursuant to Rule 15. See Samad Bros., 2010 WL 2835754, at *3.

In contrast, Plaintiff's motion for leave to amend the Third Amended Complaint was filed on July 19, 2010--more than six months after the December 31, 2009 deadline. Moreover, it was filed on the very same day Plaintiff filed the Third Amended Complaint. Plaintiff learned of at least two of the additional designs as early as March 3, 2010. Samad Bros., 2010 WL 4457196, at *1. Furthermore, Plaintiff learned additional information related to the instant motion during a deposition on May 4, 2010. Id. However, Plaintiff did not raise any of these new allegations to the court in the several months while the motion

4

to amend the Second Amended Complaint was pending. On June 30, 2010, the Magistrate Judge ruled on Plaintiff's motion for leave to file the Third Amended Complaint. Samad Bros., 2010 WL 2835754, at *3. The court ordered Plaintiff to file the Third Amended Complaint on July 19, 2010. Nevertheless, Plaintiff did not inform the Court that it intended to seek further amendments or that the status of its pending motion to amend had changed.[1]

    This Court agrees with the Magistrate's determination that:

> Bringing promptly to the Court's attention the information the plaintiff discovered, after submitting its motion for leave to file a third amended complaint, but before the Court's decision on that motion, would have saved the parties and the Court significant time and resources. The plaintiff's decision not to act on its newly discovered information, while its motion for leave to file its third amended complaint was pending and after it had been resolved, does not demonstrate diligence.

Samad Bros., 2010 WL 4457196, at *3. Pursuant to Rule 72(a), the standard of review regarding non-dispositive discovery orders is high. Plaintiff seeks to amend the complaint for the fourth time, and long after the scheduling order deadline has passed. The Court cannot say that the Magistrate Judge's order was clearly erroneous or contrary to the law.

---

[1] Plaintiff argues that it discovered two of the four additional designs the week before it filed its Third Amended Complaint, and thus acted promptly. The Magistrate Judge reasonably concluded that Plaintiff failed to demonstrate why it could not have found these allegedly infringing rugs earlier. Plaintiff had every opportunity to raise these issues with the court before it filed the Third Amended Complaint.

III. Conclusion

For the foregoing reasons, the Plaintiff's Objection to the Magistrate Judge's October 18, 2010 Order is OVERRULED. The Clerk of Court is directed to close the motion at docket number 54.

The parties are directed to appear for a pre-motion conference on January 13, 2011 at 11:00 a.m. in Courtroom 20-C.

SO ORDERED.

Dated:   New York, New York
         December 13, 2010

                                          _____
                                          JOHN F. KEENAN
                                          United States District Judge