UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

SAMAD BROTHERS, INC.,

Plaintiff,

-- against --

BOKARA RUG CO. INC., JAN SOLEIMANI, and GABRIEL VAKNIN,

Defendants.

Case No. 09 Civ. 5843 (JFK / KNF)

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**

Dated: December 14, 2010

KAUFMAN & KAHN, LLP
Mark S. Kaufman
(Email: Kaufman@kaufmankahn.com)
Attorneys for Plaintiff
747 Third Avenue, 32nd Floor
New York, NY 10017
Tel.: (212) 293-5556

# Contents

INTRODUCTION ........ 1

ARGUMENT ........ 1

A. Defendants' Introduction Raises Irrelevant Matters ........ 1

B. Samad Responded to Each of Defendants' 4th Set of Document Requests, or Was Substantially Justified to Object Thereto ........ 2

C. Samad Responded to Each of Defendants' 5th Set of Document Requests, or Was Substantially Justified to Object Thereto ........ 7

D. Samad Was Substantially Justified in Withholding the Emails As Protected by the Attorney Work Product Doctrine ........ 9

CONCLUSION ........ 12

# MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL

Facts supporting this memorandum are set forth in the accompanying Declarations of Mark S. Kaufman, dated December 14, 2010 ("Kaufman") and of Malcolm Samad, dated December 14, 2010 ("Samad Decl.").

## INTRODUCTION

Plaintiff Samad Brothers, Inc. ("Samad") has already responded to each of the requests set forth in defendants' motion to compel, prior to defendants' filing and serving its motion. Despite defendants' misrepresentations about the case and the discovery provided to date, Samad has either provided documents or written that it has no responsive documents to such requests. All other requests are overbroad, unduly burdensome, and seek information beyond the scope of the Federal Rules, or seek documents which, until the issuance of Judge Keenan's Memorandum and Order dated December 14, 2010, Samad was substantially justified in withholding based on the attorney work product doctrine. Thus, defendants' motion is unnecessary and wasteful of the Court's and Samad's resources.

## ARGUMENT

### A. Defendants' Introduction Raises Irrelevant Matters

Defendants' summary of the case to date is not only inaccurate, but largely irrelevant to their motion to compel. In their introduction, defendants raise the following red herrings, but do not ask the Court to compel production of any documents or information relating thereto:

- Defendants write as if the motion to serve and file the Third Amended Complaint should not have been granted - but the motion was, in fact, granted.

- Defendants' Memorandum of Law ("Ds' Memo") misrepresents that Michael George has "ownership claims" to Samad's ZARYA based on one of Mr. George's rambling emails, but his deposition testimony confirmed that he made no copyrightable contributions to that (or to any other) design. See Kaufman at ¶¶ 4-5 and Ex. A thereto.

- Samad has produced all documents regarding the Forms to Correct and Amend (each, a "Form CA") that Samad filed for its copyright registrations, amending to note that some designs are derivative works. Defendants do not seek in this motion any documents relating to such amendments, as Samad already produced the Form CA's as filed, and also produced cancelled checks confirming that it filed such amendments as of September 24, 2010. Kaufman ¶ 6.

In contrast, Samad addressed by letter dated December 2, 2010, amending its letter dated November 22, 2010, each of the concerns set forth in defendants' motion before defendants commenced this motion on December 7, 2010. See Kaufman ¶ 7-8 and Ex. B thereto. Thus, Samad fully responded, or justifiably objected, to each of the document requests set forth in defendants' motion.

### B. Samad Responded to Each of Defendants' 4th Set of Document Requests, or Was Substantially Justified to Object Thereto

Document Request No. 27. Notwithstanding the testimony of Michael George, or the alleged relevance of defendants' request, Samad has stated that it does not have any documents indicating "statements of income provided by Michael George to S.N.

Kapoor." See Kaufman Ex. B at 2. If such documents exist, defendants should obtain any such alleged documents from Mr. George, the purported author thereof.

Document Request No. 40. Samad does not have documents concerning payments by Samad to Vikram Kapoor or to S.N. Kapoor Exports for assignments and/or transfers of copyright of Samad's Designs. Rather, as Malcolm Samad testified, Samad provided other good and valuable consideration for the assignments of copyrights in designs: specifically, orders for the rugs bearing such designs, which Samad produced. See Kaufman Ex. C at 151:15-24, and 261:22-25; and Kaufman Ex. D.

Document Request No. 55. As for documents regarding Samad's knowledge of any pre-existing or public domain work incorporated into any of Samad's Designs and/or upon which Samad's Designs are based, Samad produced several months ago, and by letter dated (and received by defendants on) December 3, 2010,[1] all responsive documents not subject to the attorney work product doctrine in its possession, custody or control. See Kaufman¶¶ 12-15, and Ex. E, F and G.

Document Request No. 56. It is not clear how this request (for "all documents concerning when Plaintiff first became aware that" any of Plaintiff's designs "was based on or incorporated public domain material") is different from Document Request No. 55. Thus, Samad referred and refers to its response to Request No. 55.

Document Request No. 64. As set forth in the letter dated December 2, 2010, from Samad's counsel to defendants' counsel, accounting records for Samad's sales are not relevant to "the issue of the source of Plaintiff's Designs", as defendants' allege in their motion. See Kaufman Ex. B at 4. Defendants' request is much broader than

[1] Samad produced by email dated December 6, 2010, the two documents set forth in Exhibit E, which inadvertently were not enclosed with the December 3, 2010 letter.

necessary to confirm whether Samad sold rugs to "parties that sold to Defendants", as defendants belatedly assert to justify their irrelevant request, and seeks commercially sensitive customer information (which the Court has shielded from Samad when Samad requested unredacted documents). Thus, as written, Samad should not be required to respond to such request.

However, to the extent that defendants were permitted to narrow the scope of such request, at this late date, Samad stated as follows in its letter dated December 2, 2010: Samad has no sales documents indicating any sale to any of the manufacturers or exporters that sold rugs to defendants, to the extent defendants accurately identified such manufacturers and exporters when defendants produced purchase documents relating to the rugs at issue in this lawsuit (see Kaufman ¶ 20 and Ex. B at 5) - unless, of course, defendants' document production is incomplete, despite defendants' certification of complete document production. See Kaufman Ex. H at 1. Thus, Samad has no responsive documents available to respond to this request, even if the request were narrowly tailored to address defendants' alleged concerns.

Moreover, to the extent that defendants seek to hide behind the fig leaf of the first sale doctrine, they fail to cite a single case or statute, let alone one that indicates such doctrine applies to the facts of the case at hand. In fact, the first sale doctrine has been expressly held not to "protect persons who purchase copies of copyrighted works outside the United States and then import them into the United States for resale." Pearson Education, et al. v. Liu, No. 07-Civ-2423 (SHS), 2008 WL 2073491, * 3 (S.D.N.Y. May 13, 2008). See 17 U.S.C. § 602(a); Quality King Distributors, Inc. v. L'anza Research Intern., Inc., 523 U.S. 135, 148, 118 S. Ct. 1125 (1998); see also concurring opinion, 523

U.S. at 154, 118 S. Ct. at 1135. Defendants have testified that they obtain all of Bokara's rugs by buying them overseas. See Kaufman Ex. I. Thus, none of the rugs that defendants bought in India and sold in the United States are subject to the first sale doctrine.

Document Request No. 66. As with request no. 64, defendants' request for "all documents concerning customs records concerning Plaintiff's designs within the last 5 years" is overly broad and seeks voluminous, irrelevant information.

Samad has received approximately 540 shipments since October 29, 2005 (five years before defendants' 5th Set of Document Requests). The vast majority of those shipments are from India. To determine which of such shipments pertain to Samad's Designs would require the examination of virtually all the documents related thereto in order to determine which pertain to Samad's Designs. Each shipment files can consist of some 30 to 40 pages, including invoices, packing lists, bank documents, bill of lading, customs broker correspondence, entry summaries, delivery orders and customs broker's bill. Thus, to determine which documents from 540 shipments are responsive to defendants' demand would involve locating and reviewing over 16,000 documents. Moreover, it is unclear what defendants mean by "customs records", so it is unclear which of any documents relating to the deisgns at issue would be responsive. See Malcolm Samad Decl. at ¶¶ 4-8.

Defendants' brief but confusing reasoning as to why it purportedly is entitled to receive all such documents is even flimsier than for No. 64, and needs to be parsed to be understood:

(a) Such documents purportedly "may" be relevant to determine whether Samad purchased rugs bearing the designs from other manufacturers who "may" claim ownership of the designs. See Defendants' Memorandum of Law dated December 7, 2010 ("Ds' Memo") at 11. Defendants fail to identify any such manufacturers, and are attempting to engage in an improper fishing expedition. To the extent defendants claim that Saraswati Exports is such a "manufacturer that claims ownership of any designs", Samad has already produced purchase invoices from Saraswati. Further, the depositions of two Saraswati representatives indicate that S.N. Kapoor Exports, rather than Saraswati, created and own the designs at issue, as determined by the Indian Patent Office and by a settlement agreement between those two Indian companies. See Samad Decl. at ¶¶ 9-12.

Moreover, in response to prior document requests, Samad already produced purchase invoices identifying each manufacturer or exporter which sold to Samad the rugs bearing the designs at issue. The requested "customs documents" would only relate to the manufacturers and purchases already identified. See Samad Decl. at ¶ 12. Moreover, defendants' purchases – not Samad's – are at issue in this lawsuit. Thus, the requested customs documents are a superfluous, burdensome and unnecessarily expensive means of identifying – again – the companies that sold the rugs bearing the designs at issue to Samad.

(b) Defendants speculate that customs documents "may also be relevant" to determining whether Samad "has sold to others that may have been licensed by Plaintiff to sell the rugs." However, defendants purportedly have provided all documents responsive to Samad's document requests. See Kaufman Ex. H at 1. Samad specifically requested "All documents concerning the design, manufacture or importation of goods

bearing any of" the designs at issue in the Third Amended Complaint, and defendants asserted that they had produced all responsive documents. See Kaufman Ex. J, at Request No. 2. As Samad has already stated, by letter dated December 2, 2010, Samad has no customs documents indicating any sale to any of the manufacturers or exporters that sold rugs to defendants, to the extent defendants have accurately identified such manufacturers and exporters by producing purchase documents concerning rugs at issue in this lawsuit. See Kaufman ¶ 21. Thus, even if defendants' request no. 66 were narrowly tailored to seeking customs documents indicating shipments to any of the manufacturers or exporters that sold the infringing rugs to defendants, Samad has no responsive documents in its possession, custody or control.

### C. Samad Responded to Each of Defendants' 5th Set of Document Requests, or Was Substantially Justified to Object Thereto

Defendants demanded additional documents in their Fifth Set of Document Requests to which Samad also provided all responsive, non-privileged documents in its possession, custody or control.

Document Request No. 19. Defendants demanded "original copies" of Exhibit G to the Complaint dated April 14, 2005 filed in Samad Brothers, Inc. v. Jaipur Rugs, Inc. and Robert Kirby (D.N.J., Case No. 05-1999 (FSH)) (the "Jaipur Action"). Notwithstanding the vague and unintelligible nature of "original copies", Samad produced by letter dated December 3, 2010, a copy of Exhibit G to the Jaipur Action Complaint See Kaufman ¶ 22, and Ex. K. Samad's records indicated that said exhibit consisted of a public domain source in black and white, highlighted to show areas of that rug that the Vikram Kapoor had changed when he created Samad's THATCHER design. To the

extent other illustrations of other designs, with similar schematic changes, were referenced in the text of the complaint in the Jaipur Action, they were not attached to Samad's copy of the Complaint as Exhibit G thereto. Indeed, despite the text of the complaint in the Jaipur Action, the PACER docket confirms that any such documents were annexed as Exhibit H to the Complaint. See Kaufman ¶¶ 22-24, and Ex. L. Thus, Samad has in fact produced Exhibit G to the Jaipur Action complaint, and prior to defendants' motion, had not received notice that what defendants really sought was a better copy of Exhibit H. Kaufman ¶ 23.

Document Request No. 20. Defendants demanded "all proof of payments to Samad received in the Jaipur Action", and argued that such payments are relevant because they purportedly address the "issue" of "whether Plaintiff is seeking a double recovery for sale of items for which it has already recovered damages in a prior lawsuit." (Ds' Memo at 5, 12.) As best understood, defendants are suggesting that they purchased infringing rugs from Jaipur Rugs, Inc. (of Georgia) and/or Robert Kirby, so that any payments Samad received from settlement of the Jaipur Action might be for rugs those defendants sold to the defendants in the case at hand. However, defendants have asserted that they have produced all responsive documents, including those responsive to Samad's requests for all invoices concerning the purchase of infringing rugs. See Kaufman Ex. H at 1 and Ex. J at no. 2. None of the invoices defendants have produced to date indicate purchases from the Jaipur Action defendants.[2] Thus, such payment cannot be relevant to any purported "issue" of Samad seeking "double recovery" for rugs purportedly sold by

[2] Documents defendants produced indicate that they purchased rugs from Jaipur Carpets of India, not Jaipur Rugs of Dalton, Georgia, the corporate defendant in the Jaipur Action.

the defendant in the Jaipur Action to the defendants in this action - unless, of course, defendants' document production is incomplete, despite defendants' certification of complete document production.

Document Request No. 53. Samad has provided all documents in its possession, custody or control in response to defendants' demand for "all documents concerning goods bearing or allegedly bearing plaintiff's designs" from the Jaipur Action. The Jaipur Action settlement agreement, which Samad produced several months ago, lists all the rugs that were the subject of that agreement. See Kaufman ¶ 25 and Ex. M. By letter dated December 3, 2010, Samad produced copies of photographs of rugs sold by the Jaipur Action defendants. See Kaufman ¶ 26 and Ex. N. Thus, defendants' motion to compel has been rendered moot as to such document request.

**D. Samad Was Substantially Justified in Withholding the Emails As Protected by the Attorney Work Product Doctrine**

Other than emails which Samad was substantially justified in withholding, based on attorney work product, Samad produced all communications with Bimal Dugar of Jain Carpets (which designed two of the 25 designs at issue). Kaufman ¶ 27.

Samad's counsel shared with Dugar his thoughts and impressions about this case when he communicated in order to obtain information necessary to develop Samad's claims, to refute defendants' defenses, and to assist Samad in responding to discovery demands. Kaufman ¶ 28. As such, the emails appeared to be quintessential work product materials, and protected from discovery. Indeed, this Court denied defendants' prior motion to compel production of similar emails between Samad's counsel and Vikram Kapoor, set forth on a privilege log dated July 27, 2010, on the ground that they were

protected by the attorney work product doctrine. See Order dated July 29, 2010 (Docket No. 37).

However, by Order dated December 14, 2010 (Docket No. 84), Judge Keenan sustained defendants' objection to the July 29, 2010 order, and directed that Samad produce the emails with Kapoor as set forth on the July 27 privilege log. Accordingly, Samad will produce the emails with Dugar that Samad has withheld to date.

Based on the July 29 Order, Samad was substantially justified in declining to produce such communications with Dugar and believing that communications between its counsel and Dugar were protected by the attorney work product doctrine. See Fed. R. Civ. P. 37(a)(5)(A)(ii) ("the court must not order this payment [of expenses] if: …the opposing party's nondisclosure, response, or objection was substantially justified"). Each of those communications was set forth in Samad's privilege log dated September 27, 2010 and supplemented on November 18, 2010. See Kaufman ¶ 33 and Ex. O.

Prior to, and even within their motion to compel, defendants provided no reason why the requested communications purportedly were "likely" to serve as impeachment evidence. Kaufman ¶ 34.

Defendants claim that a document indicating that the JEWEL design was created before the effective date of Jain Carpets' assignment to Samad, so that allegedly "any rugs" distributed between 1998 and 2000 would not have infringed upon Samad's rights. However, none of the documents defendants produced indicate Bokara's importation of rugs bearing Samad's HERITAGE or JEWEL designs before November 2002. Kaufman ¶ 35. Thus – unless defendants failed to produce other responsive documents, indicating

earlier purchases of these rugs -- such "argument" did not support defendants' demand for documents subject to the attorney work product doctrine.

Defendants objected that the privilege log regarding emails with Dugar was not sufficiently detailed. (Ds' Memo at 6, 12.) However, a privilege log need only be sufficiently detailed to provide notice of the reason for the privilege claimed, "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed.R.Civ.P. 26(b)(5)(A); see also Local Civil Rule 26.2. Samad's supplemental privilege logs were sufficiently detailed: they indicated dates, authors, recipients of the emails; that emails from Samad's counsel requested information and documents; and that emails from Dugar were responses to counsel's request. Thus, defendants had enough information to assess the privilege claim.

Additionally, the privilege logs regarding email correspondence with Mr. Dugar were in the same format and provided the same detail as the logs dated June 21, 2010 and July 27, 2010 regarding email correspondence with Vikram Kapoor. See Kaufman Ex. O and P. At no time before defendants' letter dated November 24, 2010, did defendants object that the earlier logs were insufficiently detailed. Kaufman ¶ 37. Moreover, in denying defendants' motion to compel production of emails between Samad's counsel and Vikram Kapoor, this Court had deemed that the Kapoor log's format regarding such emails was sufficiently detailed to deny defendants' motion to compel production of those emails.

Thus, until the issuance of Judge Keenan's Memorandum and Order dated December 14, 2010 (the date of this Memorandum of Law), for the foregoing reasons and based upon this Court's Order dated July 29, 2010, Samad was substantially justified in

withholding the production of email correspondence between Samad's counsel and Dugar, as set forth in privilege logs. See Kaufman Ex. O.

## CONCLUSION

As a result of the foregoing, Samad respectfully requests that defendants' motion to compel be denied in its entirety.

Dated: New York, New York
December 14, 2010

KAUFMAN & KAHN, LLP

Mark S. Kaufman
747 Third Avenue, 32nd Floor
New York, NY 10017
(212) 293-5556
Email: kaufman@kaufmankahn.com