UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| SAMAD BROTHERS, INC., | : | Case No. 09 Civ. 5843 (JFK / KNF) |
| Plaintiff, | : | |
| -- against -- | : | **DECLARATION OF MALCOLM SAMAD IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL** |
| BOKARA RUG CO. INC., JAN SOLEIMANI, and GABRIEL VAKNIN, | : | |
| | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Malcolm Samad, under penalties of perjury, declares as follows:

1. I am the Vice President of plaintiff Samad Brothers, Inc.

2. Defendants have requested, in their 5th Set of Documents Requests no. 64, "all documents concerning customs records concerning Plaintiff's designs within the last 5 years".

3. Such request is overly broad and seeks voluminous, irrelevant information.

4. Samad has received approximately 540 shipments since October 29, 2005 (five years before defendants' 5th Set of Document Requests). The vast majority of those shipments are from India.

5. To determine which of such shipments pertain to Samad's Designs would require the examination of virtually all the documents related thereto in order to determine which pertain to Samad's Designs.

6. Each shipment files can consist of some 30 to 40 pages, including invoices, packing lists, bank documents, bills of lading, customs broker correspondence, entry summaries, delivery orders and customs broker's bill.

7. Thus, to determine whether to produce documents from 540 shipments would involve locating and reviewing over at least 16,000 documents.

8. Moreover, it is unclear what defendants mean by "customs records", so it is unclear which of any documents relating to the designs at issue would be responsive to defendants' demand.

9. Defendants argue that the requested documents purportedly "may" be relevant to determine whether Samad purchased rugs bearing the designs from other manufacturers who "may" claim ownership of the designs. However, defendants fail to identify any such manufacturers, and thus are attempting to engage in an improper fishing expedition.

10. To the extent defendants assert that Saraswati Exports is among the so-called "manufacturers who may claim ownership of the designs", defendants demand is redundant because Samad has already produced purchase invoices from Saraswati of rugs bearing the designs at issue.

11. The depositions of two Saraswati representatives – which I attended -- indicate that S.N. Kapoor Exports, rather than Saraswati, created and own the designs at issue as determined by the Indian Patent Office and by settlement agreement between those two Indian companies.

12. Moreover, in response to prior document requests, Samad already produced purchase invoices identifying each manufacturer or exporter which sold to Samad the rugs bearing the designs at issue. The requested "customs documents" would only relate to the manufacturers and purchases already identified.

13. Finally, defendants' purchases – not Samad's – are at issue in this lawsuit.

14. Thus, the requested customs documents are a superfluous, burdensome and unnecessarily expensive means of identifying – again – the companies that sold the rugs bearing the designs at issue to Samad.

## CONCLUSION

As a result of the foregoing, Samad respectfully requests that defendants' motion to compel be denied in its entirety.

I declare under penalties of perjury under the laws of the United States that the foregoing is true.

Dated: New York, New York
       December 14, 2010

                                              _____
                                                      Malcolm Samad