UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SAMAD BROTHERS, INC.,

                Plaintiff,

    -against-

BOKARA RUG CO. INC, JAN SOLEIMANI and
GABRIEL VAKNIN,

                Defendants.
------------------------------------------------------------X

**ORDER**

09 Civ. 5843 (JFK)(KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

    Before the Court is the defendants' motion, made pursuant to Rule 37 of the Federal Rules of Civil Procedure, to compel the production of documents by the plaintiff. The plaintiff opposes the motion.

    The defendants seek the following:

(1) Statements of income provided by Michael George to S.N. Kapoor and subsequently to Plaintiff;
(2) All documents concerning payment by Plaintiff to Kapoor in connection with assignments and/or transfer of copyrights of Plaintiff's Designs;
(3) All documents concerning Plaintiff's knowledge of any pre-existing or public domain work incorporated into any of Plaintiff's Designs and/or upon which Plaintiff's Designs are based;
(4) For each of Plaintiff's Designs based upon or incorporating Public Domain material identified in Plaintiff's Form CAs, all documents concerning when Plaintiff first became aware that such design was based on or incorporated public domain material;
(5) All documents concerning Plaintiff's accounting records for <u>all</u> sales to <u>all</u> customers of carpets and/or rugs bearing Plaintiff's Designs;
(6) All documents concerning customs records of Plaintiff concerning Plaintiff's designs within the last five years;
(7) Documents concerning the action styled <u>Samad Brothers, Inc. v. Jaipur Rugs, Inc. and Robert Kirby</u>, Case No. 05-1999 (FSH) in the United States District Court for the District of New Jersey (the "Jaipur Action"), including original copies of Exhibit

1

> G to the complaint dated April 14, 2005 and filed by Plaintiff in the Jaipur Action, all proof of payments to Samad received in the Jaipur Action, and all documents concerning goods bearing or allegedly bearing Plaintiff's Designs which were produced in the Jaipur Action; and
> (8) correspondence between Bimal Dugar of Jain Carpets and Mark Kaufman withheld as privileged despite having waived any claim to privilege.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "A party may serve on any other party a request within the scope of Rule 26(b)," to produce "any designated documents or electronically stored information" and the request "must describe with reasonable particularity each item or category of items to be [produced]." Fed. R. Civ. P. 34. "For each item or category, the respondent must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons. An objection to part of a request must specify the part and permit [production] of the rest." Fed. R. Civ. P. 34(b)(2). "[A] party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

The defendants' motion is deficient because it does not include, as it must, a certification that the movant has, in good faith, conferred with the plaintiff in order to resolve the issues

without the Court's intervention. In support of their motion, the defendants submitted Exhibit I, "a true and correct copy of the Defendants' meet and confer correspondence dated November 19, 2010 requesting a conference to discuss the discovery deficiencies and representing Defendants' good faith attempt to confer." Exhibit I, a letter by the defendants to the plaintiff states: "Please allow the following to serve as our Rule 37 Letter regarding your discovery responses" and proceeds, almost exclusively, by repeating various document requests the defendants made on the plaintiff. The letter closes by stating: "If we do not receive your responses by the deadlines noted herein, we will send a letter to Magistrate Judge Fox Monday afternoon." The defendants' motion refers repeatedly to, and relies almost exclusively on, the plaintiff's responses to their discovery requests, dated December 2, 2010, so it is not clear how the November 19, 2010 communication satisfies the meet and confer mandate where the subsequent communications between the parties occurred prior to the defendants' request for the Court's intervention. Notwithstanding this deficiency, the Court will address the merits of the motion.

***Request No. 1***

The defendants requested "[s]tatements of income provided by Michael George to S.N. Kapoor and subsequently to Plaintiff." The plaintiff objected "on the grounds that [the request] is vague and unintelligible. To the extent that this request seeks statements indicating income that Michael George paid to S.N. Kapoor or plaintiff, Plaintiff does not have any responsive documents in its possession, custody or control." The defendants contend that "[i]ncome statements provided by Michael George to S.N. Kapoor may be relevant to creation and ownership of designs claimed to have been created by Michael George" and the plaintiff "has improperly limited its response to statements indicating income paid by Michael George." The plaintiff contends "it does not have any documents indicating 'statements of income provided by

3

Michael George to S.N. Kapoor,'" and "[i]f such documents exist, defendants should obtain any such alleged documents from Mr. George, the purported author thereof." The defendants maintain the "[p]laintiff should be compelled to produce income statements concerning income received by Michael George."

The plaintiff is correct that the defendants' request is "vague and unintelligible" and the defendants failed to respond to the plaintiff's November 22, 2010 objections by clarifying the request. The request failed to indicate whose income statements were being sought or for what time period. Income is defined as "[t]he money or other form of payment that one receives," BLACK'S LAW DICTIONARY 831 (9th ed. 2009), so it is not clear that the plaintiff, as the defendants contend, "improperly limited its response to income statements concerning income paid by Michael George," because income is received, not paid. Only in its reply to the plaintiff's opposition, in connection with this request, did the defendants state that they seek "income statements concerning income received by Michael George." However, as it concerns the defendants' request for "[s]tatements of income provided by Michael George to S.N. Kapoor and subsequently to Plaintiff," the plaintiff's objections are sustained and no need exists to compel production with respect to this request.

**Request No. 2**

The defendants sought, inter alia, "All documents concerning payment by Plaintiff to Kapoor in connection with assignments and/or transfer of copyrights of Plaintiff's Designs." They contend that, "[t]o the extent [the plaintiff's] production is not complete, it should be compelled to produce all responsive documents not produced to date." The plaintiff objected, stating it "does not have any responsive documents . . . other than payments for purchases of rugs bearing such designs." The plaintiff contends it "does not have documents concerning

4

payments by Samad to Vikram Kapoor or to S.N. Kapoor Exports for assignments and/or transfers of copyright of Samad's Designs. Rather, as Malcolm Samad testified, Samad provided other good and valuable consideration for the assignments of copyrights in designs: specifically, orders for the rugs bearing such designs, which Samad produced."

The plaintiff did not indicate, in its opposition to the defendants' motion, whether it produced all documents, in connection with "payments for purchases of rugs bearing such designs." To the extent that the plaintiff did not produce those documents, the plaintiff is directed to: (a) produce them; or (b) certify, in writing, that it produced all such documents.

***Request No. 3***

The defendants sought "All documents concerning Plaintiff's knowledge of any pre-existing or public domain work incorporated into any of Plaintiff's Designs and/or upon which Plaintiff's Designs are based." The defendants contend the plaintiff "appears to be withholding responsive documents as to all 25 designs based on the attorney work product doctrine" and it "has not addressed why the work product doctrine should apply to such documents." Moreover, according to the defendants, "as Plaintiff has not identified in any privilege log what documents it is withholding, it has failed to meet the burden of establishing such privilege." The plaintiff contends it produced "all responsive documents not subject to the attorney work product doctrine."

Since the plaintiff's knowledge concerning public domain sources, in connection with the rug designs at issue, is relevant, and the plaintiff failed to identify, in its privilege log(s), what documents it is withholding or why the work- product doctrine applies, the plaintiff must produce the documents requested.

5

*Request No. 4*

The defendants sought: "For each of Plaintiff's Designs based upon or incorporating Public Domain material identified in Plaintiff's Form CAs, all documents concerning when Plaintiff first became aware that such design was based on or incorporated public domain material." The plaintiff contends this document request is not different from document request No. 3 above. For the same reasons expressed in connection with the defendants' request No. 3 above, the plaintiff is directed to produce the documents requested.

*Request No. 5*

The defendants requested: "All documents concerning Plaintiff's accounting records for <u>all</u> sales to <u>all</u> customers of carpets and/or rugs bearing Plaintiff's Designs." The defendants contend these documents "may yield information relevant to the first sale doctrine," which "allows purchaser to transfer (*i.e.*, sell or give away) a particular lawfully made copy of the copyrighted work without permission once it has been obtained. This means that the copyright holder's rights to control the change of ownership of a particular copy ends once that copy is sold, as long as no additional copies are made." The plaintiff objected that the request was "overly broad and unduly burdensome, is intended to harass, and seeks information that is commercial and proprietary and not likely to result in the production of evidence admissible at trial." The plaintiff contends the "[d]efendants' request is much broader than necessary to confirm whether Samad sold rugs to 'parties that sold to Defendants,'" and, "to the extent defendants were permitted to narrow the scope of such request, at this late date . . . Samad has no sales documents indicating any sale to any of the manufacturers or exporters that sold rugs to defendants, to the extent defendants accurately identified such manufacturers and exporters when defendants produced purchase documents relating to the rugs at issue in this lawsuit." The

defendants maintain that the first sale doctrine applies here and the plaintiff "cannot limit its response to parties that directly shipped to Defendants."

The plaintiff is correct that the defendants' original document request was too broad and the evidence, submitted by the parties on this motion, does not demonstrate that the defendants attempted to narrow the scope of their request prior to this motion. Accordingl, the defendants' request, to compel production of the documents sought via their request No. 5, is denied.

### *Request No. 6*

The defendants sought: "All documents concerning customs records of Plaintiff concerning Plaintiff's designs within the last five years." The plaintiff made the same objections as were made to the defendants' request No. 5 above. For the same reasons noted above, respecting request No. 5, the defendants' request to compel production of documents, sought by their request No. 6, is denied.

### *Request No. 7*

The following requests were contained in the defendants' fifth set of requests for the production of documents:

Document Request No. 19

The defendants requested Exhibit G to the complaint filed in the action captioned Samad Brothers, Inc. v. Jaipur Rugs, Inc. and Rovert Kirby, Case No. 05-1999 (FSH), in the United States District Court for the District of New Jersey (the "Jaipur Action"). The plaintiff produced exhibit G and noted, in its opposition to this motion, that "what defendants really sought was a better copy of Exhibit H," and "despite the text of the complaint in the Jaipur Action, the PACER docket confirms that any such documents were annexed as Exhibit H to the Complaint." The defendants contend, in their reply, that they "had no way of knowing . . . that the complaint

incorrectly referenced Exhibit H as Exhibit G," and "we continue to require production of a legible copy of Exhibit H to the Jaipur Action."

The defendants cannot compel production of a document they did not request pursuant to the Federal Rules of Civil Procedure. Furthermore, the defendants' failure to realize that what they really wanted to request was not exhibit G, but exhibit H to the Jaipur Action is unjustified, because the exhibits were available on PACER. Therefore, since the document requested was produced by the plaintiff, the defendants' request to compel production of a document not sought through their document request, is denied.

Document Request No. 20

The defendants requested: "All proof of payments to Samad received in the Jaipur Action." According to the defendants, proof of payment from Jaipur in connection with the Jaipur Action is "relevant to the issue of whether Plaintiff is seeking double recovery for sale of items for which it has already recovered damages in a prior lawsuit." The plaintiff contends, "[a]s best understood, defendants are suggesting that they purchased infringing rugs from Jaipur Rugs, Inc. (of Georgia) and/or Robert Kirby, so that any payment Samad received from settlement of the Jaipur Action might be for rugs those defendants sold to the defendants in the case at hand." According to the plaintiff, since the defendants have produced all invoices concerning their purchases of infringing rugs and "[n]one of the invoices defendants have produced to date indicate purchases from the Jaipur Action defendants . . . such payment cannot be relevant to any purported 'issue' of Samad seeking 'double recovery' for rugs purportedly sold by the defendant in the Jaipur Action to the defendants in this action." The defendants maintain that, since they produced "documents indicating they are customers of Jaipur affiliates and/or the parent company, . . . proof of payment by Jaipur would be relevant."

8

That the defendants are customers of "Jaipur affiliates and/or parent company" does not demonstrate the relevancy to this action of the alleged payments to the plaintiff in the Jaipur Action. In the absence of any documents evidencing that the defendants purchased rugs from the defendants in the Jaipur Action, "proof of payment to Samad received in the Jaipur Action" is irrelevant.

Document Request No. 53

The defendants requested: "All documents concerning goods bearing or allegedly bearing Plaintiff's Designs which were produced in the Jaipur Action." The defendants contend the plaintiff "claims its production is complete because it has produced photographs of the Jaipur rugs and a list of the rugs; however, to the extent other documents were produced in the Jaipur Action, including but not limited to invoices, purchase orders, customs records, correspondence concerning the designs, Plaintiff should be compelled to produce such documents."

To the extent that the plaintiff's statement "Samad has provided all documents in its possession, custody or control in response to defendants' demand for 'all documents concerning goods bearing or allegedly bearing plaintiff's designs from the Jaipur Action,'" referred solely to the "photographs of the Jaipur rugs and a list of the rugs," the plaintiff is directed to: (a) produce all the documents requested that were not produced; or (b) certify, in writing, that it has produced all the documents requested.

*Request No. 8*

The defendants requested "correspondence between Bimal Dugar of Jain Carpets and Mark Kaufman withheld as privileged despite having waived any claim to privilege." By a letter, dated December 17, 2010, the plaintiff informed the Court that it was in the process of producing "the Dugar emails" to the defendants. To the extent that the defendants' request was

9

not limited solely to the electronic correspondence, the plaintiff is directed to produce the documents sought by the defendants' request No. 8.

For the foregoing reasons, the defendants' motion to compel the production of documents, Docket Entry No. 79, is granted, in part, and denied, in part.

Dated: New York, New York
December 22, 2010

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE