# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

150 E. 42nd Street, New York, New York 10017   Tel: (212) 490-3000   Fax: (212) 490-3038

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • Louisville • McLean
Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris*

www.wilsonelser.com



February 7, 2011

**BY HAND DELIVERY**

Hon. Magistrate Judge Kevin N. Fox
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

*As directed on January 24, 2011, the defendants must produce to the plaintiff, expeditiously, the 300 photographs that are part of the defendants' rug design copyright registrations. The defendants shall also produce to the plaintiff, expeditiously, any other photographs in their possession, custody and control related to the rug designs pertinent to this action.
SO ORDERED:
/Kevin Nathaniel Fox/, U.S.M.J.*

Re:   *Samad Brothers, Inc. v. Bokara Rug Co., Inc.*, 09-cv-5843
      Topic          :   Request for Clarification re Production of Copyright
                         Deposit Copies
      Our File No.   :   12741.00001

Dear Judge Fox:

We write on behalf of Bokara Rug Co., Inc. ("Bokara") to request a clarification to Your Honor's directive on Samad Brothers, Inc.'s ("Samad") request for the production by Bokara of deposit copies submitted in connection with all of Bokara's U.S. copyright registrations. We believe that Your Honor has ruled that Bokara need not produce images associated with all of its copyright registrations, but instead, should produce images associated with this lawsuit, specifically two registrations identified by Samad. To the extent Your Honor has ruled otherwise, Bokara requests clarification.

As Your Honor is aware, this case relates to allegations by Samad that rug designs produced in India have been infringed by Bokara through sales of rug bearing these designs in the United States. In an effort to substantiate these allegations, Samad requested that Bokara produce the images associated with some of Bokara's U.S. copyright registrations. Bokara objected to Samad's request, as most of Bokara's registrations relate to rugs produced in China or otherwise do not pertain to designs at issue in this lawsuit. Despite their irrelevance to this action, Samad persisted, and the matter was brought before Your Honor on November 16, 2010.

During the November 16th conference, Samad's counsel requested that deposit copies associated with *all* of Bokara's copyright registrations be produced, and specifically requested that images associated with designs designated JB7 and Magnolia P be produced. Your Honor denied Samad's request for images associated with all of Bokara's copyright registrations, and instead focused the discussion on Samad's specific request for images associated with JB7 and Magnolia P. Your Honor stated:

4319488.1

> THE COURT: The request through the correspondence as I read it, was for all copyright registrations. I see no reason for the defendant to provide all copyright registrations that they have. You have focused in the writing on, now two that you say are linked to designs involved in this action. That's very different from asking for all registrations.

Transcript of November 16, 2010 Court Conference, 6:15-21. (Excerpt attached hereto as **Exhibit A**).

Subsequently, Samad continued to complain regarding Bokara's production, and this issue was again discussed with the Court during a conference on January 24, 2011. It is Bokara's understanding that during this conference Your Honor affirmed that Bokara should produce the copyright registration deposit images associated with designs JB7 and Magnolia P. *See* Transcript of January 24, 2011 Court Conference, 4:5-14. (Excerpt attached hereto as **Exhibit B**). Bokara has already done so, which was acknowledged by Samad's counsel during the January 24th conference. *See id.* at 6:20-23. (Excerpt attached hereto as **Exhibit B**). These materials can be found at BOK003592 and BOK003594.

Samad now takes the position that, during the January 24th conference, Your Honor ordered Bokara to produce deposit images associated with *all* of its U.S. copyright registrations to include those unrelated to this lawsuit. This was not Bokara's understanding of Your Honor's January 24th directive. Bokara understood Your Honor's direction to indicate that, to the extent not already done, Bokara should produce all deposit images associated with copyright registrations for JB7 and Magnolia P. Bokara did not understand Your Honor's statement as revisiting the clear ruling on November 16, 2010, that Bokara need not produce images associated with all of its registrations.

Indeed, such a ruling would be overly broad, unduly burdensome and not likely to lead to relevant information. Bokara has over 300 copyright registrations. Producing images associated with all of these designs would be time consuming and costly. Moreover, a majority of these registrations relate to designs from China, not from India, and have nothing to do with this lawsuit. If Samad insists on pursuing its fishing expedition, it should be required to do so at its own expense, by reviewing the materials through the Copyright Office's public resource, which possesses the all of the materials Samad now seeks from Bokara.

Thus, Bokara respectfully requests that Your Honor clarify his ruling by indicating that Bokara need only produce deposit copies associated with registrations for the numbers identified by Samad, namely, JB7 and Magnolia P.

If Your Honor has any questions in this regard, we request the opportunity to discuss this matter further.

Very truly yours,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Jura Zibas

cc: Mark S. Kaufman

4319488.1