# KAUFMAN & KAHN, LLP

3/21/11

March 17, 2011

MAR 18 2011

**BY UPS AIR**

Hon. Kevin Nathaniel Fox, U.S.M.J.
U.S. District Court, S.D.N.Y.
United States Court House
500 Pearl Street
New York, NY 10007

MEMO ENDORSED

Re:   Samad Brothers, Inc. v. Bokara Rug Co., Inc.
      (S.D.N.Y. Case No. 09 Civ. 5843 (JFK / KNF))

Dear Judge Fox:

We are counsel to plaintiff Samad Brothers, Inc., and write in response to defendants' letter dated March 16, 2011 to the Court.

## I. Failure to Produce Documents and Things Requested During Depositions

On January 24, 2011, Your Honor directed that defendants produce certain documents. Defendants write that they have done so.

### 1. Samad's Request for Sales Detail Reports

Defendants again mislead the Court. Once again, defendants talk about Sales by Design reports, while refusing to address Sales Detail Reports.

The Court directed on January 24, 2011 that defendants produce fully legible sales detail reports for all designs, not only for Avalon, Bikaneer and Magnolia. Annexed and made Exhibit A hereto are Sales Detail Reports which Bokara already produced (without legible dates) for other design names. Notwithstanding defendants' claim – even now – that they have produced all data for the "price point categories", the attached reports demonstrate that Bokara maintains on its SPAR 2000 system and can produce Sales Detail Reports for individual designs, as well.

Defendants appear to be eager to conclude that they are unable to find data that is readily available to them. Although Bokara purportedly does not have the ability to search the newly created report, I made the report searchable as follows: electronically scanning the entire document; saving it as a ".pdf"; and using standard Adobe Acrobat software – required for any attorney to file with this Court by ECF -- to engage in "OCR" (Original Character Recognition) and render the document searchable.

I searched the .pdf of the AVALON, MAGNOLIA and BIKANEER sales detail reports for each seal number in the 1st and 14th pages of Exhibit A hereto. My search indicates that none of the rugs on the first or last page of the attached reports are on any of defendants' sales detail

March 11, 2011
--Page 2 --

reports. Thus, Samad reiterates – compelled for the third time, even after the Court's January 24th directive – that defendants should produce documents with legible dates.

### 2. Documents Relating to MAGN 291 and COCO 291

Defendants produced Gross Inventory reports for MAGN 291 and COCO 291 designs (bearing BOK 4550, annexed and made Exhibit B hereto). Now, they seem to allege that such documents are non-responsive. They do not deny that MAGN and COCO are merely price points associated with rugs, or that the designs they purchased from Neel Kanth bearing design number 291 are at issue in the lawsuit. Rather, they write that they have no documents relating to the "designs" associated with "design number" 291.

However, in the same letter, they write that they are under no obligation to take currently non-existent photographs of rugs. Thus, they do not appear to know with what "design" the MAGN 291 or COCO 291 are associated. Indeed, they do not appear to have looked for any such images or rugs. (Of course, the image might be among the 157 copyright registration photographs and 41 negatives which are among the documents subject to Samad's pending motion for sanctions and defendants' pending objection to Your Honor's Order dated February 10, 2011. Notably, defendants failed to disclose the existence of those documents, and now allege that photographs of the 291 are non-existent, as well).

### 3. Rugs Which Gabriel Vaknin Set Aside

In their March 16th letter, defendants do not address the egregious misconduct of defendant Gabriel Vaknin.

### II. Failure to Produce Purchase Documents, As Revealed in Production of 2/4/11

Defendants do not dispute that seal numbers on sales detail reports and gross inventory reports indicate that defendants have failed to provide purchase documents. Samad respectfully submits that through such details, Samad has carried the burden of demonstrating that defendants must have these purchase documents. Defendants testified that such documents were stored in hard copies, so they indisputably were not affected by any alleged, vague and undocumented "computer crash". Defendants now report that they have engaged in a "reasonable investigation of its records," but, as demonstrated by their failure to disclose the existence of 198 rug images from India, defendants' notion of what is "reasonable" or accurate appears to be selective, at best.

As a result of the foregoing, we request a conference with Your Honor. Thank you for your consideration of this matter.

3/21/11

*Application denied. The instant writing is an attempt to amend the sanctions motion of the plaintiff to include developments occurring subsequent to making the motion. These matters are to be presented to Judge Keenan for resolution.*

Respectfully submitted,

Mark S. Kaufman

SO ORDERED:
Kevin Nathaniel Fox, U.S.M.J.

cc. (by UPS Air): Jura Christine Zibas, Esq.

747 THIRD AVENUE, 32ND FLOOR • NEW YORK, NEW YORK  10017
TEL.: (212) 293-5556 • FAX: (212) 355-5009 • E-MAIL: KAUFMAN@KAUFMANKAHN.COM