UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMAD BROTHERS, INC., <br><br> Plaintiff, <br> v. <br><br> BOKARA RUG CO. INC., JAN SOLEIMANI, and GABRIEL VAKNIN, <br><br> Defendant. | Case No.: 09-cv-5843 (JFK)(KNF) |

# REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE THE DEPOSITION TESTIMONY AND ERRATA SHEET TO THE DEPOSITION OF VIKRAM KAPOOR

Jura C. Zibas, Esq.
Scott M. Smedresman, Esq.
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP
Attorneys for Defendants
*Bokara Rug Co. Inc., Jan Soleimani and Gabriel Vaknin*

i

4487232.1

# TABLE OF CONTENTS

PAGE

I. INTRODUCTION..................................................................................1

II. PRELIMINARY STATEMENT............................................................1

III. ARGUMENT........................................................................................2

    A. The Conduct of Samad in Relation to Preparing Vikram
        Kapoor was Inappropriate..........................................................2

    B. The Court is Empowered to Preclude this Testimony,
        or Order Other and Further Relief it Deems Warranted
        to Correct this Conduct..............................................................5

    C. Bokara Has no Unclean Hands; Service of its State
        Complaint on Kapoor was Proper...............................................8

    D. The Errata Sheet to the Kapoor Deposition Should be Stricken
        For its Procedural and Substantive Failures................................8

IV. CONCLUSION....................................................................................10

## I. INTRODUCTION

This reply memorandum of law, with the Second Declaration of Jura C. Zibas ("Zibas Decl. II"), dated April 14, 2011, is submitted in support of Defendants' Motion *In Limine* to Preclude the Deposition Testimony and Errata Sheet to the Deposition of Vikram Kapoor.

## II. PRELIMINARY STATEMENT

Documents withheld by Plaintiff Samad Brothers, Inc. ("Samad") show that its counsel engaged in routine and extensive communications with a purportedly "independent" central witness. These appear to show not only witness coaching, but the manufacturing of evidence intended to create the appearance of conformance between Samad's records and those of the non-party witness, Vikram Kapoor ("Kapoor"). This conduct has not been incidental, but has involved central issues in this case, such as title to the copyrights Samad is asserting against Defendants Bokara Rug Co. Inc., Jan Soleimani and Gabriel Vaknin's (collectively "Bokara"). This was wholly inappropriate, and is similar in seriousness to the falsification of evidence.

The potentially unethical conduct committed by Samad's counsel is relevant to this analysis, and may be considered by the Court in determining relief. Bokara did not waive its right to raise these issues, as it had no choice but to proceed with Kapoor's deposition, as Mag. Judge Fox had refused further discovery extensions. Bokara's decision to sue Kapoor and serve him at his deposition is irrelevant to this inquiry, and does not offset Samad's actions in any way.

In spite of this conduct, Bokara does not ask for the severe remedy of dismissal of Samad's case, as it would be entitled to do. Instead, Bokara requests that this limited evidence be precluded, or in the alternative, requests that preclusion occur if Kapoor does not sit for an additional deposition in order to obtain address this behavior. Such relief, is essential to ensuring a fair hearing, as evidence indicates that Kapoor may conveniently be absent at trial. Thus, the only way to ensure the fairness is to eliminate this partial and incomplete testimony, or provide

an additional opportunity to depose Kapoor. This relief is calculated to have a minimum impact on the remaining evidence of the case, and to allow Samad to proceed with its claim.

### III. ARGUMENT

#### A. The Conduct of Samad in Relation to Preparing Vikram Kapoor was Inappropriate

It is undeniable that actions engaged in by Samad and its counsel were inappropriate Thus, Bokara's limited request for preclusion of the fruits of this conduct is reasonable.

Samad claims that the conduct documented in Bokara's Motion was not improper. Nevertheless, Samad provides no true explanation for its improper actions. Ultimately, the communications can speak for themselves. Nevertheless, instructive are the May 13, 2010 through June 11, 2010 correspondence between Kapoor and counsel to Samad.

On May 13, 2010, continuing their efforts to carefully guide Kapoor through the production of documents in response to Bokara's first subpoena, counsel to Samad asked Kapoor to collect and produce documents concerning any assignment of copyrights from Kapoor to Samad. *See* Declaration of Jura Zibas ("Zibas Decl."), Docket Entry ("DE") 118, Ex. 5, SAM3229. In response, Kapoor asked Samad's counsel to "please send them again and I will send them back." *Id.* Counsel to Samad replied on June 9, 2010, by sending scans to Kapoor of certain documents purporting to be assignments. *See* Zibas Decl., Ex. 5, SAM3229. Only 2 days later, June 11, 2010, Kapoor sent back the identical digital files, stating "[I] am hereby sending you the assignments." *See* Zibas Decl., Ex. 5, SAM3267.

Bokara submits that this episode is a blatant attempt by Samad and Kapoor to conform their evidence to present the appearance of corroboration. In attempting to explain this exchange, Samad passes the blame to Kapoor, arguing that Kapoor must have allegedly misunderstood his obligation, and thus produced these documents even though he didn't have to. *See* Kaufman Decl., ¶15. This explanation, however, is not supported by the plain evidence of the exchange.

The request in the subpoena was seeking Kapoor's own records of the assignment documents. *See* Zibas Decl., Ex. 5, SAM3229. Moreover, after Samad's counsel requested that Kapoor find and produce documents concerning the assignments, Kapoor, point blank, stated "please send them again and I will send them back." *Id*. This statement can only be understood as requesting the materials so as to send them back to Samad's counsel purporting them to be Kapoor's own production. This is supported by Kapoor's June 11, 2010 e-mail to Samad's counsel, where Kapoor sends to counsel the identical digital files received from counsel, stating, "[I] am hereby sending you the assignments." *Id*. at SAM3267. Samad's explanation that this manufactured production was a misunderstanding is not supported by these communications.

Similar episodes, as recounted in Bokara's Motion, pervade the Kapoor-Samad relationship. They range from this inappropriate production to feeding Kapoor prior witnesses' testimony and otherwise preparing Kapoor for questions he was going to be asked. *Id*. at Ex. 5, SAM3621; SAM3636; SAM3175-76. Samad claims that this was done to help a foreigner understand the deposition process and prepare him to be ready to answer certain questions, so as not to waste time with a witness that could not remember answers. *See* DE 128, p.9-10. While that may be appropriate for an attorney representing his or her own client, it was not proper here.

Despite its argument otherwise, Samad is directly adverse to Kapoor. The allegations raised in this case, as well as in the co-pending action between Bokara and Kapoor, *Bokara Rug Co. Inc. et al. v. Vikram Kapoor, et al.,* Index No. 652079/10 (N.Y. Sup., N.Y. Co. 2010), include the claim that Kapoor sold and brokered to Bokara items Kapoor knew were covered by Samad's copyrights. Samad argues that all of these sales occurred outside the 3-year statute of limitations on a copyright action, and thus, Samad and Kapoor are no longer adverse. *See* DE 128, p.13-14. The claims in this case, however, include that Kapoor was responsible for sales to Bokara from companies controlled by Kapoor that occurred within the limitations period.

Moreover, even if Kapoor did not have title to those rugs, brokering to Bokara rugs he claims to have known were infringing would constitute contributory copyright infringement. *See Phillips v. Audio Active*, Ltd., 494 F.3d 378, 390 (2d Cir. 2007) (contributory infringement exists where defendants, "with knowledge, induce, cause or materially contribute to infringing conduct of another"). Thus, Samad could have at least sued Kapoor for contributory infringement, but has chosen not to. Moreover, Your Honor has already ruled that Kapoor and Samad do not have a unity of interest. *See Samad Bros. v. Bokara Rug Co.*, 2010 U.S. Dist. LEXIS 132446, *9 (S.D.N.Y. Dec. 13, 2010). As a result, it is clear that Samad's counsel has been extensively communicating with and guiding a non-party against whom his client is directly adverse.

In addition, Bokara did not have the opportunity to probe this relationship as it did not learn of its true scope until these communications were disclosed, after the Kapoor deposition. Pre-trial discovery in this matter closed on November 30, 2010, and on November 19, 2010, Mag. Judge Fox declined to extend discovery any further, despite knowledge of the fact that Bokara's motion seeking the Kapoor-Samad communications was pending at the time. *See* DE 68. Thus, as Samad knows, the Kapoor deposition, which took place on November 23, 2010, could not have been adjourned. Moreover, Bokara could not have anticipated the scope of collusion between Samad and Kapoor, and should not now be prejudiced from addressing this conduct. Additionally, it should not prevent Bokara from clarifying what amounts to be an incomplete piece of evidence, as the deposition does not, and could not, address the scope of the Samad-Kapoor relationship, as it was not fully clear until the documents were produced.

It bears noting that, as further discussed, Kapoor compounded the incompleteness of his deposition through his errata sheet. *See* Zibas Decl., Ex. 2. This sheet makes numerous material changes to the deposition, claiming that Kapoor reviewed his "records," which are unattached to his errata sheet. Not only should this sheet be excluded for the reasons discussed below, but it

makes clear the incomplete nature of the Kapoor testimony, at least warranting the re-opening of this deposition before evidence obtained therefrom can be used. *See Hlinko v. Virgin Atl. Airways*, 1997 U.S. Dist. LEXIS 1627, *4 (S.D.N.Y. 1997) (material changes to testimony through errata sheet warrant re-opening of deposition).

As Kapoor now appears, as anticipated, to be preparing to conveniently be absent from trial, the deposition transcript is all that will remain of his testimony. DE 133, ¶25. Thus, it is all the more important to exclude this partial material or grant Bokara the opportunity to continue Kapoor's deposition in order to render the testimony complete.

### B. The Court is Empowered to Preclude this Testimony, or Order Other and Further Relief it Deems Warranted to Correct this Conduct

Federal Courts have the inherent power to remedy inappropriate conduct as they see fit. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991). Among these remedies is preclusion of evidence gathered through inappropriate behavior or violations of an attorney's ethical obligations. *See United States v. Hammad*, 858 F.2d 834, 840 (2d Cir. 1988). Inappropriate conduct between counsel and non-party witnesses can support dismissal of an action and the lesser remedy of preclusion. *See Ramsey v. Broy*, 2010 U.S. Dist. LEXIS 27768 (S.D. Ill. Mar. 24, 2010); *Lightning Lube v. Witco Corp.*, 4 F.3d 1153, 1179 n. 15 (3d Cir. 1993).

Whether Samad's counsel's drafting of subpoena responses, guidance through discovery and witness preparation constituted legal services, in violation of NYRPC 4.3, is a question for the Court. Kapoor's opinion as to whether legal advice was rendered is irrelevant. *See Samad Bros. v. Bokara Rug Co.*, 2010 U.S. Dist. LEXIS 132446, *7 (S.D.N.Y. Dec. 13, 2010) (*ipse dixit* assertions do not establish legal duty). If an ethical violation occurred, it can support preclusion. Citing to *Gidatex, S.r.L v. Campaniello Imports, Ltd.*, 82 F. Supp. 2d 119, 126 (S.D.N.Y. 1999), Samad claims an ethics violation "would not merit preclusion" of illicitly obtained evidence. Plaintiff's Memo, p. 22. While *Gidatex* did not find misconduct, it pointed

out that courts are not *obligated* to exclude evidence obtained through ethical violations. *Id.* It is, however, within their discretion to do so. *See Hammad*, 858 F.2d at 840.

Moreover, in addition to the possible provision of legal services to this non-party, Samad appears to have engaged in conduct calculated to conform Kapoor's testimony and production to Samad's, resulting in such conformance. Although Samad downplays this conduct, it bears similarity to *Ramsey v. Broy*, 2010 U.S. Dist. LEXIS 27768 (S.D. Ill. Mar. 24, 2010), where a case was dismissed in its entirety after a plaintiff attempted to obtain manufactured evidence to corroborate its case. Although perhaps not involving an outright bribe to Kapoor as existed in *Ramsey*,[1] the above conduct is similar insofar as efforts were undertaken to have Kapoor present evidence to match Samad's own records. This type of misleading behavior is exactly the type of conduct criticized in *Ramsey* and similar cases. *See Garvais v. Reliant Inventory Solutions Inc.*, 2010 U.S. Dist. LEXIS 120413 (S.D. Ohio Nov. 15, 2010); *Ty Inc. v. Softbelly's, Inc.*, 517 F.3d 494, 498 (7th Cir. 2008). Moreover, there is no doubt that witness coaching is misconduct. *See Okoumou v. Safe Horizon*, 2004 U.S. Dist. LEXIS 19120, *5-6 (S.D.N.Y. 2004).[2]

In *Ramsey*, the court's remedy was dismissal, harsher than the remedy Bokara seeks. Instead, Bokara seeks to maintain the fairness of this proceeding by barring ill-gotten testimony, or requiring a supplemental deposition before it can be introduced. This relief is tailored to ensure that incomplete partisan testimony is not introduced at trial without a more full record. *See Reilly v. Natwest Mkts. Group Inc.*, 181 F.3d 253, 267 (2d Cir. 1999) (remedies should be tailored proportional to conduct). This contrasts with the cases cited by Samad which found

---

[1] Bokara is not aware of the scope of the current relationship between Samad and Kapoor, although the entities apparently still do business together, despite Kapoor's claim of potentially violating Samad's copyrights. Zibas Decl., Ex. 1, 155:3-7.

[2] Defendants are perplexed by Plaintiff's criticism of Defendants' citation to *Okoumou v. Safe Horizon* in its original Motion. This citation, appearing on page 9 of Defendants' Motion, included a pin cite, which supports the contention that witness coaching is inappropriate.

preclusion to be overly broad where the sought preclusion would have restricted *entire theories*, not particular pieces of evidence. *See Passlogix, Inc. v. 2FA Tech., LLC*, 708 F. Supp. 2d 378, 421 (S.D.N.Y. 2010); *Papyrus Tech. Corp. v. NYSE, LLC*, 257 F.R.D. 39, 45 (S.D.N.Y. 2009).

Indeed, the incomplete nature of this record is good cause to bar the testimony under both the Court's inherent power as well as under Fed. R. Evid. 403. Absent the opportunity to confront Kapoor with this conduct and create a record for trial, the Kapoor testimony is functionally incomplete, and its admission would be more prejudicial than probative.

Bokara was not aware of the scope of the relationship between Kapoor and Samad's counsel prior to Kapoor's deposition, as Samad had argued that communications between counsel and Kapoor were protected. This argument was denied (DE 84), but the documents were disclosed only after Kapoor's deposition. As a result, Bokara was not able to question Kapoor on these documents, which undermine whatever credibility Kapoor may have had. As a final discovery cut-off was set, the deposition could not be adjourned. *See* DE 68. As Bokara could not have anticipated the scope of collaboration between Samad and Kapoor without these documents, it should not now be denied the opportunity to probe this issue. Additionally, this cooperation prepared Kapoor with memory on Samad's questions, including canned answers (Zibas Decl. Ex. 1, 77:3-79:2), but with limited and partial recollection on Bokara's questions. The result is an impartial recordation of the evidence and reliability of what Kapoor has to offer. Kapoor's improper errata sheet further clouds this testimony with open questions, rendering it incomplete. *See Hlinko*, 1997 U.S. Dist. LEXIS 1627 at *4 (improper errata sheet can render deposition testimony "incomplete").

Given Kapoor's reluctance to return to the U.S. (DE 133, ¶25), it is foreseeable that his deposition will be the only record of his testimony presented at trial. Admission of this partial record would be more prejudicial than probative, and it is proper to exclude under Fed. R. Evid.

403. *See New York v. Pullman, Inc.*, 662 F.2d 910, 915 (2d Cir. N.Y. 1981) (incomplete document excluded); *Allen v. IBM*, 1997 U.S. Dist. LEXIS 8016, *173 (D. Del. 1997) (same); *Coates v. A C & S, Inc.*, 1994 U.S. Dist. LEXIS 1065, *6-7 (E.D. La. Jan. 26, 1994) (same).

In light of this Samad's conduct, rendering Kapoor's testimony at best partial and more prejudicial in its partiality than it is probative, Bokara requests that the testimony be precluded.

### C. <u>Bokara Has no Unclean Hands; Service of its State Complaint on Kapoor was Proper</u>

If Samad's allegations in this action are true, which Bokara denies, Bokara has claims against Kapoor, as he fraudulently induced Bokara to infringe, which. Bokara chose to bring in New York State court. Although not the topic of this motion, Kapoor is subject to personal jurisdiction in New York due to his longstanding business here with Bokara and others. Bokara reasonably served Kapoor with the state action during his presence in New York instead of hiring a process server in India. Samad cites to no authority for the proposition that this act – which was within Bokara's rights – constitutes some sort of misconduct sufficient to offset the serious issues raised in this Motion. There will be no false equivalencies.

### D. <u>The Errata Sheet to the Kapoor Deposition Should be Stricken For its Procedural and Substantive Failures</u>

As the errata sheet to the deposition of Vikram Kapoor was not appropriately verified, and includes material changes without adequate explanation, it should be stricken.

Here, the original due date for Kapoor's errata sheet was January 18, 2011. Zibas Decl. II, 1. Bokara granted Kapoor until January 21, 2011 to provide his errata sheet. *Id.* Ultimately, the errata sheet appears to have been executed by Kapoor on January 19, 2010. The sheet contains no certification of its accuracy, nor was it certified in accordance with Fed. R. Evid 902(3). Zibas Decl., Ex. 2. Kapoor attempts to overcome this by submitting an affidavit now attesting to the document's authenticity, and arguing that it was originally properly executed.

The current Kapoor declaration is an end-run around Fed R. Civ. P. 30(e). An errata sheet must be executed and served within 30-days of a deposition. *See* Fed. R. Civ. P. 30(e); *In re Kugel Mesh Hernia Repair Patch Litig.*, 2010 U.S. Dist. LEXIS 16538, *14-18 (D.R.I. Feb. 23, 2010) (errata sheet must be executed and served within 30-day window); *EBC, Inc. v. Clark Bldg. Sys.*, 618 F.3d 253, 266 (3d Cir. 2010). Although Bokara granted Kapoor an extension, Kapoor served a deficient errata sheet, as it is not sworn under penalty of perjury and does not comply with Fed. R. Evid. 902(3). *See* Zibas Decl., Ex., 2. Kapoor's attempt to circumvent the requirements FRCP 30(e) by authenticating the document via a late declaration should be denied.

In addition, it bears noting that the changes identified in Kapoor's errata sheet were not fully explained and did not include the "records" repeatedly cited as the reasons for his material changes. *Id.* On this alternative basis, the errata sheet should be excluded, or at least warrant the re-opening of Kapoor's deposition. *see Hlinko*, 1997 U.S. Dist. LEXIS 1627 at *4 (material changes to testimony through errata sheet warrant re-opening of deposition); *C.f. Guajardo v. Formosa Plastics Corp.*, 2005 U.S. Dist. LEXIS 32424, *10-11 (S.D. Tex. Sept. 8, 2005) (changes in errata sheet permitted where it attached documents upon which changes were based).

Further, Kapoor cannot show "good cause." The exception recognizes that compliance with Fed. R. Evid. 902(3) is sometimes not possible, as "foreign officials may not cooperate," or "there may be no United States consul in a particular foreign country." Fed. R. Civ. P. 44 advisory committee note; *United States v. De Jongh*, 937 F.2d 1, 4 (1st Cir. 1991). This applies "only when it is shown that the party has been unable to satisfy the basic requirements of the … rule despite his reasonable efforts." *Vatyan v. Mukasey*, 508 F.3d 1179, 1184 (9th Cir. 2007). This is satisfied where a proponent "did all that could be done." *United States v. Leal*, 509 F.2d 122, 126 (9th Cir. 1975) (document admitted where government refused to issue certification). The proponent bears the burden of showing good cause. *See De Jongh*, 937 F.2d at 5.

Here, Samad does not argue that the embassy in New Delhi would not issue certification. Instead, Kapoor chose not to spend the time required to obtain it.[3] DE 133, ¶23. Samad now asks the Court to excuse this failure, without any attempt by Kapoor to satisfy Rule 902(3)'s requirements, claiming that it would be too hard for Mr. Kapoor to even attempt compliance. This does not satisfy the "good cause" exception to Rule 902(3)'s requirements, as Kapoor has not even attempted to comply, let alone exhibit that he has done "all that could be done under the circumstances" to comply. *United States v. Leal*, 509 F.2d 122, 126 (9th Cir. 1975).

### IV.    CONCLUSION

For the foregoing reasons, the Court should issue an order precluding Samad from using the Kapoor deposition testimony or errata sheet. Alternatively, this Court should Order that the deposition testimony and errata sheet to the deposition testimony of Vikram Kapoor are precluded unless Mr. Kapoor appears for a supplemental examination within sixty (60) days.[4] Further, Bokara requests this court to issue and other and further relief that it deems appropriate.

Dated:   New York, New York
         April 7, 2011

                                        Yours, etc.

                                        WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                                   By:  _____
                                        Jura C. Zibas
                                        Scott M. Smedresman
                                        Attorneys for Defendants
                                        BOKARA RUG CO. INC.,
                                        JAN SOLEIMANI, and GABRIEL VAKNIN
                                        150 E. 42nd Street
                                        New York, NY 10604

---

[3] It bears noting that Kapoor is a successful businessman, earning over $5,000,000 from Bokara alone, who has the means to easily travel in India. Zibas Decl., Ex. 2, p.4.

[4] Contrary to Samad's suggestion, Bokara does not request that this Court order Kapoor to appear. Instead, Bokara asks that if Kapoor does not voluntarily appear, that this Court order that his testimony be precluded.