**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------- X
SAMAD BROTHERS, INC.,            :
                                 :
            <u>Plaintiff</u>,         :
                                 : No. 09 Civ. 5843 (JFK) (KNF)
    -against-                    :
                                 :
                                 :   **OPINION**
BOKARA RUG CO., INC., JAN        :   **AND ORDER**
SOLEIMANI, and GABRIEL VAKNIN,   :
                                 :
            <u>Defendants</u>.        :
-------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   01/09/2012

<u>APPEARANCES</u>

    For Plaintiff Samad Brothers, Inc.:

        KAUFMAN & KAHN, LLP
        By:  Mark S. Kaufman

    For Defendants Bokara Rug Co., Inc., Jan Soleimani, and Gabriel Vaknin:

        WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
        By:  Jura C. Zibas, Esq
             Scott M. Smedresman, Esq.


**JOHN F. KEENAN, United States District Judge:**

    Before the Court is Bokara Rug Co., Inc., Jan Soleimani, and Gabriel Vaknin's (collectively, "Defendants") motion <u>in limine</u> to preclude Samad Brothers, Inc. ("Plaintiff") from relying upon the deposition testimony of non-party witness Vikram Kapoor ("Kapoor"), in the event that Kapoor is unavailable to testify at trial.  Defendants also move to preclude an errata sheet submitted by Kapoor in connection with his deposition.  For the reasons that follow, Defendants' motions are denied.

## I. Background

The Court presumes familiarity with the facts and procedural history of this case. Briefly, Samad Brothers is in the business of importing and selling rugs. In its Third Amended Complaint, Samad Brothers alleges that Defendants have infringed twenty-five copyrighted rug designs that S.N. Kapoor Exports and Jain Carpets created and later assigned to Samad Brothers. Kapoor is a non-party witness who lives in India. He designed twenty-three of the twenty-five rug designs at issue in this action, and his relationship with Plaintiff and Defendants has been a contentious issue throughout the litigation.

The Court's December 13, 2010, Memorandum Opinion and Order in this case is of particular relevance to Defendants' instant motion. See Samad Brothers, Inc. v. Bokara Rug Co., Inc., No. 09 Civ. 5843, 2010 WL 5095356 (S.D.N.Y. Dec. 13, 2010). In that Memorandum Opinion and Order, the Court sustained Defendants' objection to the Magistrate Judge's ruling that certain e-mails between Plaintiff's counsel, Mr. Kaufman, and Kapoor, a non-party witness, were protected under the work-product doctrine. The Court ordered Mr. Kaufman to produce his e-mail communications with Kapoor. Based in part upon those e-mails, Defendants move for the preclusion of Kapoor's deposition testimony.

Since April 2010, both parties have sought documents and information from Kapoor. On April 5, 2010, Defendants served Kapoor with their first subpoena for documents through acceptance by Mr. Kaufman. Almost in their entirety, the e-mails between Mr. Kaufman and Kapoor concerned documents that were responsive to Defendants' subpoena. Mr. Kaufman objected to the production of these documents on the ground that they were attorney work-product, and on July 29, 2010, the Magistrate Judge sustained Plaintiff's objection. Fourteen days later, the Defendants filed an objection to the Magistrate Judge's Order dated July 29, 2010.

On November 9, 2010, while Defendants' objection was pending, Defendants' counsel, Ms. Jura Zibas, e-mailed Mr. Kaufman to inform him that Defendants wished to proceed with the scheduled deposition of Kapoor despite Kapoor's failure to produce requested documents. (Kaufman Decl. Opp. Mot. to Preclude Ex. A, ECF No. 129.)

Accordingly, Defendants deposed Kapoor on November 23, 2010. Kapoor traveled voluntarily, at his own expense, from India to New York City for this deposition, which took place in three sessions and lasted for most of the day. First, Ms. Zibas questioned Kapoor for approximately five hours. Thereafter, Mr. Kaufman examined Kapoor for about two and one-half hours. Ms. Zibas then re-examined Kapoor for another half-hour before

ending the deposition.  At approximately 3:15 pm, after the conclusion of the first round of questions, Defendants served Kapoor with a summons and complaint for an action initiated by Defendants against Kapoor in the Supreme Court of the State of New York, New York County.  That action concerns principally the same events as this case. See Bokara Rug Co. Inc. v. Kapoor, Index. No. 652079/2010 (N.Y. Sup. Ct. Aug. 9, 2011) (order granting in part and denying in part defendant's motion for summary judgment).

   After the completion of the deposition, Kapoor submitted an errata sheet pursuant to Rule 30(e)(1) of the Federal Rules of Civil Procedure.  On each page of the errata sheet, there are two different stamps in red ink.  The first is a circular stamp that reads, "NOTARY-GOVERNMENT OF INDIA, B.L. JAIN, JAIPUR, Regd. No 550."  The second stamp, which is accompanied by an illegible signature, reads, "ATTESTED, NOTARY PUBLIC, Govt. of India, JAIPUR (RAJ), 19 JAN 2011."  Adjacent to the signature accompanying the second stamp is a handwritten date, "19-1-11." Finally, each page bears a signature alleged by Plaintiff to be Kapoor's.

                          **II.  Discussion**
**A.   Kapoor's Deposition Testimony**

   Defendants first argue that the Court should preclude Plaintiff from introducing Kapoor's deposition testimony as a

sanction for the conduct of Plaintiff's counsel and pursuant to Rule 403 of the Federal Rules of Evidence.[1]

### 1. Exclusion Under the Court's Inherent Power to Manage the Integrity of the Judicial Process

Rule 32 of the Federal Rules of Civil Procedure governs the use of deposition testimony at trial.  A party may use for any purpose the deposition testimony of a witness, including a non-party, if the court finds that he is unavailable. See Fed. R. Civ. P. 32(a)(4).  A witness is "unavailable" when the party offering the deposition could not procure the witness's attendance by subpoena, or when the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition. Fed. R. Civ. P. 32(a)(4)(B)-(D).

Citing Chambers v. NASCO, Inc., 501 U.S. 32 (1991), Defendants argue that the Court can preclude the use of deposition testimony at trial under its inherent power to manage the integrity of the judicial process.  "It has long been

---

[1] In their initial papers, Defendants request in the alternative that "the Court order that an additional deposition of Kapoor take place," and to order the preclusion of the original testimony should he fail to appear. (Defs.' Mem. Supp. 1.) However, Defendants abandon this position in their reply papers: "Contrary to Samad's suggestion, Bokara does not request that this Court order Kapoor to appear.  Instead, Bokara asks that if Kapoor does not voluntarily appear, that this Court order that his testimony be precluded." (Defs.' Reply Mem. Sup. 10 n.4.)

understood that '[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers 'which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.'" Id. at 43 (quoting United States v. Hudson, 11 U.S. (7 Cranch) 32, 33 (1812)). The Court's inherent power even allows the Court to vacate its own judgments upon proof that a fraud has been perpetrated on the Court. Chambers, 501 U.S. at 44. It is a significant equitable power given to federal courts, and necessary at times to protect and safeguard the judiciary and the public in serious cases of abuse. See id. Yet due to its potency, this inherent power "must be exercised with restraint and discretion." Id. Therefore, whenever "a district court invokes its inherent power to impose attorney's fees or to punish behavior by an attorney in the actions that led to the lawsuit or conduct of the litigation, which actions are taken on behalf of a client, the district court must make an explicit finding of bad faith." Kyoei Fire & Marine Ins. Co., Ltd. v. M/V Maritime Antalya, 248 F.R.D. 126, 143 (S.D.N.Y. 2007) (quotations omitted).

　　　Plaintiff and Defendants agree that it is likely that Kapoor will be unavailable for trial. He is a non-party and he continues to reside in India. Furthermore, according to Plaintiff, Kapoor does not intend to return to New York. (Decl.

of Vikram Kapoor ("Kapoor Decl.") ¶ 25, March 24, 2011, ECF No. 133.)  Therefore, under Rule 32(a)(4), Kapoor's deposition testimony will likely be admissible at trial under the Federal Rules of Evidence and the Federal Rules of Civil Procedure.  As such, in urging this Court to preclude the deposition testimony under the Court's inherent powers, Defendants do not challenge its prima facie admissibility, but rather seek its preclusion as a sanction for alleged misconduct by Mr. Kaufman.  The Court disagrees that preclusion is warranted in this case under the Court's inherent powers.

Defendants make serious allegations concerning Mr. Kaufman's conduct, including, inter alia, improper contact with a non-party witness and witness coaching.  As a result, Defendants allege that Mr. Kaufman's conduct "tainted" the deposition and that the testimony should be barred at trial as a result of this "taint."  In support of their accusations of misconduct, Defendants allege that Mr. Kaufman provided transcripts of previous depositions in the case to Kapoor and met with Kapoor on the day before the deposition to show him documents relevant to this case.

These general allegations are not enough to show misconduct warranting the Court's exercise of its inherent powers to exclude the deposition testimony.  First, the deposition transcripts provided to Kapoor were not subject to a protective

order to prevent their disclosure.  Second, it is not improper for an attorney to contact a non-party witness.  Cf. Matusick v. Erie Cnty. Water Auth., No. 07 Civ. 489A, 2010 WL 681062, at *3 (W.D.N.Y. Feb. 22, 2010) (Scott, Mag. J.) (finding that non-parties did not need permission to meet with plaintiff's counsel); Sforza v. City of New York, No. 07 Civ. 6122, 2008 WL 4701313, at *1 (S.D.N.Y. Oct. 24, 2008) (holding that the ordinary rule in federal question cases is that counsel may interview non-party lay witnesses); Polin v. Kellwood Co., 132 F. Supp. 2d 126, 136 (S.D.N.Y. 2000) ("There was no prohibition against [the defendant's counsel] contacting a non-party, non-expert potential witness in order to prepare for the hearings.").  Mr. Kaufman was neither prohibited from contacting Kapoor, nor from discussing the case with him.

In support of their argument that Mr. Kaufman acted improperly, Defendants provide citations to very few cases and the cases that they do cite are inapposite.  Further, Defendants rely upon case law almost entirely from courts outside of the Second Circuit.  Defendants frequently cite Ty Inc. v. Softbelly's, Inc., 517 F.3d 494, 498 (7th Cir. 2008), Garvais v. Reliant Inventory Solutions Inc., No. 09 Civ. 0389, 2010 WL 4722260, at *3 (S.D. Ohio Nov. 15, 2010), and Ramsey v. Broy, No. 08 Civ. 0290, 2010 WL 1251199, at *4 (S.D. Ill. Mar. 24,

2010). None of these decisions are binding authority on this Court and they are all factually distinguishable.

The facts in Ty Inc. are different from the case at bar. In that case, after an evidentiary hearing held by the district court, the United States Court of Appeals for the Seventh Circuit concluded that the plaintiff's attorney had called a witness and intimidated him into not testifying, and then lied about the conversation in court, while under oath. 517 F.3d at 497-98.

In Garvais, the United States District Court for the Southern District of Ohio held that "an attorney acts wholly within his or her ethical boundaries by attempting to communicate with a potential third-party witness." 2010 WL 4722260, at *5. It is only when the attorney attempts to "interfere with, intimidate, or tamper with a potential witness" that it is sanctionable misconduct. Id. at *3. According to the Southern District of Ohio, the defendant failed to show that the plaintiff had attempted to prevent a non-party from providing testimony. Indeed, the Southern District of Ohio determined that the plaintiff's counsel properly contacted the non-party to investigate defendants' filing of an unsigned declaration for the non-party witness.

In Ramsey, the plaintiff attempted to bribe his neighbors into providing false testimony, and directly violated the

court's order not to contact the non-parties.  That conduct was proven after an evidentiary hearing, and the United States District Court for the Southern District of Illinois held that such conduct warranted the severe sanction of dismissal.  When citing Ramsey, Defendants write "[a]lthough perhaps not involving an outright bribe to Kapoor . . . the above conduct is similar insofar as efforts were undertaken to have Kapoor present evidence to match Samad's own records."  The facts of Ramsey are not similar to this case.  The plaintiff in Ramsey made bribes to the witnesses testifying at trial, which constituted a federal crime.  The record here does not demonstrate such egregious conduct.

Exclusion of the deposition testimony under the Court's inherent powers to preclude evidence is unwarranted because the record does not support a finding of bad faith in connection with Mr. Kaufman's conduct. See Kyoei Fire & Marine Ins., 248 F.R.D. at 143 (quoting United States v. Seltzer, 227 F.3d 36, 41 (2d Cir. 2000)).  Defendants move in limine to preclude testimony at trial, but focus much of their argument on whether Mr. Kaufman engaged in sanctionable conduct.  Defendants argue that Mr. Kaufman violated Rule 4.3 of the New York Rule of Professional Conduct, which governs communications with unrepresented parties. (See Defs.' Mem. Supp. 10.)  Even assuming for the sake of argument that Mr. Kaufman violated Rule

4.3, preclusion of Kapoor's testimony is not warranted as a result because Rule 4.3 is intended to protect unrepresented individuals. N.Y. R. of Prof'l Conduct 4.3 cmt. 2 (where an attorney's interests may be adverse to an unrepresented person, "the possibility that the lawyer will compromise the unrepresented person's interests is so great that the Rule prohibits the giving of any advice apart from the advice to obtain counsel"). Defendants have not shown that excluding the evidence in question would protect Kapoor's rights.

The proper purpose of an in limine motion is not to accuse opposing counsel of engaging in sanctionable conduct, but "to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996) (quotations omitted). Therefore, the Court focuses on the narrow issue of whether Kapoor's deposition should be disallowed on the grounds set forth in Defendants' motion.

Defendants additionally argue that the deposition testimony should be precluded because Mr. Kaufman assisted Kapoor in responding to Defendants' discovery requests, and because e-mails indicating this assistance were unavailable at Kapoor's deposition. Defendants rely upon the emails that were the

-11-

subject of the Court's earlier ruling.  See generally Samad Bros., Inc. v. Bokara Rug Co., Inc., No. 09 Civ. 5843, 2010 WL 5095356 (S.D.N.Y. Dec. 13, 2010).  In that Memorandum Opinion and Order, the Court concluded that the communications between Mr. Kaufman and Kapoor did not reflect "mental impressions" that were privileged under the attorney work product doctrine.  As such, after reviewing the emails, the Court ordered them produced to Defendants.  Defendants now have access to these documents and communications.  Defendants assert that the deposition is incomplete because they did not have access to these documents at the time.

    The Court does not agree with Defendant's arguments. Defendants decided to move forward with the deposition, fully aware that these emails and documents existed and were the subject of a pending motion.  Defendants did not write to the Court to request an extension of the discovery deadline in order to take the deposition after the motion was resolved.  Rather, on the same day as Kapoor's deposition, Defendants requested that the discovery deadline be extended for expert discovery purposes.  Also, as noted above, Defendants spent an entire day deposing Kapoor.  The Court will not preclude Kapoor's testimony merely because he did not provide Defendants with the testimony they expected or desired.

The Court will not, at this time, wade into the murky waters surrounding whether Mr. Kaufman's conduct is sanctionable. Defendants' instant application is limited to the request to preclude Kapoor's deposition testimony. Preclusion of evidence is a drastic remedy. See Update Art, Inc. v. Modiin Pub., Ltd., 843 F.2d 67, 71 (2d Cir. 1988) ("The harshest sanctions available are preclusion of evidence and dismissal of the action."); accord Passlogix, Inc. v. 2FA Tech., LLC, 708 F. Supp. 2d 378, 421 (S.D.N.Y. 2010) ("Preclusion is a harsh sanction preserved for exceptional cases where a . . . party's failure to provide the requested discovery results in prejudice to the requesting party." (internal quotation omitted)). Because the circumstances presented do not warrant this drastic remedy, Defendants' application is denied.

    **2.  Exclusion Under Rule 403**

Additionally, Defendants argue that the deposition should be precluded under Rule 403 of the Federal Rules of Evidence. Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

There is little doubt that the probative value of Kapoor's deposition testimony outweighs any prejudice here. Kapoor is an

important figure in the events underlying this case. Both Plaintiff and Defendants were his clients, and he is the designer of the majority of the rugs at issue. His deposition is relevant to and probative of the issues in the case. Defendants deposed Kapoor for an entire day. To the extent that they allege that Kapoor is not credible, that is an issue to be resolved by a jury.

Defendants' argument that they suffered prejudice because Kapoor was unprepared for the deposition is similarly unpersuasive. Defendants requested Kapoor's deposition; he was a non-party and was not under any obligation to appear. Nonetheless, Kapoor appeared in New York City at his own expense for the deposition. The Court has reviewed Kapoor's testimony. Kapoor stated often that he could not adequately answer questions without corresponding documents to review. This is not an uncommon occurrence at a deposition, and not a reason for the deposition to be precluded. Defendants should have anticipated that Kapoor may not have been able to provide details about transactions from several years prior without documents to refresh his recollection. Preclusion of his entire testimony is not an appropriate remedy.

Defendants are free to attempt to impeach Kapoor's testimony at trial. Regardless of whether Kapoor testifies at trial, or whether his deposition testimony is used, the issue of

his truthfulness is for the jury to consider. Preclusion under Rule 403 is unwarranted.

**B.   The Errata Sheet**

After his deposition, Kapoor returned to Jaipur, India, where he received his deposition transcript for review. According to Plaintiff, Kapoor prepared the errata sheet and executed it in Jaipur. Defendants argue that Kapoor's errata sheet to his deposition testimony should be precluded because it is not self-authenticating under Rule 902(3) of the Federal Rules of Evidence.

Rule 30(e) of the Federal Rules of Civil Procedure permits a deponent to make changes to his transcripts within thirty days of the date the transcript is available for review. Fed. R. Civ. P. 30(e)(1). The witness may make changes "in form or substance" and then must sign a statement listing the edits and the reasons for making them. Fed. R. Civ. P. 30(e)(2).

Rule 901 of the Federal Rules of Evidence requires a proponent of physical evidence to authenticate or identify it prior to its admission. Authentication or identification requires a proponent to submit "evidence sufficient to support a finding that the matter in question is what the proponent claims." Fed. R. Evid. 901(a). This requirement is satisfied "if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification."

-15-

<u>United States v. Ruggiero</u>, 928 F.2d 1289, 1303 (2d Cir. 1991). Under Rule 902 of the Federal Rule of Evidence, certain documents and records are "self-authenticating," and do not require any extrinsic evidence for authentication. <u>United States v. Pluta</u>, 176 F.3d 43 (2d Cir. 1993).

    Defendants argue that Kapoor's errata sheet is inadmissible because it has not been properly authenticated. Rule 902(3) governs whether foreign public documents are self-authenticating. Under this rule, a final certification by a United States official that the document is genuine is a prerequisite to self-authentication. According to Defendants, because the errata sheet was not accompanied by a final certification of a United States official, it has not met Rule 902(3)'s standard for authentication. A document is not inadmissible simply because it fails to meet the requirements of Rule 902(3). "A document which is of a type that could be self-authenticating but which does not meet all the requirements of Rule 902 may nonetheless be authenticated by any means appropriate under Rule 901." <u>Pluta</u>, 176 F.3d at 49-50. Therefore, even if the errata sheet is not self-authenticating under Rule 902(3), its authenticity could still be established upon the introduction of extrinsic evidence sufficient to support a finding that the errata sheet was authored by Kapoor.

-16-

While Defendants' argument in favor of exclusion fails, Plaintiff's argument that the lack of a final certification should be excused and the errata sheet deemed authentic, is equally unavailing.  Plaintiff correctly states that Rule 902(3) permits a court to treat a document as "presumptively authentic" in the absence of a final certification when:  (1) the parties have been "given reasonable opportunity . . . to investigate the authenticity and accuracy" of the document; and (2) there is a showing of "good cause" by the proponent. Fed. R. Evid. 902(3). Plaintiff also acknowledges that the proponent of the evidence has the burden of establishing these two elements. United States v. Yousef, 175 F.R.D. 192, 193 (S.D.N.Y. 1997).

The Court cannot treat the errata sheet as presumptively authentic because Plaintiff has not met its burden of showing good cause for Kapoor's failure to obtain a final certification. Rule 902(3) is derived from Rule 44(a)(2) of the Rules of Civil Procedure. See Fed. R. Evid. 902 advisory committee's note; Yousef, 175 F.R.D. at 192-93.  The notes accompanying Rule 44 elucidate the standard for good cause, indicating that good cause should be found "only when it is shown that the party has been unable to satisfy the basic requirements of the . . . rule despite reasonable efforts." Fed. R. Civ. P. 44 advisory committee's note.  Plaintiff's assertion that the nearest United States consulate is 160 miles away does not demonstrate

"reasonable efforts" to comply with the certification requirements of Rule 902(3). See MTV Networks v. Lane, 998 F. Supp. 390 (S.D.N.Y. 1998); Yousef, 175 F.R.D. at 192-93 (applying the "reasonable efforts" standard to find the document not self-authenticated).

In some instances, courts will infer good cause if there is a significant delay between the introduction of the document and the opponent's objection. Raphaely Int'l, Inc. v. Waterman S.S. Corp., 972 F.2d 498 (2d Cir. 1992) (affirming admission of uncertified document where opponent did not challenge its authenticity in the nine years preceding trial).  However, in this case Defendants have asserted a timely challenge to the authenticity of the errata sheet.

Although the errata sheet is not self-authenticating under Rule 902(3), extrinsic evidence of authentication could still be introduced.  Therefore, the Court will address Defendants' next argument, that the errata sheet should be excluded because Kapoor impermissibly made substantive changes to his deposition answers in the errata sheet.  Courts in the Second Circuit construe Rule 30(e) broadly, permitting any changes to the deposition to be considered as part of the record, even where they contradict the original answers. See Podell v. Citicorp Diners Club, Inc., 112 F.3d 98, 103 (2d Cir. 1997); Desulma v. City of New York, No. 98 Civ. 2078, 2001 WL 798002, at *4

(S.D.N.Y. July 6, 2001) (Ellis, Mag. J.); Hlinko v. Virgin Atl. Airways, No. 96 Civ. 2873, 1997 WL 68563, at *1 (S.D.N.Y. Feb. 19, 1997) (Katz, Mag. J.).  Rule 30(e) allows for changes even where the explanations for the edits are unconvincing. Hlinko, 1997 WL 68563, at *1.  Also, the original answers are still admissible at trial. Desulma, 2001 WL 798002, at *4 (citing Podell, 112 F.3d at 103).  Kapoor's errata sheet is six pages long.  It contains clarifications and corrections that he says he made after reviewing his records.  At his deposition, Ms. Zibas often instructed Kapoor to provide the answers at a later date.  Where the changes contradict his original answers, Defendants may introduce the original answers at trial if the errata sheet is ultimately deemed admissible.  Preclusion of the errata sheet is unwarranted on the ground that the errata sheet substantively changes the deposition transcript.

### III.  Conclusion

For the foregoing reasons, Defendants' motion in limine to preclude Kapoor's deposition testimony is denied.  Additionally, while the errata sheet submitted by Plaintiff does not satisfy the requirements of Rule 902(3), the Court makes no ruling at this time regarding its preclusion or admissibility.

**SO ORDERED.**

Dated:    New York, New York
          January 9, 2012

                                    _____
                                    JOHN F. KEENAN
                                    United States District Judge